UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                   Case No. 1:23-cr-44

v.                                                Hon. Jane E. Beckering

SAMUEL ALEXANDER KUHL,

    Defendant.
_____/

## GOVERNMENT'S BRIEF REGARDING DEFENDANT'S COMPETENCY

The United States requests that the defendant be assessed for mental competency at a Bureau of Prisons ("BOP") Medical Center in accordance with 18 U.S.C. § 4241. This motion is supported by the facts and legal authority recited below.

## FACTUAL SUMMARY

As the Court will note from the pending indictment in this matter, the defendant is accused of two crimes stemming from his dealings with a minor for purposes of sex. Nothing that was developed during this and other investigations of Kuhl suggested that he lacked any mental faculties. In fact, all the information developed indicated the contrary. However, after the defendant appeared in court for his initial appearance on this matter, the Court became concerned about the defendant's mental abilities based upon his behavior and statements made during that proceeding. The Court requested that the parties delve further into this matter.

The government has done so and has learned that on June 27, 2023, a Kalamazoo Circuit court determined that Kuhl was incompetent in connection with a state court

charge. (Order Attached.) The Order determined that Kuhl's competency could possibly be restored and ordered that he be treated to accomplish that end. Government counsel could not obtain the underlying mental health assessment but was advised that it did not develop what mental disease or defect was at issue or reveal what psychological testing was done. The government also could not discover whether Kuhl had been under psychological care since June 27, 2023, as the order indicated. Government counsel shared this information with Kuhl's present federal defense counsel, who indicated he would attempt to obtain this information.

## LEGAL ANALYSIS

Last week the Court expressed concerns that Kuhl may lack competency as measured by 18 U.S.C. § 4241. A criminal defendant may not be tried unless she is competent to stand trial. *Indiana v. Edwards*, 554 U.S. 164, 169–70 (2008) (*citing Dusky v. United States*, 362 U.S. 402 (1960); *Drope v. Missouri*, 420 U.S. 162 (1975)). "To be competent to stand trial or proceed to sentencing, a criminal defendant must possess (1) a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and (2) 'a rational as well as factual understanding of the proceedings against him.' " *United States v. Dubrule*, 822 F.3d 866, 875–76 (6th Cir. 2016) (*quoting Dusky*, 362 U.S. at 402); *see also United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008). The procedure for initiating a competency hearing is set forth in 18 U.S.C. § 4241(a):

> At any time after the commencement of a prosecution for an offense ... the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or

shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Once a Court determines that a defendant is incompetent, Section (d) of the statute requires the defendant to be committed to a BOP Medical Center:

> (d)Determination and Disposition. —If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility ….

18 U.S.C. § 4241(d).

Reasonable cause can come from a variety of sources. "In order for a court to determine whether a competency hearing [is] required, the court should consider 'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial....' " *United States v. Abdulmutallab*, 739 F.3d 891, 900 (6th Cir. 2014) (quoting *Drope*, 420 U.S. at 180). The court may also consider an attorney's opinion about their client's competency. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006) (citing *Owens v. Sowders*, 661 F.2d 584, 586 (6th Cir.1981)). "No one factor is determinative of whether further inquiry into a defendant's competency is warranted...." *Abdulmutallab*, 739 F.3d at 900 (*citing Drope*, 420 U.S. at 180). "The statute does not require an evidentiary hearing to determine reasonable cause." *United States v. Jackson*, 179 F. App'x 921, 932 (6th Cir. 2006) (citations omitted).

Additionally, the Sixth Circuit has explained that "the mere fact that a criminal defendant espouses a far-fetched, or even bizarre, legal-defense theory is insufficient to clear the high hurdle for incompetency." *United States v. Davis*, 515 F. App'x 486, 493–94 (6th Cir. 2013) *(citing Miller*, 531 F.3d at 348–50). Likewise, a defendant is not rendered incompetent merely because she cannot get along with her counsel or disapproves of her attorney's performance. *Dubrule*, 822 F.3d at 876 (*quoting Miller*, 531 F.3d at 349). If the court finds reasonable cause to support a competency hearing, it "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). Section 4247(b) specifies that "[f]or the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, 4246, or 4248, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility." As suggested by the statutory language, this grants the Court the discretion to commit a defendant for the competency assessment. *E.g., United States v. Quintero*, 995 F.3d 1044, 1050 (9th Cir. 2021) (contrasting discretionary language in Section 4247(b) with mandatory language in Section 4241(d); *United States v. Magassouba*, 544 F.3d 387, 404 (2nd Cir. 2008) (same).

Applying the facts of this case thus far to these legal standards, it appears clear that Kuhl should be assessed to determine his present competency. The state court order referenced above implicates Section 4241(d), which mandates an assessment at a

BOP medical center. *Quintero, and Magassouba*, *supra*. Based upon discussions with Kuhl's present counsel, government counsel believes this is the position of both parties. Accordingly, the government requests that Kuhl be committed for further assessment under that statute.

                                              Respectfully submitted,

                                              MARK A. TOTTEN
                                              United States Attorney

                                              /s/Timothy P. VerHey
Date: 8/15/2023                      TIMOTHY P. VERHEY
                                              Assistant United States Attorney
                                              P.O. Box 208
                                              Grand Rapids, MI 49501-0208
                                              (616) 456-2404