UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

Case No. 1:23-cr-044

Hon. Jane M. Beckering
United States District Judge

**DEFENDANT'S MOTION FOR COMPETENCY EVALUATION AND BRIEF IN SUPPORT**

Mr. Samuel Alexander Kuhl, through his counsel Assistant Federal Public Defender Parker Douglas, hereby requests that the Court order an evaluation to determine the mental competency of the defendant pursuant to 18 U.S.C. § 4241(b). Counsel for the government has similarly moved for a determination of competency. (ECF No. 25.)

## I. Background

Mr. Kuhl first appeared in this Court for initial proceedings on August 11, 2023. (ECF No. 12.) Mr. Kuhl requested and received court-appointed counsel. However, due to what were apparent signs of possible incompetency to proceed, the Court continued the initial proceedings and set the matter for further consideration until possible arraignment and other initial matters on August 16, 2023.

Counsel subsequently met with Mr. Kuhl where he expressed to counsel what appeared to be delusional beliefs that, among other things, the present proceedings are part of a conspiracy to wipe out him and his entire family. Mr. Kuhl went into great detail regarding his belief in such a conspiracy. He then asked if counsel was part of that conspiracy, and counsel assured Mr. Kuhl that he is part of no conspiracy and that counsel's only interest is in properly defending and representing Mr. Kuhl in this matter. Counsel subsequently received an order from state court proceedings, attached to this motion, which shows that in recent state proceedings Mr. Kuhl was found incompetent to proceed, though the order provided for possible restoration evaluation and treatment. Counsel, as directed by the Court, attempted to obtain more information in the form of any evaluations or other relevant material regarding the state proceedings, but Mr. Kuhl's lawyer in the state matter has been unresponsive and counsel was unable to obtain any records other than the attached order from the state court's file.

## II. Request for Psychiatric and/or Psychological Evaluation

Defense counsel believes that an evaluation of Mr. Kuhl's mental competency is necessary in this case. Counsel for the government, Assistant United States Attorney Mr. Timothy VerHey has indicated that he believes a competency evaluation is also advisable.

The proper standard for ordering a competency hearing is "reasonable cause" that the defendant is incompetent to stand trial. *United States v. Miller,* 531 F.3d 340, 348 (6th Cir. 2008). Specifically, 18 U.S.C. § 4241(a) provides:

> At any time after the commencement of a prosecution … the defendant … may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion … if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The statute does not require an evidentiary hearing to determine "reasonable cause." *United States v. Jackson,* 179 F. App'x 921, 932 (6th Cir. 2006). And the Supreme Court has held that any significant doubt as to the defendant's competency requires a competency evaluation. *Pate v. Robinson,* 383 U.S. 375, 385 (1966). In a similar manner the Sixth Circuit has noted that "[t]he determination of reasonable cause is left in large part to the discretion of the district court." *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999). The Sixth Circuit has also stated that "decisions construing § 4241 hold that once a motion is made pursuant to it, unless the motion is frivolous or not made in good faith, the District Judge must appoint a psychiatrist to examine the accused." *Jackson,* 179 F. App'x at 933 *(quoting United States v. Walker,* 301 F.2d 211, 214 (6th Cir. 1962)).

Based on the interactions with Mr. Kuhl covered above, as well as the state competency and restoration order attached to this motion, reasonable cause exists to request this evaluation as the above facts raise significant doubts regarding Mr. Kuhl's present competency to proceed. Given the nature of the serious charges and the consequences that are at stake, the circumstances necessitate an evaluation for competency. Mr. Kuhl's competency should be addressed as provided in 18 U.S.C. § 4241 so the record is clear as to his mental wherewithal to proceed or not. Counsel

therefore requests that the Court order a psychiatric and/or psychological examination of Mr. Kuhl pursuant to 18 U.S.C. § 4241(b).

## III. Conclusion and Relief Requested

As there is reasonable cause to believe Mr. Kuhl may not be able to understand the nature and consequences of the proceedings against him, or rationally assist counsel in his defense, the defense requests that this Court order a psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241 and 4247.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated: August 16, 2023

/s/ Parker Douglas
PARKER DOUGLAS
Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420