UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 1:23-cr-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

    Defendant.
_____/

## ORDER

On August 11, 2023, the Government filed a motion for determination of competency to stand trial and brief regarding defendant's competency (ECF No. 15). By order dated August 17, 2023, defendant was committed to the custody of the Attorney General for a competency evaluation (ECF No. 20). Defendant was transferred to the Metropolitan Correctional Center (MCC) in Chicago, Illinois, for evaluation and testing. On October 11, 2023, the Federal Bureau of Prisons wrote a letter to the Court requesting an extension of time to complete forensic testing.

On November 20, 2023, Robin Watkins, Ph.D., Supervising Forensic Psychologist and Priyanka Rao, Psy.D., Forensic Postdoctoral Fellow, both with the Federal Bureau of Prisons, issued a forensic report finding that Samuel Alexander Kuhl meets the criteria for a mental disease, namely, Other Specified Schizophrenia Spectrum and Other Psychotic Disorder, that presently impairs his ability to understand the nature and consequences of the proceedings against him, and to assist properly in his defense. Drs. Rao and Watkins concluded that, "Mr. Kuhl is not competent to proceed at this time. It is recommended that the defendant be committed to the custody of the

Attorney General for inpatient evaluation and restoration to competency, pursuant to Title 18 U.S. Code § 4241(d), at a suitable facility." (PageID.85).

On December 18, 2023, the Court held a status conference with counsel. The forensic report and the conclusions of Drs. Watkins and Rao were accepted without objection by both parties.

Based upon the report, the Court finds by a preponderance of the evidence that Samuel Alexander Kuhl suffers from a mental disease that renders him mentally incompetent to proceed.

IT IS ORDERED that Samuel Alexander Kuhl be committed to the custody of the Attorney General for further inpatient evaluation and restoration to competency pursuant to 18 U.S.C. § 4241(d) for a period not to exceed 120 days from the date of arrival at the treatment facility. The treatment provider may submit a written request to the Court to extend the period of evaluation pursuant to 18 U.S.C. § 4241(d)(2), but only "if there is a substantial probability that within [the] additional period of time he will attain the capacity to permit the proceedings to go forward." It is recommended that the evaluation take place at MCC Chicago.

IT IS FURTHER ORDERED that the treatment provider assess and provide a written opinion regarding whether the defendant's release would "create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect" as defined in 18 U.S.C. § 4243(d)-(e) and/or 18 U.S.C. 4246(e). The treatment provider is instructed to offer a written opinion about the defendant's dangerousness to the person or property of another. Should the treatment provider determine that the defendant is not a "substantial risk" to the person or property of another, the treatment provider will include a written opinion as to what condition or

combination of conditions could reasonable assure the Court that the defendant is not a risk to the community if released.

IT IS FURTHER ORDERED that as soon as the defendant is designated to a facility, the United States Marshal Service shall transport defendant to the facility.

Dated:  December 20, 2023        /s/ Ray Kent
RAY KENT
United States Magistrate Judge