I would like to file this motion prose in case no. 1:23-cr-44-1.

RECEIVED- GR
February 22, 2024 12:33 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: KB/2/22

Samuel Kuhl
S. Kuhl

Motion to Compel or Release

This motion asks that the Court compel the Dec. 20th order committing Kuhl to the custody of the Attorney General pursuant to 18U.S.C. Section 4241(d), so that the government be required to hospitalize him within 14 days. If the Court refuses to do so, it is requested Kuhl be released. The reasoning for these requests are as follows.

Under the 6th Amendment all defendants "shall enjoy the right to a speedy and public trial." According to the 5th and 14th Amendments no defendant "shall be deprived of liberty without the due process of law." Courts have reasoned that the Speedy Trial Act and the IRDA work together to require the timely resolution of cases like this one. See United States v. Carter 583 F. Supp. 3rd 94 (D. D.C. 2022). Since Kuhl has been found mentally incompetent, the government is required to decide if his competency can be restored within a period "not to exceed four months" according to the IDRA. The Speedy Trial Act limits the time for transportation to places of hospitalization to ten days, pursuant to 18 U.S.C. Section 3161(h)(1)(F). The statement in the commitment order (It is ORDERED that Kuhl be committed to the custody of the Attorney General for further inpatient evaluation and restoration to competency pursuant to 18 U.S.C. Section 44(d) for a period not to exceed 120 days from the date of arrival at the treatment facility.) causes concern that the pre-hospitalization period of confinement is basically unlimited. This will result in a violation of the IDRA and possibly the Sixth Amendment. Kuhl has already been committed to the custody of the Attorney General for over a month and has yet to be hospitalized. By the wording of the Dec. 20 order for commitment he will be in the custody of the Attorney General longer than the four months allowed by IDRA because the period will not start until his arrival at a treatment facility. Seeing as the proceedings may not move forward until restoration efforts are completed, this indeterminate period of incarceration while he is not receiving restorative treatment is contrary to the requirements of the IDRA (see United States v. Leusogi, 2:21-CR-23TS (D. Utah Nov. 10, 2022)). It also violates his right to a speedy trial under the Sixth Amendment and due process under the 5th and 14th Amendments. It is well established that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection. (See Jones v. United States, 463 U.S. 354, 361, 103 S. Ct. 3043, 77 L. Ed. 694 (1983)). The wait time to be admitted to a suitable facility is currently at least eight months. One month awaiting transportation is too long, let alone double the time allowed for the reason of commitment. If there is no time limitation on defendant's commitment to the custody of the Attorney General, then section 4241 is likely unconstitutional. (See United States v. Smith, 764 F. Supp. 2d 541 (W.D. N.Y. 2011)). To read Section 4241(d) as allowing unlimited period of commitment is contrary to the intent of Congress. Therefore, according to the rule of constitutional avoidance, the Court should imply the time limitation for commitment to the defendant's commitment to the Attorney General to uphold the validity of the statute. The outer limit of a reasonable period of time for the initial period of hospitalization is four months and commitment is merely a prelude to hospitalization. For that reason the time for designation and transportation should be significantly shorter than four months. (See Smith again.) Following the ruling in Jackson v. Indiana, (406 S. Ct.

(1972)), that any defendant who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. 4241(d) clearly states four months as this period of time for that initial determination, to allow an extension of that time would be unconstitutional and contrary to the intent of Congress. Section 3161(h)(1)(F) of the Speedy Trial Act was made to limit the pre-hospitalization confinement and here we have clearly passed the ten-day period for transportation. It has already been concluded by courts within this circuit that section 3161(h)(4) does not trump 3161(h)(1)(F) (see U.S. v. Dellinger, 980 F. Supp. 2d 806 (E.D. Mich. 2013)). Also see U.S. v. Perry "to interpret the provision regarding the period of incompetency as trumping the transportation provision...would effectively rewrite the statute (see U.S. v. Perry, 1:20 CR-0163 (W.D. Mich., Nov. 22, 2022)) ... even if incompetency alone could indefinitely toll the speedy trial clock, efforts to restore competency—which necessarily involves hospitalization—must be subject to the transportation provision." Timely transport should also not be delayed because of an unreasonable period of time to designate a treatment facility. Borgess of Kalamazoo County also has a psych ward and could be an option. (See U.S. v. Reeves, Criminal Action 3:21-CR-00047-KDB-DCK (W.D. N.C. Sep. 5, 2023)). "The Attorney General has the authority to contract with a State, a political subdivision, a locality, or a private agency for the hospitalization of a person committed to his custody under the IDRA." The BOP is facing administrative and financial issues like lack of psychiatrists, bed space, and treatment facilities. However, as stated in Reeves, these deficiencies did not just sneak up on the Attorney General; they have been years in the making and reasonably foreseeable. Also, it has been ruled that "ordinary institutionalized delay is not an excuse" to rebut the presumptive unreasonableness of transportation in excess of ten days (see U.S. v. Jervey, 630 F. Supp. 695 (S.D. N.Y. 1986) and U.S. v. Noone, 913 F. 2d 20 (1st Cir. 1990)). Also, see U.S. v. Wazny, 3:21-CR-247 (M.D. Pa. Dec 1, 2022) "Although the Court is sympathetic to the administrative and financial issues confronted by the BOP, and such difficulties may support a brief extension of what may be considered a "reasonable" time period, the difficulties are insufficient to justify a prolonged pre-hospitalization detention by a defendant and risk the infringement of a pre-trial defendant's due process rights." Seeing as the delay is known to be at least eight months currently to transport a defendant to a treatment facility for restoration, I ask the Court to compel the government to act now before the delay becomes so long. If the Court refuses I ask that the defendant be released to the custody of the Kalamazoo County Jail where he is also incompetent and should be admitted very soon to a treatment facility for restoration efforts. If restored there then he could be brought back to proceed here, or if it is decided he cannot be restored then the government can commence civil commitment proceedings. A shortened response time allowed for the government and/or an expedited hearing should be allowed under the circumstances.

Kuhl 2[illegible]201785
P.O. Box 845
1035 James
White Cloud, Michigan 49349




KALAMAZOO
FEB 20
USPS

Clerk of Court
U.S. District Court
Western Division
110 Michigan St. NW
Grand Rapids, MI 49503

49503$2363 C040