UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case No. 1:23-cr-44

v.

                                        Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

      Defendant.

_____/


## ORDER DETERMINING DEFENDANT'S COMPETENCE TO STAND TRIAL


On August 11, 2023, the Government filed a motion for determination of competency to stand trial and brief regarding defendant's competency (ECF No. 15). By order dated August 17, 2023, defendant was committed to the custody of the Attorney General for a competency evaluation (ECF No. 20). Defendant was transferred to the Metropolitan Correctional Center (MCC) in Chicago, Illinois, for evaluation and testing. On October 11, 2023, the Federal Bureau of Prisons wrote a letter to the Court requesting an extension of time to complete forensic testing.

On November 20, 2023, Robin Watkins, Ph.D., Supervising Forensic Psychologist and Priyanka Rao, Psy.D., Forensic Postdoctoral Fellow, both with the Federal Bureau of Prisons, issued a forensic report finding that Samuel Alexander Kuhl meets the criteria for a mental disease, namely, Other Specified Schizophrenia Spectrum and Other Psychotic Disorder, that presently impairs his ability to understand the nature and consequences of the proceedings against him, and to assist properly in his defense. Drs. Rao and Watkins concluded that, "Mr. Kuhl is not competent to proceed at this time. It is recommended that the defendant be committed to the custody of the

Attorney General for inpatient evaluation and restoration to competency, pursuant to Title 18 U.S. Code § 4241(d), at a suitable facility." (ECF No. 23, PageID.85).

On December 18, 2023, the Court held a status conference with counsel. The forensic report and the conclusions of Drs. Watkins and Rao were accepted without objection by both parties. On December 20, 2023, the Court entered an Order finding a preponderance of the evidence that Samuel Alexander Kuhl suffered from a mental disease that rendered him mentally incompetent to proceed and further ordered that Samuel Alexander Kuhl be committed to the custody of the Attorney General for further inpatient evaluation and restoration to competency pursuant to 18 U.S.C. § 4241(d) for a period not to exceed 120 days from the date of arrival at the treatment facility. (ECF No. 28) Defendant was transferred to Federal Medical Center (FMC) in Butner, North Carolina for evaluation on June 17, 2024. On June 20, 2024, the Federal Bureau of Prisons wrote a letter to the Court calculating Samuel Alexander Kuhl's evaluation period to end on October 14, 2024, with a final report to be submitted within 14 working days of the evaluation end date. (ECF No. 42).

On October 25, 2024, Evan S. Du Bois, Psy.D., Forensic Psychologist with FMC Butner issued a forensic report finding that Samuel Alexander Kuhl is "not suffering from an mental disease or defect that would impair his competency related abilities." (ECF No. 60, PageID.239). Dr. Du Bois further stated "it is my opinion he has a factual and rational understanding of the proceedings against him and can properly assist in his defense, if motivated to do so." (*Id.* at PageID.240). On October 29, 2024, a Certificate of Restoration of Competency to Stand Trial was issued. (*Id.* at PageID.222)

On January 13, 2025, the Court was set to proceed with defendant's competency hearing. At the time of the hearing, counsel for the defendant requested a thirty day adjournment of the hearing to explore a possible second competency opinion and to review other strategies. Counsel's request was granted and the competency hearing was rescheduled for February 12, 2025.

On February 12, 2025, a competency hearing was held. Defendant was present with his counsel. The parties received and reviewed the forensic evaluation and did not object to its admissibility. The defense did not offer any evidence to contradict the conclusion that Samuel Alexander Kuhl's competency has been restored.

The issue before the Court is whether it has been established by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him, or to assist properly in his own defense. 18 U.S.C. § 4241(d). The forensic evaluation (ECF No. 60) finds that the defendant is competent to stand trial. It is unnecessary to further recite the specific findings of the evaluation, which the Court adopts in its entirety.

Based upon the uncontroverted findings of the psychologist contained in the October 25, 2024 forensic evaluation, I find by a preponderance of the evidence that the defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, I find that the defendant mentally competent to stand trial.

**IT IS SO ORDERED.**

Dated: February 14, 2025          /s/ Ray Kent

RAY KENT
United States Magistrate Judge