UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
March 6, 2025 2:38 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW / 3-7

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

CASE NO. 1:23-cr-44
HON. Jane M. Beckering
ORAL ARGUMENT REQUESTED

# EXPEDITED MOTION FOR DISCOVERY

Defendant Samuel Kuhl, proceeding pro se, hereby respectfully prays that the Court compel the Government to provide the following matters as part of its pretrial discovery obligations herein:

1. A copy of the recorded interview of alleged victim S.D. by Michigan State Police (MSP) on November 9, 2022.
2. Description of the incident from which the Samsung and iPhone cell phones referenced in the Notice of Forfeiture originated. This request includes the date and time of day the phones were obtained as well as the agency that took possession of the phones originally.
3. The search warrant issued by this Court on January 25, 2023, secured and executed by Special Agent Buttery for two cell phones alleged to be Mr. Kuhl's. This request includes the ~~affidat~~ affidavit/application for such warrant and any records/notes/tabulation in relation to information/evidence discovered pursuant to such search.

4. All available evidence related to the FBI Detroit case referenced in Buttery's application for search warrant as to Facebook User ID 100009165769099, which was issued by this Court in Case no. 1:23-MJ-00060 on February 8, 2023. This includes the crime(s) being investigated, all law enforcement agencies and officers involved, all suspect(s), any incident report(s), recorded or written statements, search warrants, and affidavits as well as any record of evidence/information obtained from searches. Also, the basis of what this case was predicated upon.
5. Any additional search warrants, affidavits, and record/tabulation associated with the above referenced Facebook User ID.
6. Any additional search warrants, affidavits, and record/tabulation associated with ~~the above referenced~~ any social media account alleged or suspected to be Mr. Kuhl's.
7. Any additional search warrants, affidavits, and record/tabulation associated with any cellular phone or other electronic device alleged or suspected to be connected to Mr. Kuhl.
8. As to numbers 5, 6, 7 above, such request include but are not limited to FBI Special Agent Brent Johnson, KDPS Detective John Stolsonberg, Wyoming Police Department Computer Crimes Unit, ATF Special Agent Joseph Myers, FBI Special Agent Jeff Buttery, and Kalamazoo Valley Enforcement Team (KVET). This request is to such information as far back as October 1, 2020.

As grounds for the foregoing motion, the Defendant states as follows:

## 1. 11/09/2022 MSP INTERVIEW OF S.D.

As the Court is aware, the Defendant has expressed his concern and frustration at the lack of discovery provided to him thus far. This delay by the Government is hindering Mr. Kuhl's ability to adequately and speedily challenge any aspects of this prosecution and prepare his defense.

The contents of this interview are a substantial factor that is key to the initiation of this investigation. This is supported by SA Buttery's reference to such interview in his application for search warrant, case no. 1:23-MJ-00060. Thus, Mr. Kuhl must know what was said as well as see the body language of S.D. to help detect any signs of dishonesty, pressure, reluctance, etc. Further, the acts and manner of questioning executed by law enforcement officers will help detect any leading, intimidation, coercion, etc. that may have occurred.

Due to Mr. Kuhl's status as pro se, it is further requested that this Court order the appropriate authority at Newaygo County Jail to provide adequate time (at least enough time to view/listen to the entire interview 5 times) and resources to review the interview. It is well known that some minors tend to downplay their part in regards to relationships with older people, especially young women involved with older men. This is even more so when the minor's parents are present, as is the case here according to the government (S.D.'s mother was present during the interview).

2. ORIGIN OF SAMSUNG AND iPHONE CELL PHONES

As the Court is aware, the government has filed a Notice of Forfeiture related to this indictment. Such notice refers to a Samsung cellular phone and an iPhone cellular phone. Count One alleges Mr. Kuhl received and stored photographs on his Samsung and iPhone cellular phones. Due to a numerous amount of phones allegedly obtained by different law enforcement agencies in relation to different incidents, it is impossible from the information provided thus far for Mr. Kuhl to know which phones the government have and claim were used to receive and store the photographs at issue.

In order to challenge the lawfulness of the government's possession and subsequent search of such phones, Mr. Kuhl must know whom and under what circumstances these phones were obtained. Further, Kuhl is not able to even verify if the phones are his or not. Also, Kuhl may need to subpeona phone records to provide further exculpatory evidence and/or to challenge the government's evidence. By not even knowing where or when these phones were obtained, Mr. Kuhl cannot adequately prepare his defense.

3. SEARCH WARRANT AND AFFIDAVIT ISSUED 1, 25, 2023

According to SA Buttery's application for search warrant dated February 8, 2023, a previous search warrant secured on January 25, 2023 uncovered evidence from two phones that allegedly belong to Mr. Kuhl. This evidence allegedly revealed a relationship between Mr. Kuhl and S.D., that Mr. Kuhl knew S.D. was a minor, and a video in which S.D. is touching her vagina.

Due to the description of this evidence SA Buttery contends he found pursant to the January 25, 2023 search warrant being an obviously significant factor in this Court's decision to authorize the February 8, 2023 facebook search warrant, Mr. Kuhl needs to be able to ascertain the legality and validity of that January 25th search warrant and its corresponding affidavit/application. Also, due to the fact the above referenced video is dated October 26, 2021 according to the government, it will probably be produced as inculpatory evidence at trial.

In order to speedily and adequately defend himself against the indictment sub judice, Mr. Kuhl needs this information immediately. This will also help to prevent unconstitutional surprise at trial.

4. EVIDENCE RELATED TO FBI DETROIT CASE

SA Buttery claims to have previously obtained a search warrant for the Facebook account at issue in connection to another FBI Detroit case. Buttery does not state when this search warrant was obtained or executed, nor the basis as to why he sought to search this facebook account.

Further, it is not clear whether Buttery observed communications between S.D. and Mr. Kuhl during the initial search warrant execution related to the FBI Detroit case, or if SA Buttery went back to the data provided by Facebook again after beginning this investigation which, as far as Mr. Kuhl is aware, is unrelated to the FBI Detroit case.

If SA Buttery claims to have observed the alleged communication between S.D. and Mr. Kuhl during the initial execution of the Facebook search warrant related to the FBI Detroit case, it is important to know the facts and circumstances of that case in order to know if SA Buttery abused his discretion in viewing the alleged messages between Mr. Kuhl and S.D. For example, if the FBI Detroit case was about drugs, grand theft auto, guns, or counterfeit money, what was the purpose of viewing the alleged communications between S.D. and Mr. Kuhl that had nothing to do with such matters?

If SA Buttery is to claim that he went back to reexamine the data obtained from Facebook in relation to the FBI Detroit case was such conduct lawful? There is no indication as to when the Facebook search warrant related to the FBI Detroit case was authorized, nor how long law enforcement was lawfully permitted to execute such search. For example, if the FBI Detroit case Facebook search warrant was issued in February 2022 and the FBI kept the data afterwards and then pursuant to this separate investigation, SA Buttery went back to review that data in December of 2022, is that a violation of Mr. Kuhl's rights under Due Process and freedom from unlawful search and seizure protected by the Fifth and Fourth Amendments?

In order to follow the chain of custody and get a full understanding as to why this specific Facebook was searched and answer the questions above, Mr. Kuhl needs the requested information as to the

FBI Detroit case.

5. ADDITIONAL SEARCH WARRANTS ASSOCIATED WITH FACEBOOK USER ID 100009165769099

At least one additional search warrant for the Facebook account at issue was secured by Agent Buttery that was unrelated to this specific investigation. Due to information discovered by Defendant and his family's own investigation, Mr. Kuhl knows SA Buttery was working alongside Kalamazoo law enforcement officers to investigate Mr. Kuhl for unrelated matters.

Specifically SA Buttery was working with Kalamazoo Detective John Stolsonburg who was also assigned as a Task Force Officer with the FBI assigned to the Western Michigan Violent Crimes Task Force. According to Supplement Information prepared by Stolsonburg in connection with Kalamazoo Dept. of Public Safety (KDPS) case no. 22-016407, he and SA Buttery were investigating Mr. Kuhl for fraud since early 2022. Why members of a supposed violent crimes task force were pursuing a fraud investigation is beyond Mr. Kuhl. However, in totality, Stolsonburg has been conducting investigations into Mr. Kuhl as early as 2017, related to crimes unrelated to fraud or sexual materials/activity.

For reasons similar to the previous FBI Detroit case section above, Mr. Kuhl is requesting any search executed upon the referenced Facebook account. Such reasons are chain of custody, staleness, validity of search warrants and affidavits, and other legal reasons. This information is critical in helping Kuhl understand when this investigation into any sex crimes began

and what was the basis for such investigation. This understanding will enable Mr. Kuhl to adequately challenge any evidence and prepare for trial. Inherently, without this information and understanding Mr. Kuhl cannot make adequate pretrial challenges or effectively prepare for trial.

## 7. ALL ADDITIONAL SEARCH WARRANTS FOR ANY CELLULAR PHONE OR ELECTRONIC DEVICE ALLEGEDLY CONNECTED TO KUHL

As mentioned above and within police reports prepared in relation to this investigation and others, several phones obtained government and law enforcement are alleged to belong to or under control of Mr. Kuhl. Mr. Kuhl, at no time while free from incarceration was ever arrested or taken into custody in connection with a sex crime. Thus, searches ~~ep~~ of phones allegedly belonging to Kuhl or under his control must have been used at some point to start this sex crime investigation. ~~Due~~ Due to discrepancies and lack of specificity as to exactly what phones were searched and what was obtained from those phones, Mr. Kuhl needs to see all searches' warrants, affidavits and tabulations of seized evidence to get a full understanding of where and when this case originated. Further, Mr. Kuhl needs to be able verify and possibly challenge the legality of such searches. Additionally, such searches of Mr. Kuhl's phones or other electronic devices the government does not contend disclosed sexually criminal materials could be used as exculpatory evidence.

In addition to the previously requested materials, Mr. Kuhl also requests complete transcripts of any communications alleged to be between him and S.D.. Further, Mr. Kuhl requests the recorded statement to MSP the government contends is in its possession dated January 29, 2022. Additionally, Mr. Kuhl requests a transcript of conversations S.D. allegedly made to others about Kuhl's conduct that the government references in discovery, about Kuhl allegedly buying S.D. a phone. Also, any recorded audio messages alleged to be between Defendant+S.D. as well as any other material required to prepare a defense is requested. Attached as Exhibits are the following materials:

1. SA Buttery's Application for search ~~warrant~~ warrant dated Feb. 8, 2023 pages 3 and 4 which correspond with requests 3 and 4 of ~~these~~ this motion.
2. John Stolsonburg's Supplement Information related to KDPS case no. 22-016407 referenced in request no. 5 of this motion.

Respectfully Submitted,

S. Kuhl March 6, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349