UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

    Defendant.

Case no. 1:23-cr-44

Hon. Jane M. Beckering

## EXPEDITED MOTION TO DISMISS INDICTMENT

Defendant Samuel Alexander Kuhl, proceeding pro se, respectfully moves this Honorable Court, pursuant to the Double Jeopardy Clause, to dismiss the Indictment in its entirety, or in the alternative, Count 2 due to multiplicity. This motion is brought pursuant to Federal Rule of Criminal Procedure 12.

In the alternative, and only if the Court finds the Indictment is not defective, I request a Bill of Particulars in accordance with the contemporaneously filed motion. The reasons in support of this motion are set forth in the following Memorandum.

United States of America                    : Criminal Doc. No. 1:23-cr-44-JMB

Versus

Samuel Alexander Kuhl

Memorandum In Support Of Motion To Dismiss Indictment

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, a Defendant may raise, by pretrial motion, any defense, objection, or request that the Court can determine without a trial on the merits. The Defendant brings this Motion pursuant to Rule 12(b) requesting that this Honorable Court grant the aforementioned relief.

Defendant Samuel Alexander Kuhl respectfully moves the Court to dismiss the indictment pursuant to the Fifth Amendment of the U.S. Constitution because each count in the indictment fails to make factual assertions sufficient to provide Mr. Kuhl with effective protection against the risk of double jeopardy. Instead, employing generic and almost identical language lifted from the two statutes, the indictment charges two child sexual abuse-related offenses. Count 1 does not identify any specific image or other visual depiction of what constitutes child pornography/sexually explicit conduct, definitively state the sexually explicit conduct in which the referenced minor allegedly engaged, or allege specifically how Mr. Kuhl allegedly "knowingly employed, used, persuaded, induced, enticed, and coerced" said minor or what Mr. Kuhl did to constitute employment, use, persuasion, inducement, enticement, or coercion of said minor. Both counts allege that Mr. Kuhl did or attempted to knowingly persuade, induce, entice, and coerce a 15 year-old female to engage in sexual activity for which any person can be charged criminally. Although each count has different language, both allege Mr. Kuhl at least knowingly persuaded, induced, enticed AND coerced a minor, and although the specific purpose is allegedly different, both activities could be brought against actually a

Page 2

single activity. This lack of specificity or supporting factual detail makes it impossible to discern — and, for that matter, to distinguish between — the conduct underlying any of the counts, thus depriving Mr. Kuhl of his rights under the Fifth Amendment of the Constitution. The indictment, therefore, should be dismissed.

I. Background of Facts and Charges

The indictment currently pending against Mr. Kuhl was filed on April 25, 2023. (Doc. No. 1.) The indictment purports to charge two child sexual abuse offenses involving at least one teenage girl (referenced specifically as "Minor 1" only in Count 2), with both offenses allegedly occurring during an overlapping time period between "May 13 and October 31, 2021."

The government states in the indictment that "Samuel Alexander Kuhl knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct..." in Count 1. As known, the production of child pornography is a criminal offense for which any person can be charged. By its clear language, the indictment alleges Mr. Kuhl used every possible means under 18 U.S.C. §2251(a) to influence said minor. This is because the word "and" precedes "coerced," therefore alleging Mr. Kuhl used all possible means of influence to violate §2251(a). The indictment does not specify the visual depiction or depiction(s) the government contends constitute or reflect sexually explicit conduct which has a broad definition under 18 U.S.C. §2256. Due to this lack of specifity regarding time and content of the alleged sexually explicit conduct allegedly visually depicted, Mr. Kuhl faces the risk of being prosecuted under Count 1 for the sexual activity of Count 2. This risk is further compounded by the indictment's failure to specify how Mr. Kuhl allegedly used all statutory possibilities of §2251(a) to influence said minor. Because Count 2 alleges that Mr. Kuhl did "communicate with Minor 1, a 15-year-old female, in order to persuade, induce, and entice her to have sexual intercourse with him..." this persuasion, inducement, and enticement is

Page 3

encompassed by the conduct alleged in Count 1 and sexual intercourse constitutes "sexually explicit conduct" under §2251(a), Defendant is subject to a violation of the Due Process Clause of the Fifth Amendment. It is also unknown if the modes of communication and devices described in Count 2 are the same modes of persuasive communication and devices of production used to support Count 1. The indictment leaves unanswered if the acts alleged in Count 1 and Count 2 are sufficiently distinct to justify separate charges, and if the evidence provided to the Grand Jury show separate intent or actions for each count, or are both counts based on a single course of conduct.

II. Law and Argument

To be valid, an indictment must preserve the Fifth Amendment's protections against abusive criminal charging practices; specifically, it guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed upon, and that a defendant who is convicted of a crime so charged cannot be prosecuted again for that same offense. See Stirone v. United States, 361 U.S. 212, 218 (1960) (explaining the Grand Jury Clause of the Fifth Amendment "limits [a defendant's] jeopardy to offenses charged by a group of his fellow citizens acting independently"). Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictment returned by the grand jury. Russell v. United States, 369 U.S. at 768-71; Stirone, 361 U.S. at 216. Further, the precise manner in which an indictment is drawn cannot be ignored, because an important function of the indictment is to ensure that, "in case any other proceedings are taken against [the defendant] for a similar offence,... the record [will] show with accuracy to what extent he may plead a former acquittal or conviction.'" Sanabria v. United States, 437 U.S. 54, 65-66 (1978) (quoting Cochran v. United States, 157 U.S. 286, 290 (1895)).

Given these core constitutional values, an indictment must meet certain requirements in order to survive a pretrial challenge to its facial sufficiency. "An indictment is sufficient if it, first,

contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). "The [general] test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment[,]" United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980); therefore, "an indictment is sufficient if it clearly informs the defendant of the precise offense of which he is accused so that he may prepare his defense."

The indictment in the case sub judice is insufficient and should therefore be dismissed. It is also defective because the lack of specificity and clarity fails to provide Mr. Kuhl with the opportunity to distinguish the alleged conduct giving rise to the two separate offenses. Thus, the indictment fails to fulfill the Fifth Amendment's Double Jeopardy protections. As a result, the appropriate remedy is dismissal of the indictment. At the very least, the Court should require the government to elect between these multiplicitous counts in the indictment.

A multiplicitous indictment charges a single offense in more than one count. United States v. Swafford, 512 F.3d 833, 844 (6th Cir. 2008). Multiplicity may result in multiple sentences for a single offense, risking violating a defendant's Fifth Amendment right to not be put in double jeopardy. United States v. Whaley, 3:10-CR-169 at 18, WL 1193352 (E.D. Tenn. Mar. 5, 2012). It also "may falsely suggest to a jury that a defendant has committed not one but several crimes." United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988).

Here, both counts allege Mr. Kuhl knowingly influenced a minor for sexual purposes. If the sexual activity alleged in Count 2 is the basis and evidence of the alleged visual depiction of the sexually explicit conduct in Count 1, the charges are of the same conduct but split into two separate offenses constituting multiplicity. Presenting both charges to a jury in this instance will drastically prejudice Mr. Kuhl at trial because in order to commit Count 1 he will have had to commit Count 2, because the conduct is really all the same and the government is artificially

Page 5

multiplying the single offense by reformulating it into two different counts. This has the effect of greatly overstating the extent of the conduct at issue, which will prejudice Mr. Kuhl in the eyes of the jury. Also, presenting both charges could confuse the jury and lead to issues similar to those in United States v. Isabella, 918 F.3d 16 (10th Cir. 2019). Moreover, it would be unfair to require Mr. Kuhl to defend against two child sexual abuse-related charges since they both represent merely a reiteration of essentially identical offenses. United States v. Clarridge, 811 F. Supp. at 714 (D.D.C. 1992). Accordingly, the Court should require the government to elect the charge on which it wishes to proceed and the other should be dismissed.

In United States v. Throneburg, 921 F.2d at 656-57 (6th Cir. 1990), supra, the Sixth Circuit held that trial courts have discretion in addressing multiplicitous counts, including dismissing counts prior to trial. Under the facts in that case, the Sixth Circuit ultimately held that the appropriate remedy was to have the district court vacate one of the convictions. In so holding, however, the Sixth Circuit stated that it would be appropriate to require the government to elect between multiplicitous counts prior to trial when "the mere making of the charges would prejudice the defendant with the jury." Throneburg at 657 (quoting United States v. Reed, 639 F.2d 896, 904 n.6 (2nd Cir. 1981) (holding district court has discretion to choose whether to make the prosecution elect among the multiplicitous counts, dismissing all but one)).

III. CONCLUSION

For the reasons set forth above, Count 2 should be dismissed pursuant to the Fifth Amendment and Rule 12(b)(3)(B)(ii) due to multiplicity because the lack of specificity and overlap of time, conduct and victim inferred from the indictment results in Count 1 charging the same offense. In the alternative, the Court should require the government to elect one count on which it wishes to proceed to trial, or at least the Court should vacate any multiplicitous convictions that result.

Mr. Kuhl respectfully requests that the Court schedule oral argument on the instant motion. In this matter argument is essential to the fair resolution of the issues raised, especially in light of the

Page 6

constitutional nature of the issues and the complexity of the factual and legal issues presented.

Respectfully Submitted,

S. Kuhl    March 6, 2025
S. Kuhl 61189 510
Newaygo County Jail
1035 James
P.O. Box 845
White Cloud, MI 49349