UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
March 6, 2025 2:38 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW / 3-7

UNITED STATES OF AMERICA,
Plaintiff,

vs

SAMUEL ALEXANDER KUHL,
Defendant

Case No 1:23-cr-44
Hon. Jane M. Beckering
ORAL ARGUMENT REQUEST

# EXPEDITED

## DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO DUE TO DUPLICITY AND/OR MULTIPLICITY

Pursuant to Rules 12(b)(3)(B)(i) and 12(b)(3)(B)(ii) of the Federal Rules of Criminal Procedure, Defendant Samuel Alexander Kuhl respectfully moves the Court to dismiss both child sexual abuse-related counts in the indictment sub judice due to duplicity and multiplicity. The reasons in support of this Motion ~~and~~ are set forth in the following Memorandum.

# MEMORANDUM

Defendant moves to dismiss both counts of the indictment due to duplicity and multiplicity.

First, Count ~~one~~ Two should be dismissed pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure due to duplicity because this count is defective in that it improperly charges Mr. Kuhl with two separate offenses, i.e., both a substantive violation of the referenced statute and a separate attempt to commit such offense.

Second, Count one should be dismissed pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure due to duplicity because it improperly charges Mr. Kuhl with two separate offenses, i.e., both a substantive violation of the referenced statute and a separate attempt to commit such offense with respect to the same victim, and visual depiction(s).

Third, Count one is ~~duciplit~~ Furthermore duplicitous in that it alleges Mr. Kuhl "knowingly employed, used... and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions" and also that Mr. Kuhl "received and stored photographs of that conduct." Thus, Count One charges, improperly, two separate offenses, i.e. production of child pornography and receipt of child pornography.

Fourth, Count One is also duplicitous because it alleges Mr. Kuhl "employed, used, persuaded, induced, enticed and coerced" said minor which implicates 6 distinct acts Mr. Kuhl allegedly did to influence the minor. This is because the word "and" precedes coerced. ~~and~~ Also, the second sentence of ~~count two~~ Count Two alleges Mr. Kuhl "received and stored photographs" clearly implicating multiple visual depictions. Reasonably and logically, Count One can be read to charge multiple offenses which constitutes duplicity. Count One implicates multiple distinct acts associated with multiple visual depictions.

Fifth and furthermore, Count Two's duplicity is compounded in a manner essentially identical to that of Count One in that it alleges Mr. Kuhl did "attempt to knowingly persuade,

induce, entice, and coerce" the victim (referenced to as "Minor 1"), constituting the attempt to commit four distinct acts of influence. Meanwhile, the second sentence of Count Two implicates two versions and an unknown number of devices as the means to commit these acts of influence ("cellular telephones and Facebook Messenger"). Count Two's second sentence also charges Mr. Kuhl with the completed acts of influence ~~aforementioned~~ referenced above, minus coercion ~~"to have sexual intercourse with her~~ against the minor "to have sexual intercourse with him." The multiple distinct acts of influence, in addition to the vague continuous time frame "from on or about May 13, and October 13, 2021," and the multiple means and devices of communication, clearly constitutes duplicity and Count Two should be dismissed.

Sixth, both Counts One and Two of the indictment further should be dismissed pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 12(b)(3)(B)(ii) of the Federal Rules of Criminal Procedure due to multiplicity ~~due to~~ because the "sexually explicit conduct" upon which Count 1 is based, without further specifity, by the face of the defective indictment, is the "sexual activity" that is the basis of Count Two. Also, the overlap in the underlying conduct, time frame, and allegedly involved devices, constitutes multiplicity. The only notable distinction is the use of the vague and broad terms employ and use inserted in Count One. However, neither count specifies what Mr. Kuhl actually did to constitute any of the several acts of influence, let alone one single one. While Count One does allege, ambiguously, production and receipt of visual depiction(s), the object of such depiction(s), as noted above, is the "sexual activity" upon which Count Two is based. What in actuality was one instance of conduct is thus multiplied into two charges.

Defendant, therefore, asks that this Honorable Court dismiss both counts of the indictment on grounds of duplicity and multiplicity.

I. BACKGROUND OF FACTS AND CHARGES

The indictment currently pending against Mr. Kuhl was filed on April 25, 2023. (Doc. 1.) The indictments purports to charge two child sexual abuse offenses involving at least one teenage girl (referenced as "a 15-year-old girl" in Count One and "Minor 1" in Count Two), with both offenses

allegedly occurring during a single overlapping time period between "on or about May, 13 and October, 31, 2021."

Specifically and as relevant to this Motion, Mr. Kuhl is charged with the following offenses:

(1) "Between on or about May 13, and October 31, 2021" knowingly did all of the following: "employed, used, persuaded, induced, enticed, and coerced" Minor 1 (assuming 15-year-old girl is the same 15-year-old referenced as "Minor 1" in Count Two), to engage in "sexually explicit conduct for the purpose of producing visual depictions of that conduct, which depictions were ~~producing~~ produced using materials that had been mailed, shipped... in or affecting interstate or foreign commerce..." in violation of 18 U.S.C. §2251(a) and attempted to do the same thing, with respect to the same teenager, during the same time period in violation of 18 U.S.C. §2251(e). Specifically, Mr. Kuhl "used" Minor 1 "to engage in sexually explicit conduct and received and stored photographs of that conduct using his Samsung and iPhone cellular phones, both of which were ~~transported~~ manufactured outside the United States," in violation of 18 U.S.C §2251(a) and attempted to do the same thing, with respect to the same teenager, during the same time period, using the same cellular phones (Count One);

(2) "From on or about May 13, and October 31, 2021," Mr. Kuhl "used facilities and means of interstate and foreign commerce," (cellular telephones and Facebook Messenger; the same Samsung and iPhone implicated in Count One) both "to attempt to knowingly persuade, induce, ~~and~~ entice, and coerce" Minor 1 "to engage in sexual activity for which any person could be charged with a criminal offense," and did the same thing, with respect to the same teenager, using the same means of communication, during the same time period. (Count Two).

According to information discovered through various means, but not provided by the prosecution, and the four corners of the indictment, both counts are based on a sequence of text and Facebook messenger communications, as well as phone calls, involving the Samsung and iPhone cellphones referenced in the indictment (one each), ~~to~~ ~~and~~ ~~the other~~ between Mr. Kuhl and Minor 1. From the indictment, it appears to be the government's contention that all

of the communications at issue were between Mr. Kuhl and Minor 1. Looking to the indictment it appears that such communication began on or about May 13, 2021, and continued up to at least October 31, 2021. The indictment does not show any distinction of time between the two counts.

Neither does the indictment specify how the photographs constitute sexually explicit conduct nor how many there are. As set forth in this Memorandum, and Mr. Kuhl's contemporaneously-filed Motion To Dismiss The Indictment For Multiplicity, the indictment does not identify any facts to distinguish the alleged "sexually explicit conduct" depicted for the basis of Count 1 from the "sexual activity" (described as sexual intercourse) of Count 2. Furthermore, it is not clear which "photograph(s)" "received and stored," if any, were the basis for the grand jury's determination. Nor does the indictment identify which specific act of influence, i.e., persuasion, employment, etc. was presented to the grand jury as to either count due to the ambiguity between the two sentences within each count, one alleging Mr. Kuhl used all means of influence by using the word "and" preceding coerce in both counts, and the other excluding certain acts of influence.

## II. LAW AND ARGUMENT

### A. Both Counts Charge More Than One Offense

Counts One and Two should be dismissed pursuant to the Fifth and Sixth Amendments and Rule 12(b)(3)(B)(i) due to duplicity because both of these counts are defective in that they improperly charge Mr. Kuhl with at least two separate offenses, i.e., both a substantive violation of the referenced statute and a separate attempt to commit such a violation. The duplicity of each count is compounded due to the additional aforementioned facts and analysis.

"The familiar rule prohibiting duplicitous pleading... is that an indictment may not join in a single count two or more distinct and separate offenses." United States v. Saleh, 875 F.2d 535, 537 (6th Cir. 1989). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense[.]" United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981) (quoting United States v. UCO Oil Co., 546

F. 2d 833, 835 (1976)); see also United States v. Savoires, 430 F. 3d 376, 377-81 (6th Cir. 2005) (finding plain error and vacating conviction where indictment charged two separate and distinct crimes" in same count).

"[A]n attempt to commit a crime is, as a general rule, an indictable offense, which is separate and distinct from the crime itself." 22 C.J.S. Criminal Law: Substantive Principles § 150; see also 21 Am. Jur. 2d Criminal Law § 149 ("An attempt to commit a crime, when punishable, is an offense that is separate and distinct from the crime that was attempted."). Indeed, the offense of attempt has separate and different elements from the completed offense which is alleged to have been the target of the attempt. In United States v. Williams, 704 F. 2d 315 (6th Cir. 1983), the Sixth Circuit generally defined the two requisite elements of an attempt as: "(1) an intent to engage in criminal conduct and (2) the performance of one or more overt acts which constitute a substantial step towards the commission of the substantive offense." Id. at 321; see also United States v. Pennyman, 889 F. 2d 104, 106 (6th Cir. 1989) ("The government must establish two essential elements: (1) the intent to engage in the proscribed criminal activity, and (2) the commission of an overt act which constitutes a substantial step towards commission of the proscribed activity").

Accordingly, an indictment that charges both a completed offense and attempt in the same count is duplicitous. For example, in United States v. Varela, CR-21-00955-TUC-JCH (EJM), 2022 WL 2187746 (D. Ariz. June 17, 2022), the defendant was charged, in part, in a single count, with assault by strangling, as well as by attempting to strangle, each in violation of 18 U.S.C. §§ 1153 and 113(a)(8). Id at 1. The court found this count to be duplicitous because it charged two separate offenses – the offense of completed conduct and the offense of attempted conduct – in one count. Id at 8, report and recommendation adopted, 2022 WL 4537062 (D. Ariz. Sept. 28, 2022). As the court explained:

> The vices of duplicity arise from breaches of the defendant's Sixth ~~And Fifth~~ Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous

> verdict as to each of the offenses contained in the count. A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted.

Id. at 2; see also United States v. Romero-Coriche, 840 Fed. Appx. 138, 140 (9th Cir. 2020) (finding plain error and vacating convictions on counts 2 through 11 of indictment because each improperly charged both a completed transportation and harboring of undocumented immigrants offense and the corresponding attempt offense); United States v. Ramirez-Martinez, 273 F. 3d 903, 914 (9th Cir. 2001) (reversing convictions on duplicity grounds where indictment charged separate and distinct offenses of attempted transportation and transportation of undocumented aliens in same counts), overruled on other grounds by United States v. Lopez, 484 F. 3d 1186 (9th Cir. 2007); United States v. Watkins, 2022 WL 3139381, at 5 (S.D. Ohio Aug. 5, 2022) (recognizing counts 2 through 8 of indictment were "duplicitous and would have been dismissable on a motion prior to trial" because they charged both distributing and attempting to distribute controlled substances, but denying habeas relief on other grounds).

Here, in Count 1, Mr. Kuhl is charged with violating 18 USC §2251(a) and (e), while section (a) charges the completed act of child pornography through improper influence and/or use of "Minor 1, section (e) states the ~~referenced~~ punishments "any individual who violates, or attempts or ~~consti~~ conspires to violate, this section." §2251(a) does not include attempt or conspiracy as an offense, but references that anyone who commits the completed act "shall be punished ... under subsection (e)", thus, only referencing subsection (e) to notify the possible punishment. Meanwhile, subsection (e) actually adds the offense of attempt or conspiracy and by charging Mr. Kuhl of violating both subsections within the same count is duplicitous. Mr. Kuhl has no previous conviction as referenced in subsection (e) and because subsection (a) clearly references subsection (e) in its text to provide notice of punishment, it is improper to charge violations of both subsections within a

single count. Although, it is very common for a violation of this statute to reference violating both subsections and may have never been challenged, does not negate this common sense, meritorious analysis and legal argument. If necessary, the Court should result to the rule of lenity due to the fact the government will most likely provide a different interpretation. Additionally, it would be proper to fall back on the rules of statutory interpretation.

Courts construe ambiguous penal laws with lenity because a free nation operates against a background presumption of individual liberty. Pulsifer v. United States, 601 U.S. 144 S. Ct. 218 L. Ed. 2d 77 (2024); see also Wooden v. United States, 595 U.S. 142 S. Ct. 1063, 212 L. Ed. 2d 187 (2022). Although the statutes may not be ambiguous themselves, although it is Defendant's position that 18 U.S.C. §2251(a) is defective due to ambiguity and other issues, it is the incorporation of listing both subsection (a) & and (e) together without specifically alleging a charge of attempt or conspiracy on its own leads to the contradictory interpretations sub judice. It would only be proper to list a violation of both subsections if the face of the indictment charged a violation of subsection (e) due to an attempt or conspiracy to violate subsection (a) in a single count, which is not the case here. Mr. Kuhl is charged with a completed violation of 18 U.S.C. §2251(a), yet subsection (e) is also listed. See Charles Hillie indictment Ex. 1.

Statutory interpretation must begin with, and actually heed what a statute says. Groff v. DeJoy, 600 U.S. 447, 468 (2023). 18 U.S.C. §2251(a) says nothing about attempt or conspire, unlike 18 U.S.C. § 2422(b) for example, and only references subsection (e) to inform readers of the applicable punishment. Only subsection (e) labels attempt or conspiracy as additional violatory conduct with regards to the entire section. Subsection (e) also includes actual violators, this is only to state the obvious, that they too are subject to the referenced punishment, but by specifically saying "or attempt or conspire", is clearly read as listing other separate and additonal violatory acts separate from that already known and listed in the prior subsections. Where Congress includes particular language in one section of a statute, but omits it in another section of the same act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. Russello v. United States, 464 U.S. 104

S. Ct. 78 L. Ed. 2d 17 (1983). Obviously, the government may say that subsection (e) is listed because it states the applicable penalty, but subsection (a), just as the other subsections, clearly says violators "shall be punished ~~under su~~... under subsection (e)."

Count One's ~~ambiguity~~ ambiguous statements compound its duplicity. By charging all the acts of influence - employ, use, persuade, induce, entice, and coerce - Count One is duplicitous. The second statement within this count states that Mr. Kuhl "used" Minor 1, but excludes the remaining distinct acts charged in the first sentence. To narrowly imply the word "use" in the circumstance of child ~~production~~ pornography production cases, leads to a presumption of a minor not directly being influenced but is actually unaware of the visual depiction being produced. For example, cases like United States v. Hillie, 227 F. Supp. 3d 57 (D. DC. 2017); United States v. Taylor, 515 F. Supp. 3d 976 (S.D. Ind. 2021); and United States v. Burch, 113 F. 4th 815 (8th Cir. 2024) in which the defendants surreptitiously recorded their minor victims in places and situations that led to visual depictions at least alleged by the government to be "sexually explicit conduct" under 18 U.S.C. §2251(a) and 18 U.S.C. §2256. Thus, Count One's ambiguous statements distinguishing between the verbs of influence in the statute "employ, use, persuade, etc." constitutes charging multiple, distinct and separate acts of violation pursuant to §2251(a), making the count duplicitous. Especially seeing as Count One alleges production, receipt, and storage of multiple photographs. Due to these issues, along with the additional fact that Count One alleges Mr. Kuhl used multiple phones (referenced as "Samsung and iPhone cellular phones"), Count One should be dismissed.

The ambiguity of Count One is also compounded and it is even furthermore duplicitous in that it alleges Mr. Kuhl produced, received, and stored the photographs (plural) at issue here. This constitutes charging at least two separate offenses within one count.

Count Two's duplicity is respectfully as clear as crystal. Charging Mr. Kuhl with both enticement of a minor and attempted enticement of a minor with respect to Minor 1, constitutes duplicity. Similar to Count One, Count Two also alleges multiple distinct offenses collectively by stating Mr. Kuhl attempted

to "knowingly persuade, induce, entice, and coerce" Minor 1, all separate acts criminalized under 18 U.S.C. § 2422(b). Allegedly, Mr. Kuhl also used multiple means of communication (referenced as "cellular telephones and Facebook Messenger") to commit the completed acts of persuading, inducing, and enticing Minor 1 to "have sexual intercourse with him." Collectively charging each distinct act of influence by multiple means of communication prejudices Mr. Kuhl's chance of an acquittal because the multiple offenses charged in the count will undermine a jury's ability to focus on one specific offense. It is not clarified in Count Two which actually occurred, actual or attempted enticement and coercion or both. No specific conduct distinguishes one from the other within the information of the indictment. By and through its indictment, the government does not show whether they are asserting several theories of the same crime or actually alleging several different offenses. The vague and broad timeline also weighs in favor of this argument, because Mr. Kuhl does not know if both acts are part of a single transaction or not.

Both counts of this indictment run afoul of the rule against duplicity and must be addressed. Such issues could result in any conviction being overturned. See United States v. Fairley, 880 F.3d 198 (5th Cir. 2018). The prejudices Mr. Kuhl may face are substantial due to these multiplicitous counts. See United States v. Schlei, 122 F.3d 944 (11th Cir. 1997) (quoting United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996). ("Where an indictment or information contains a duplicit count, the proper remedy is to dismiss the count or to require the United States to elect which offense it desires to pursue.") United States v. Pleasant, 125 F. Supp. 2d 173, 176 (E.D. Va 2000).

Accordingly, Mr. Kuhl respectfully requests that this Court dismiss the duplicitous counts in the indictment. Alternatively, should the Court not find dismissal warranted, Mr. Kuhl asks that either the Government be required to elect a single offense within each count or that the jury be given an unanimity instruction that makes clear that, in order to convict on any of the duplicitous counts, they all must agree as to the specific offense and all elements. While the Court considers its decision, Mr. Kuhl would also like to note that a duplicative indictment can also prejudice him in the shape of evidentiary rulings. See

United States v. Boyd, 640 F.3d 657 (6th Cir. 2011).

B. The Same Conduct Is Charged In Both Counts In Violation Of The Rule Against ~~Multiplicity~~ Multiplicity

Counts One and Two should be dismissed pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 12(b)(3)(B)(ii) due to multiplicity because they both charge the same conduct, using the same devices and means of communication, in the same vague location, with respect to the same teenage girl, during the same vague, broad time period. At the very least, the Court should require the government to elect between the multiplicitous counts in the indictment.

It is impermissible to fractionate a single, continuous offense growing out of one transaction and involving one period of time into several parts and to denominate each part as a separate offense. In re Snow, 120 U.S. 274, 7 S. Ct. 556 (1887). A multiplicitous indictment charges a single offense in more than one count. United States v. Swafford, 512 F.3d 833, 844 (6th Cir. 2008). Multiplicity may result in multiple

(DUE TO EDITING PLEASE CONTINUE TO PAGE 11)

sentences for a single offense, risking violating a defendant's Fifth Amendment right to not be put in double jeopardy. United States v. Whaley, 3:10-CR-169, 2012 WL 1193352 at 18 (E.D. Tenn. Mar. 5, 2012), report and recommendation adopted, 2012 WL 1220582 (E.D. Tenn. Apr. 9, 2012). It also "may falsely suggest to a jury that a defendant has committed not one but several crimes." United States v. Duncan, 850 F. 2d 1104, 1108 n.4 (6th Cir. 1988). As explained by one court,

> Once a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue. Compromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system.

United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992). Multiple counts arising from the same criminal act were found multiplicitous and violated the prohibition on double jeopardy. See United States v. Kimbrough, 69 F. 3d 723 (5th Cir. 1995).

Here the two counts of the indictment evolve around Mr. Kuhl's alleged influence of one 15-year-old girl to commit sexually related crimes. Both counts allege, using almost identical language, that Mr. Kuhl knowingly did and attempted to persuade, induce, entice, and coerce Minor 1 to engage in "sexual activity" and "sexually explicit conduct." Although the phrases are slightly different, the alleged "sexual activity" of Count Two (sexual intercourse) clearly qualifies as "sexually explicit conduct" with respect to Count One (see 18 U.S.C. §2256). Also, taking into consideration the broad terms of "employ" and "use," within Count One pursuant to 18 U.S.C. §2251(a), the charges are still multiplicitous. Just because 18 U.S.C. §2422(b) does not contain the word "employ," it does criminalize enticing a minor "to engage in prostitution" which constitutes employment in and of itself. Any contrary interpretation could be construed to say one who "employs" a minor "to engage in... any sexual activity" that can be charged as a criminal offense, did not violate § 2422(b). Additionally, in order for one to himself engage in or allow another to engage in

"prostitution or any sexual activity" with the minor, you must "use" the minor. The only true difference between §2422(b) and §2251(a) is the "purpose of producing any visual depiction." The fact that "knowingly" does not precede "employs" in §2251(a) as it does with respect to "persuade" in §2422(b) does not, and cannot, mean that a person can employ, use, etc. the minor without knowingly doing so. Regardless, with respect to Mr. Kuhl's indictment, both counts charge him with knowingly influencing the minor and attempting to do so. To "employ" a minor under §2251(a), one must inherently persuade, induce, entice, or coerce the minor, making a violation of §2422(b) implicit in a §2251(a) violation.

The difference in the statutes' purposes (visual depictions in §2251(a), versus criminal sexual activity in §2422(b), does not preclude their overlap. If a defendant's goal in persuading, inducing, enticing, or coercing a minor is to create a visual depiction, the §2422(b) violation is inherently part of the §2251(a). As mentioned above, the lack of specificity plus the insurmountable overlaps in conduct, time, means and devices of communication, place, and victim, provides further evidence that these counts are multiplicitous in this instance, especially, if the statutes are not multiplicitous on their face. However, Mr. Kuhl respectfully stands by both challenges.

Due to Count One's second sentence alleging specifically that Mr. Kuhl only "used" the minor is inconsistent with the first sentence alleging Mr. Kuhl committed all of the acts (employ, use, persuade, etc.) to have the teenage girl engage in "sexually explicit conduct. The word "used" as incorporated in the second sentence is also inconsistent with the fact the rest of that sentence alleges Mr. Kuhl "received and stored" the photographs he "used" the minor to produce because of caselaw history of charging the "use" element with respect to §2251(a) violations.

The Eleventh Circuit recently analyzed the proper meaning and application of the word "uses" with respect to §2251(a) in United States v. Dawson, 64 F. 4th 1227 (11th Cir. 2023).

In Dawson the Eleventh Circuit held that "Congress intended to criminalize a more passive use of a minor when it came to the production of images that sexually exploit children under §2251(a)." The Court found that the text of §2251(a) was meant to criminalize visual depictions of minors that are not actively engaged in the sexually explicit conduct, but are merely passively involved in the offender's sexually explicit conduct. This case was based on defendant recording himself masturbating including his daughter as a focal point throughout several recordings unbeknownst to the 11-year-old girl. Before coming to the Court of Appeals, the District Court for the Middle District of Florida explained that, even though "uses" is surrounded by more active verbs, there is an active component to the notion of "use" in that a perpetrator can use a minor to engage in sexually explicit conduct without the minor's conscious or active participation.

The Seventh Circuit had an almost identical case ~~[illegible]~~ with respect to §2251(a) in United States v. Howard, 968 F.3d 717 (7th Cir. 2020). Due to the noscitur a sociis canon and the fact that §2251(a) is unlike general exploitation crimes "found in state criminal codes" because its steep criminal penalties imposed on anyone who produces child pornography with a nexus to interstate commerce, Howard's two convictions under §2251(a) for recording himself masturbating next to sleeping minor were vacated. The "used" verb again was applied in a circumstance where the minor was unaware.

Other cases mentioned previously in this Memorandum also display how the word "uses" has typically been applied with respect to violations of §2251(a). See United States v. Hillie, 227 F.Supp.3d 57 (D.D.C. 2017); United States v. Taylor, 515 F.Supp.3d 976 (S.D.Ind. 2021); and United States v. Burch, 113 F.4th 815 (8th Cir. 2024). Each of these cases, as like Dawson and Howard, allege defendants specifically "used" minor victims to engage in sexually explicit conduct for the purpose of producing visual depictions. By surreptitiously recording unsuspecting minors in bathrooms, bedrooms, and other places or situations in which the minor was unaware such visual depiction was being produced.

Point being, if the government attempts to argue the singular use of the word "used" in the second sentence distinguishes the conduct between Count One from Count Two with respect to how Mr. Kuhl

allegedly availed himself of the teenage girl cannot stand. for multiple reasons. One being due to the history of the application of the "used" element as to §2251(a) violations does not coincide with the rest of the alleged facts within Count One's second sentence. Specifically, it states Mr. Kuhl "received and stored" not produced the photographs at issue. To have "used" the minor within the typical application of that verb in §2251(a) violations, Mr. Kuhl would have had to actually produce the visual depictions without the minor's knowledge. Thus, Mr. Kuhl would have had no reason nor would it make sense for him to receive and store the photographs on "Samsung and iPhone cellular telephones." The most logical reading of the second sentence of Count One leads one to infer the Minor victim sent Mr. Kuhl these supposed "sexually explicit" photographs, which most logically portrays knowledge of the minor and such knowledge does not coincide with historical application of the verb "used" with respect to §2251(a) violations, but ~~correlates inherently~~ inherently correlates more with the persuasion, enticement, etc. verbs of ~~influence~~ influential conduct within the elements of §2422(b). Due to the numerous overlaps aforementioned and lack of specificity it is unknown, but easy to assume the "sexually explicit conduct" of Count One that ~~was visi~~ was visually depicted is the "sexual intercourse" alleged to have occurred in Count Two. Thus, the production of such conduct is "sexual activity for which any person can be charged with a criminal offense" as to Count Two. ~~Therefore both charges are multiplicitous of each other and should be dismissed~~ An indictment which charges a defendant with multiple offenses based upon the same events is multiplicitous. Ball v. United States, 470 US 856, 860 (1985) (holding conviction of defendant for separate offenses of receipt and possession of the same firearm under 18 U.S.C. §§1202(a) and 922(h), respectively, were multiplicitous); United States v. Dudeck, 657 F.3d 424 (6th Cir. 2011) (the court remanded to determine whether defendant's possession ~~under 2252A(a)(5)(b)~~ of child pornography was a lesser-included offense of receipt ~~under §2252A(a)(2)(A)~~ of that same material.) Likewise, in United States v. Ehle, 640 F.3d 689, 698 (6th Cir. 2011), possession under §2252A(a)(5)(b) was a lesser included offense of receipt under 2252A(a)(2)(A). The determining factor in multiplicity is not elements, but whether the same conduct forms the basis for multiple offenses. Conviction under both statutes is only permissible if "separate conduct" is

found to underlie the two offenses. Here, the lack of specificity and overwhelming overlaps in several factors within both counts of the indictment severely threaten Mr. Kuhl's right and the Fifth Amendment's protection against Double Jeopardy. See also United States v. Gray, 641 Fed. Appx. 462 (6th Cir. 2016); United States v. Emly, 747 F.3d 974, 979 (8th Cir. 2014) (multiple counts of possessing child pornography multiplicitous because Congress intended one offense); United States v. Ajayi, 808 F.3d 1113, 1123 (7th Cir. 2015) (five counts of bank fraud multiplicitous because acts were part of a single scheme).

In Throneburg, supra, the Sixth Circuit held that trial courts have discretion in addressing multiplicitous counts, including dismissing counts prior to trial. 921 F.2d at 656-57. Under the facts in that case, the Sixth Circuit ultimately held that the appropriate remedy was to have the district court vacate one of the convictions. In so holding, however, the Sixth Circuit stated that it would be appropriate to require the government to elect between multiplicitous counts prior to trial when "the mere making of the charges would prejudice the defendant with the jury." at 657. (quoting United States v. Reed, 639 F.2d 896, 904 n.6 (2nd Cir. 1981) (holding district court has discretion to choose whether to make the prosecution elect among the multiplicitous counts, dismissing all but one)).

Accordingly, courts can and have dismissed counts on multiplicity grounds. Claridge, 811 F. Supp. at 702-709, 714 (ordering government to elect between perjury and false statement counts based upon the same events); see also Musgrave, 2012 WL 4051942, at 3 (government conceded dismissal of one entirely duplicative count was warranted and further conceded to merging six other counts into just two counts where all were premised on same two sets of events). Here, the alleged communications, means of influence, conduct, time period, victim, and place of offense are really all the same within the same event, and the government is artificially multiplying that single event into two different counts (actually at least 4 different charges if you count the multiple offenses within each count). The Tenth Circuit addressed whether these charges are multiplicitous and concluded they were not. United States v. Isabella, 918 F.3d 816 (10th Cir. 2019). However, they did so based on the broader additional terms of "use" and "employ" within

§2251(a) and excluded from §2422(b). As previously noted though, "employing" a minor inherently involves persuasion, inducement, and enticement. Especially seeing as §2422(b) prohibits influencing a minor to "engage in prostitution." ~~[illegible]~~ Because prostitution is not in §2251(a), but Congress wanted to clearly prohibit a perpetrator of paying a minor to engage in sexually explicit conduct for the purpose of filming or photographing that conduct. This is common sense and follows the legislative intent of prohibiting sexual exploitation of children, and avoid the possible defense that their was no influence by way of persuasion, inducement, etc. because a teen asked or offered themself to be exploited for payment or because a defendant paid or employed the minor. The word which best corresponds with "employ" is "hire" and should possibly replace the word employ to overcome the broad, vague, ambiguous, and contradictory interpretations of the word in the statute's context. Without reading "employ" in this way one can only infer it to, once again, inherently involve persuasion, enticement, etc. Especially seeing as "use" is also in §2251(a)'s language and most typically and historically was applied in this context with respect to minors that were exploited without their knowledge or active engagement. Again, any other interpretation of "use" in this instance is inherently involved in the persuasion, inducement, etc. of §2422(b) and would contradict legislative intent to prohibit predators from sexually exploiting children by recording them surreptitiously in places and circumstances the child thought were personal and private like bathrooms, showers, bedrooms, and locker rooms. In other words, by not logically interpreting "use" and "employ" in such a manner makes them overly broad and covering the same acts of the other words persuade, induce, entice, and ~~coercion and~~ coerce inherently overlapping the exact same conduct of §2422(b).

Here, the indictment fails to distinguish the "sexually explicit conduct" of Count One from the "sexual activity" (referenced as "sexual intercourse") of Count Two. Additionally, it fails to distinguish how Mr. Kuhl allegedly implicated the 15-year-old girl into the offenses charged. As far as the word "used" in the second sentence of Count One as a basis for a possible opposition to this Motion by the government, "used" is improperly applied in this context for the multiple reasons above.

## III. Conclusion

For the reasons set forth above, both counts of this indictment should be dismissed pursuant to the Fifth and Sixth Amendments and Rule 12(b)(3)(B)(i) due to duplicity because they are defective in that they improperly charge Mr. Kuhl with multiple separate offenses. In the alternative, the Court should require an election by the government and/or give a clear unanimity instruction to the jury at trial.

Further, both or at least one count, most logically Count Two, ~~only if~~ should be dismissed due to running afoul of the rule against multiplicity. In the alternative, the Court should vacate any multiplicitous convictions that result.

Mr. Kuhl respectfully requests that the Court schedule oral argument on the instant Motion and submits that argument is essential to the fair resolution of the issues raised, especially in light of the constitutional nature of the issues and the complexity of the factual and legal issues presented. Due to defendant's lack of legalese, Mr. Kuhl further requests oral argument to clarify and provide further support and reasoning for his arguments.

Additionally, Count Two does not specify which underlying criminal ~~activity~~ sexual activity the government contends Mr. Kuhl ~~persuaded~~ attempted to persuade, induce, entice, and coerce the minor female into. The Count only explains the criminal sexual activity the government alleges Mr. Kuhl did persuade, induce, and entice the minor into engaging, sexual intercourse CSC 3rd Degree MCL 750.520d.

Respectfully Submitted,

S. Kuhl March 6, 2025

S. Kuhl 61189510