UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

FILED - GR
March 19, 2025 11:41 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 3-19

# MOTION OBJECTING TO ORDER

Now comes Defendant Samuel Kuhl, proceeding pro se, and moves to object to the Court Order dated March 12, 2025. (Ex. 1). Defendant objects to this Order in that it declares the deadline to file additional pre-trial motions has now passed. The reasons for such objection are as follows:

1. The date of pre-trial motions was dated March 5, 2025, but Mr. Kuhl was not able to file any pre-trial motions until March 6, 2025 when the Faretta hearing was held and Motion to Proceed Pro se was granted.

2. Mr. Kuhl has recently filed an appeal as to the competency hearing and determination of February 12, 2025 with the Sixth Circuit.

3. As stated to this Court Mr. Graham took a 25 page motion that Mr. Kuhl intended to submit concerning abstention, Speedy Trial Act

violations, Sixth Amendment Speedy Trial violation, Insanity Defense Reform Act (IDRA) violations, Tenth Amendment violations, Due Process violations, violations of federalism and comity, and grounds for dismissal under Fed. R. Crim. P. 48(b). This was Mr. Kuhl's only copy.

4. Mr. Kuhl was hindered by the Court's attorney VerHey and appointed Counsel Mr. Graham's actions of not providing all of the discovery, and inadequately communicating with Mr. Kuhl. Specifically, Mr. Graham met with Mr. Kuhl only twice before the February 12, 2025 hearing. Once on January 12, 2025 and once on or about February 7, 2025. Mr. Kuhl has repeatedly attempted to raise these issues with the court.

5. This Court purposely set the Faretta hearing for a day after the pretrial motions deadline although I tried to file a motion to advance the date of that Faretta hearing, but this Court rejected that motion, (Ex. 2) due to Mr. Kuhl being represented by counsel. Mr. Kuhl called Mr. Graham's secretary Beth Smeal the day Mr. Kuhl learned the date of the Faretta hearing and specifically asked to have Mr. Graham move to have the date advanced.

6. Mr. Kuhl has recently filed a habeas corpus application with the the U.S. Supreme Court addressing the matters referenced above in

paragraph 3. Due to the expense of making copies at the jail and the requirement that an inmate have the money in their account to make the copies, Mr. Kuhl was unable to make a copy of this habeas petition which he plans to submit to this Court in the form of a Motion To Dismiss and/or Release. This petition was mailed out late January and is currently being reviewed by the U.S. Supreme Court Clerk to determine if it will be filed or sent back to correct any issues. Once it is filed or sent back, Mr. Kuhl is going to have family get a copy off of Pacer or just try to pay for a copy to be made by the jail if possible.

7. Mr. Kuhl has not been provided with all of the evidence due to misconduct by the prosecution withholding and delaying giving it to Mr. Kuhl. Mr. Graham repeatedly misled Mr. Kuhl stating that Kuhl had complete discovery and only changed this firm assertion when Mr. Kuhl moved to replace Mr. Graham or in the alternative proceed pro se. After Mr. Kuhl did this on February 19, 2025, Mr. Graham finally met with Mr. Kuhl after the detention hearing to "clarify" Mr. Kuhl did not have all the discovery entitled to him, but only had what Mr. Graham had received from Mr. Ver Hey thus far. Please note this is the first time Mr. Graham actually met with Mr. Kuhl at the Grand Rapids Courthouse despite promising to do so January 13th and February 12th, 2025.

8. Due to Mr. Kuhl not being able to review the entire evidence of this case including but not limited to, items and information listed in the Motion For Discovery Dkt #98 and Motion for Bill of Particulars Dkt. 97, he has not had an oppurtunity to analyze the chain of custody of certain evidence, the legality of the obtaining of such evidence, and determine if and how to challenge the admissibility of such evidence. This is because of this Court's refusal to hear Mr. Kuhl's strenuous complaints about such matters, Mr. VerHey's misconduct in not timely providing such information, and Mr. Graham's repeated failure to raise these issues with the Court.

9. Mr. Kuhl has not been provided and therefore not able to view dash cam, body cam, and interior vehicle cam footage from the Wyoming traffic stop which it seems to be the basis of which the investigation leading to this indictment stems from. The interviews, evidence, and statements of the MSP stemming from this Wyoming traffic stop are so intertwined with the evidence and allegations underlying this indictment Mr. Kuhl needs to be able to thoroughly review and analyze the legality of his arrest in Wyoming and the subsequent searches of the phones, in order to attack such via pre-trial motions.

10. Mr. Kuhl has not been provided with the recording of the alleged statement he made to MSP referenced in the Government's Initial

Pretrial Conference Summary Statement Dkt. #66.

11. Mr. Kuhl has not been provided with the statement the government intends to use under Fed. R. Evidence 404(b) referenced in Dkt. #66.

12. Mr. Kuhl needs to review the audio/video recording of the statement referenced above in paragraph #10 to see under what context and circumstances this statement was made. Defendant has no recollection of speaking to MSP on January 29, 2022.

13. Mr. Kuhl needs to view the statement referenced above in paragraph #11 to adequately research if it is legally admissible and the grounds on which to challenge it.

14. Mr. Kuhl is currently researching and preparing Motions to Suppress, and Motions to challenge the statutes he is accused of violating both facially and as-applied on multiple legal and constitutional bases. ~~But~~ Due to the jail's unreasonable and arbitrary mail policy, Mr. Kuhl is being delayed in getting legal materials that are essential to preparing these motions.

15. The government's failure to properly and timely provide discovery is the major factor in the issues addressed in this filing. Further, this Court's delay intentionally to hold a Faretta hearing has substantially contributed to these issues as well. Mr. Graham's lack of zealousness, communication, diligence, preparation, and time spent on this case is also a major contribution to the issues addressed here. Mr. Kuhl's motions all were filed beyond the pretrial motion technically because the Faretta hearing was purposefully set for the day after. It is clear that all of you are in bed with the CPS/Elites, Flavio, and Mr. Clinton but I shall prevail.

16. Mr. Kuhl is requesting an immediate hearing to address the severe injustice he is suffering and to orally argue for the Court, VerHey, and Graham to show cause why this matter should not be dismissed.

Respectfully Submitted,

J. Kuhl March 13, 2025

J. S. Kuhl 61189510

1035 James

P.O. Box 845

White Cloud, MI 49349

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI ~~490~~ 49349

GRAND RAPIDS MI 493
17 MAR 2025 PM 5 L




Clerk Of The Court
U.S. District Court
399 Federal Bldg.
110 Michigan NW
Grand Rapids, MI 49503

49503-236399