UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
March 28, 2025 1:01 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 3-28

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

*ORAL ARGUMENT REQUESTED*

DEFENDANT'S ~~PLAINTIFF'S~~ RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY PROCEDINGS (R.117)

The government has opposed Mr. Kuhl's request for this Court to order disclosure of the grand jury proceedings related to the instant indictment. Defendant's motion for disclosure should be granted.

LEGAL STANDARD

The party seeking disclosure of grand jury materials may be awarded such relief by showing a "particularized need that outweighs the public interest in grand jury secrecy." United States v. Sells Engineering, Inc., 463 U.S. 418, 442-443 (1983).

## ARGUMENT



The government claims that Defendant's request for disclosure of the grand jury proceeding is based on speculation and conjecture. However, the government does not address the facts concerning the indictment's face specifically and how it relates to the partial discovery provided. Kuhl's request specifies direct inconsistencies between the indictment's language and the evidence disclosed in discovery. Instead, the government focuses only on Kuhl's supposition that the prosecutor asked leading questions and that the victim might have been induced to make untrue statements through leading questions because of her youth. (R. 117: Response, PageID. 691.) Additionally, the government addresses the fact that Kuhl stated that Stolsonburg, a KDPS Detective and FBI Task Force Officer, working alongside SA Buttery, the lead investigator on this case may have been present. However, while these issues due raise substantial concern, the more particularized reasons in Kuhl's motion, compounded with these issues do meet the standard to disclose the grand jury materials.

Specifically, Count One alleges Mr. Kuhl used a 15 year-old girl to engage in sexually explicit conduct and received and stored photos of that conduct. However, the discovery provided does not identify one photograph, let alone multiple, that Mr. Kuhl received from the minor identified in the discovery between May 13, and October 31, 2021. Thus, Mr. Kuhl cannot ascertain that the

government presented any photographs to the grand jury and therefore, cannot be sure that any photographs used at trial will be those that the grand jury decided that there was probable cause such photographs depicted sexually explicit conduct. Moreover, Kuhl does not know if the photographs (if any) even depicted this minor. While, the petit jury usually decides if the visual depictions constitute "sexually explicit conduct," Kuhl is not certain that the depictions passed upon by the grand jury will be those presented to the petit jury.

Moreover, almost the entirety of the evidence disclosed by the government is far outside the timeframe specified in the indictment. This means the prosecution most likely mismatched depictions outside the timeframe with messages inside the timeframe improperly misleading the jury. The Sixth Circuit applies a limited context test that allows consideration of evidence only directly related to the taking of the images. See U.S. v. Brown, 579 F.3d 672, 683 (6th Cir. 2009). Also, if the government showed depictions not in the time frame in the indictment and unrelated to Kuhl's "use" of the minor, such conduct would bias the jury. Further, only one ~~picture~~ photograph is identified in the discovery as allegedly being sent from the female to Mr. Kuhl, and this photo was supposedly sent on 5/27/2022. No other photograph is identified in the evidence disclosed through discovery.

Even more troublesome is the fact that this photograph

allegedly depicts the minor's buttocks while she is wearing a thong. A properly instructed jury would not have found this to be "sexually explicit conduct." Because the government does not specify the number of photographs or how they allegedly depict "sexually explicit conduct," it is impossible to know what photographs (if any) were produced to the grand jury and what or who those photographs actually depicted. As the Sixth Circuit held in Brown, display of nude genitals and/or pubic area is not alone sufficient to satisfy lascivious requirements. Id, at 681-682.

Additionally, Count One specifically alleges Mr. Kuhl used the minor to engage in "sexually explicit conduct" ~~to~~ and "received and stored photographs" of that conduct. As mentioned in Kuhl's contemporaneously filed motions to dismiss, (R.100 and 103) the term use does not fit the applicable standard in the context of §2251(a) violations when the accused received and stored photographs. An action must have been taken beforehand to influence the minor to engage in "sexually explicit conduct." Such action is described by the other terms "persuade," "induce," "entice," or "coerce," not "use." Therefore, a properly instructed jury would not have found that Kuhl "used" the minor in the context of §2251(a), but received and stored photographs due to his alleged "use" of the minor.

Then, the only jurisdictional hook stated in the indictment is the "produced using materials that have been ... transported in or affecting interstate or foreign comerce," portion of the statute but the indictment

does not state what materials were used to create these photographs. Therefore, Kuhl cannot be certain what was presented to the grand jury or why the indictment was drafted so ambiguously. This is why, if the government does not dismiss the indictment, Mr. Kuhl's need to know what was presented to the grand jury is necessary to adequately be informed of the nature of these charges, protect himself from double jeopardy, ascertain the material and information presented to the grand jury will be the same that the government uses at trial, ascertain the government was properly instructed, and to adequately prepare a defense.

Mr. Kuhl requests oral argument to present to the court the evidence disclosed by the government and how it only furthers the indictment's ambiguity. Because of certain information revealed in the evidence Mr. Kuhl refuses to place it on the docket for public view, specifically but not limited to, the name of the alleged victim. Moreover, oral argument will allow Kuhl to clarify any questions or confusion his amatuer filings may raise.

Count Two alleges Mr. Kuhl knowingly attempted to persuade, induce, entice, and coerce an individual under 18 to engage in "illegal sexual activity." However the second statement specifically alleges Mr. Kuhl used cellphones and Facebook Messenger to persuade, induce, and entice "Minor 1" to have sexual intercourse with him. Is "Minor 1" the same alleged victim in Count One? Did the grand jury find probable cause ~~attempted to entice~~ Mr. Kuhl attempted to entice

the minor to engage in "illegal sexual activity," or that he actually did entice the minor to do so? Is the attempted enticement ~~in relation~~ to engage in sexual intercourse also? Is Minor 1 the same individual Mr. Kuhl allegedly attempted to entice?

As with Count One, alot of the evidence provided by the government is what it contends are messages between Kuhl and the victim. However, there are only Facebook messages that fall within the timeframe specified in the indictment, not text messages. Moreover, the messages from Facebook stop completely on July 2, 2021 and the text messages disclosed are dated for the months of May, June, and August of 2022. Thus, it is highly probable the government used messages that were not within the timeframe specified in the indictment. This would bias the jury and use conduct not covered by the indictment to find a probable cause hearing, and prejudice Mr. Kuhl and allow him to be charged for later text messages again in a future prosecution in violation of the Double Jeopardy Clause.

Additionally, the requirement is that Kuhl "knowingly" enticed a minor to engage in "illegal sexual activity," and thus must know the activity underlying the enticement is illegal. Under MCL 750.520d (CSC 3rd Degree), sexual intercourse with a minor at least 13 but less than 16 years old is illegal. Thus, in order to violate §2422(b), Mr. Kuhl must have known the minor was under 16 years old. However, the entire Facebook messages display the alleged victim claiming she is 17 years old and therefore, any enticement by Mr.

Kuhl of the female to engage in sexual intercourse did not constitute a violation of §2422(b) because sex with a 17 year old in these circumstances is not illegal in Michigan. See the Sixth Circuit Jury Instructions for §2422(b). (Ex 1) By presenting such evidence, the grand jury was biased and misled by the prosecution further prejudicing Mr. Kuhl and infringing on his Fifth Amendment right to an impartial and properly informed grand jury.

For these reasons, if the Court wants to truly prevent injustice by allowing Mr. Kuhl his right to ascertain the grand jury proceedings were not tainted by misconduct, the grand jury materials should be disclosed. This is not only a question whether the evidence was sufficient, but whether it was lawfully presented in line with the face of what the indictment states. It is a question if the grand jurors were misled by information and evidence not charged in the indictment and thus creating bias and prejudicing Mr. Kuhl, as well as whether the grand jurors were properly instructed and what they actually found probable cause on. Particularly what messages from what timeframe were presented? What photographs were presented? What evidence related to those photographs were presented, because not one message in discovery shows Mr. Kuhl requesting any photographs of "sexually explicit conduct"? How did Mr. Kuhl allegedly "used" the alleged victim? How many victims are there? What were the grand jurors told constitutes a violation of either statute in the indictment? Did Mr. Kuhl receive photographs,

produce them, or both? The indictment does not answer these questions. Neither does the discovery provide the answers, actually it creates even more questions and inconsistencies. Thus Mr. Kuhl's motion should be granted if the indictment is not dismissed.

Respectfully,
S. Kuhl
S. Kuhl
March 22, 2025

Samuel Alexander Kuhl #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349







CLERK OF THE COURT
U.S. DISTRICT COURT
399 FED. BLDG.
110 Michigan NW
Grand Rapids, MI 49503

LEGALMAIL