# EXHIBIT 1

## 16.09 COERCION AND ENTICEMENT: PERSUADING A MINOR TO ENGAGE IN PROSTITUTION OR UNLAWFUL SEXUAL ACTIVITY (18 U.S.C. § 2422(b))

(1) Count ____ of the indictment charges the defendant with persuading a minor to engage in [prostitution] [unlawful sexual activity]. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant knowingly [persuaded] [induced] [enticed] [coerced] an individual under the age of 18 to engage in [prostitution] [unlawful sexual activity].

(B) Second: That the defendant used [the mail] [a means or facility of interstate [foreign] commerce] to do so.

(C) Third: That the defendant knew the individual was under the age of 18.

(2) Now I will give you more detailed instructions on some of these terms.

(A) [*Insert definition for the term(s) used at the end of paragraph (1)(A)*]

--["Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.]

--["Unlawful sexual activity" includes ________________ [*describe underlying criminal offense*].]

(B) "Using a means or facility of interstate commerce" includes using the internet or the telephone.

(3) [It is not necessary that the government prove that the sexual activity occurred.]

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Use Note**

* If the indictment charges unlawful sexual activity under paragraph (2)(A) and that offense has an age standard of less than 18 years, substitute the younger age or age range in paragraphs (1)(A) and (1)(C).

If the government alleges jurisdiction under the special maritime and territorial jurisdiction of the United States under § 2422(b), paragraph (1)(B) should be modified.

If the charge is based on an attempted violation of § 2422(b), an instruction may be compiled by combining this instruction with the instructions in Chapter 5 Attempts. Attempt

liability is discussed further in the commentary below.

If interstate commerce is an issue in the case, a more detailed definition of that term may be required. See, e.g., Inst. 15.05(2)(F)(i).

Brackets indicate options for the court. Bracketed italics are notes to the court.

**Committee Commentary**
(current through Jan. 1, 2024)

This instruction is based on § 2422(b), which provides:

> § 2422. Coercion and enticement
> . . .
> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

A panel of the Sixth Circuit has stated, "[V]iewed as a whole, [Instruction 16.09] . . . 'adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision.'" United States v. Fox, 600 Fed. Appx. 414, 420 (6th Cir. 2015) (unpublished) (citing United States v. Edington, 526 Fed. Appx. 584, 589-90 (6th Cir. 2013)).

In paragraph (1), the elements are based on § 2422(b) and United States v. Hart, 635 F.3d 850, 855 (6th Cir. 2011). For paragraph (1)(B), which states the jurisdictional requirement, the statute also covers situations when the defendant acted within the special maritime and territorial jurisdiction of the United States. See § 2422(b). If the government alleges this jurisdictional basis, paragraph (1)(B) should be modified. Element (1)(C), that the defendant knew the victim was under 18, is based on United States v. X-Citement Video, 513 U.S. 64, 78 (1994), in which the Court held that the scienter requirement of knowingly in § 2252(a) extended both to the sexually explicit nature of the material and to the age of the performers.

In paragraph (2)(A), the definition of prostitution is drawn from Seventh Circuit Pattern Criminal Instruction 18 U.S.C. § 2422(b) Enticement of a Minor – Elements, Committee Comment (2012 ed.). The definition of unlawful sexual activity is based on the statute; *see also* United States v. Hart, 635 F.3d 850, 855 (6th Cir. 2011). "Unlawful sexual activity" includes the production of child pornography as defined in subsection 2256(8), see § 2427. In paragraph (2)(B), the definition of using a means or facility of interstate commerce as including the internet or the telephone is based on United States v. Fuller, 77 F. App'x. 371, 378-79 (6th Cir. 2003) (unpublished).

Paragraph (3), which states that the government need not prove that the sexual act occurred, is based on United States v. Fuller, 77 F. App'x 371, 378 (6th Cir. 2003) (unpublished). This provision should be used only if relevant.

"Grooming" is a term courts use "to describe a variety of behaviors that appear calculated to prepare a child for a future sexual relationship." United States v. Fox, 600 Fed. Appx. 414, 419 (6th Cir. 2015) (unpublished) (citations omitted). Grooming is not an element of child enticement under § 2422(b), *id.*, and does not appear in the text of Instruction 16.09. In *Fox*, the trial judge instructed the jury that grooming was:

> the deliberate actions taken by a defendant to expose a child to sexual activity and [t]he ultimate goal of grooming is the formation of an emotional connection with the child and the reduction of the child['s] inhibitions in order to prepare the child for sexual activity.

600 Fed. Appx. at 420 (quotation marks omitted). On appeal, the panel found: "Given that 'grooming' encompasses a wide swath of behavior and courts have not settled on a single definition of the term, the district court acted within its discretion" in giving this instruction. *Fox*, 600 Fed. Appx. at 420.

An augmented unanimity instruction on the underlying unlawful sexual activity is not required. The court explained:

> Because 18 U.S.C. § 2422(b) criminalizes persuasion and the attempt to persuade, the government is not required to prove that the defendant completed or attempted to complete any specific chargeable offense. The government need only prove, and the jury unanimously agree, that the defendant attempted to persuade a minor to engage in sexual activity that would have been chargeable as a crime if it had been completed. . . . There is no requirement under 18 U.S.C. § 2422(b) that they had to unanimously agree on the specific type of unlawful sexual activity that he would have engaged in.

United States v. Hart, 635 F.3d 850, 855-56 (6th Cir. 2011).

This statute also makes it a crime to attempt to violate § 2422(b). If the charge is based on attempt, an instruction may be compiled by combining this instruction with the instructions in Chapter 5 Attempts. If the charge is based on attempt, the government need not prove that the defendant intended to actually engage in sexual activity but only that the defendant intended to persuade the minor to do so. *See* United States v. Hughes, 632 F.3d 956, 961 (6th Cir. 2011) (*citing* United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000)). *See also* United States v. Fuller, 77 F. App'x 371, 378 (6th Cir. 2003) (unpublished) (discussing the addition of attempt language to the statute in 1998). Similarly, if the charge is based on attempt, the government need not prove that the individual the defendant attempted to entice was actually under the age of 18. *See* United States v. Hart, 635 F.3d 850, 855 (6th Cir. 2011) (stating that the defendant had to believe the victim was less than 18); *see also Fuller* at 378 (citations omitted):

> [A] defendant may be charged with knowingly attempting to persuade, induce, entice, or coerce a minor to engage in sexual activity even though he is mistaken

as to the true age of the person with whom he admittedly communicated. Several courts have specifically held that a defendant may be convicted of attempted persuasion or enticement of a minor even though the defendant had been communicating with an adult FBI agent posing as a minor.

In United States v. Roman, 795 F.3d 511 (6th Cir. 2015), the court construed attempt liability under § 2422(b) to cover situations where the defendant communicated only with an adult intermediary and not with a minor child "if the defendant's communications with that intermediary are intended to persuade, induce, entice or coerce the minor child's assent to engage in prohibited sexual activity." *Id.* at 516. The court explained, "We recognize that it is not sufficient to allege or prove that a defendant intended to persuade an adult intermediary to cause a child to engage in sexual activity. The gravamen of the attempt offense under § 2422(b) is the intention to achieve the minor's assent." *Id.* at 512. *See also* United States v. Vinton, 946 F.3d 847, 853 (6th Cir. 2020) (government need not prove that the defendant used the adult intermediary to convey the defendant's own enticing messages to the minor if the defendant relies on the expertise of the adult intermediary in determining how best to entice the minor; "Whether the defendant aims to achieve a minor’s assent by contacting the minor directly, by sending the minor enticing messages through an adult intermediary, or by enlisting an adult intermediary to persuade the minor, the defendant has the same intent to gain the minor’s assent. And that intent is criminalized under § 2422(b).").