UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

FILED - GR
April 11, 2025 12:15 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: KB / 4/11

OBJECTION TO COURT'S MEMORANDUM OPINION AND ORDER (ECF No. 125) AND REQUEST FOR CONTINUANCE

Now comes Defendant to respectfully object to the Court's March 28, 2025 Opinion and Order. Mr. Kuhl just received such Opinion and Order today, April 7, 2025. If necessary, this pleading should be construed as a Motion for Reconsideration. Additionally, if Mr. Kuhl's motion seeking reconsideration is denied, he is requesting an ends-of-justice continuance.

I. Background

While the current indictment was returned on April 25, 2023, Mr. Kuhl was not brought before this federal court until August 11, 2023, almost four months later. This is entirely the government's responsibility as they knew Mr. Kuhl was incarcerated in state custody and were watching his movements very

closely as they monitored ongoing state proceeds as well as Mr. Kuhl's phone calls while in these state institutions.

Although, the Defendant first appeared in federal court on August 11, 2023, he was not arraigned until February 12, 2025, over 18 months later. A majority of this time frame is attributable to the government. The government and Defense counsel originally moved to have Mr. Kuhl undergo a mental health evaluation to determine competency in August of 2023. Ray Kent ordered such evaluation on August 17, 2023, which was to consist of Mr. Kuhl's commitment for no longer than 45 days to undergo the evaluation. However, the competency hearing was not set until ~~almost~~ over 4 months later on December 18, 2023 almost three times the period allowed for the evaluation.

In violation of Mr. Kuhl's due process and statutory rights under the Fifth Amendment to the U.S. Constitution and 18 U.S.C. § 4247(d), Mr. Kuhl was not allowed to attend this hearing or notified of such. It should be noted that Mr. Kuhl was returned to the Western ~~Dist~~ District of Michigan from the BOP evaluation facility on October 19, 2023. The BOP psych report of the evaluation was received by the court on November 20, 2023, yet the hearing was not ~~sent~~ set until December 18, 2023.

The hearing resulted in Mr. Kuhl being ordered to undergo 4 months of hospitalization in the BOP for competency restoration. The Court ordered this commitment on December 20, 2023 and entered another Order on December 27, 2023 mandating Mr. Kuhl's transport to FMC-Butner within ten days.

Despite the Court order and several motions by Mr. Kuhl, his family, and habeas corpus petitions, Mr. Kuhl was not transported to FMC-Butner until 6 months later on June 17, 2024. Again, this six month delay is attributable to the government. Moreover, this Court refused to transport Mr. Kuhl sooner and refused to allow him to undergo competency restoration in a Michigan state facility despite the Judicial order in state court to do so.

After Mr. Kuhl's four month commitment at Butner was done, he stayed there almost an extra three weeks before beginning the month long journey back to Michigan. On November 5, 2024, Mr. Kuhl was transported to a BOP facility in Atlanta, Georgia, and on November 12, 2024, he was transported from Atlanta to Cimarron Correctional Facility in Oklahoma. On December 6, 2024, Mr. Kuhl was transported from oklahoma back to the Newaygo County Jail in the Western District of Michigan. This delay of almost 2 months in getting Mr. Kuhl back to Michigan from Butner is the government's fault.

Although the competency hearing was set for December, 18, 2024, the court adjourned the hearing until January 13, 2025, which Mr. Kuhl wrote to Mr. Graham objecting to the cancelling and rescheduling of the hearing. Mr. Kuhl also had a ~~pr~~ motion prepared challenging the delays in this case on several grounds. However, Mr. Graham took Mr. Kuhl's only copy of that motion, promising to review it and provide a copy back to Mr. Kuhl. To this day Mr. Kuhl has never received this motion back from Mr. Graham.

~~But~~ Due to Mr. Graham's blatant refusal to do anything Mr. Kuhl

requested, including filing the motion, Mr. Kuhl tried to verbally place the issues before the court on January 13, 2025. Magistrate Kent permanently removed Mr. Kuhl from the hearing, and despite stating he was going to have Mr. Graham speak to Mr. Kuhl to address proper Court decorum and attempt to reconvene the hearing, this did not happen. Instead, Mr. Graham falsely stated Mr. Kuhl agreed to a continuance and the hearing was adjourned without allowing Mr. Kuhl an oppurtunity to come back in court that day. Moreover, Ray Kent did not attempt any other less intrusive/restrictive means to try and continue the hearing and allow Mr. Kuhl back in court.

On February 12, 2025, the competency hearing and arraignment was held. Mr. Kuhl was denied the oppurtunity to plea in abatement to challenge the indictment's sufficiency and the Court's jurisdiction. Mr. Kuhl was also not allowed to move for Mr. Graham to be removed or to have a Faretta hearing to proceed pro se. Moreover, against Mr. Kuhl's disagreement, Mr. Graham asked for the bond hearing to be adjourned which was a frivilous delay in violation of 18 U.S.C. § 3161(b)(2).

Between February 12, 2025 and February 19, 2025, Mr. Kuhl expressed to Mr. Graham the lack in discovery, and before this time frame as well. Mr. Kuhl was provided only with a portion of discovery on or about January 21, 2025. Repeatedly, Mr. Graham unequivocally stated Mr. Kuhl had the complete discovery of the case despite Mr. Kuhl's repeated assertions to the contrary. Only after February 12, 2025 hearing, when Mr. Kuhl moved to have Mr. Graham removed from the case, and upon being denied such

relief, moved to proceed pro se, did Mr. Graham meet with Mr. Kuhl after the hearing to "clarify" that Mr. Kuhl did not have all the discovery he was entitled to. However, despite Mr. Graham still representing Mr. Kuhl at this time, he did not move to obtain the rest of the discovery. Mr. Kuhl informed Mr. Graham he needed to know exactly which phones the government claimed to have obtained evidence from for this case and how they acquired such phones so that Mr. Kuhl could move to suppress the evidence. Accordingly, Mr. Kuhl said he needed multiple search warrants and supporting affidavits that had not been supplied during the discovery. Such as the MSP search warrants in connection with FIT-0000091-22 and the federal search warrant for two phones issued on January 25, 2023. Under Fed. R. Crim. P. 12(b)(4)(B), Mr. Graham should've moved for this material as he conceded there is a meritorious challenge to suppress evidence that needs to be raised.

On February 19, 2025, Mr. Kuhl submitted his motion to proceed pro se in person at the detention hearing. Again, Mr. Graham came to speak with Mr. Kuhl after the hearing to inform Mr. Kuhl of his opinion on how to proceed to be certain the pro se motion is granted. Mr. Graham also stated that no one is ready to go trial there are a lot of facts and evidence to this case that need to be understood. Further, Mr. Graham stated that the Faretta hearing should be held very quickly, most likely within three to five days.

Upon learning that the Faretta hearing was set for March 6, 2025, Mr. Kuhl immediately filed a motion to advance the hearing and called

Mr. Graham's secretary Beth Smeal saying that Mr. Graham needs to move to have the hearing moved forward. This Court rejected Mr. Kuhl's motion and Mr. Graham ignored his request. During this time Mr. Graham still represented Mr. Kuhl but did not move to extend the pretrial motion deadline despite it being impossible for Mr. Kuhl to meet such deadline due to the Faretta hearing being set for the day after. Mr. Graham at this time had already said no one was near ready for trial including himself, Mr. Graham knew all the discovery had not been provided, especially that which is necessary to prepare an effective suppression motion. Clearly this is ineffective assistance of counsel. Also, Mr. Kuhl incorrectly assumed the pretrial motion deadline would be reset once Mr. Kuhl was granted pro se status. Sadly, this common sense assumption was incorrect.

It is now April 7, 2025, and Mr. Kuhl has not received the January 25, 2023 Federal search warrant for two cell phones which the government claims yielded key evidence it intends to introduce at trial. On April 3, 2025, Mr. Kuhl received a supplement to discovery which contains the MSP search warrants which the government claims yielded additional key evidence it intends to introduce ~~at~~ at trial. Mr. Graham claims this supplemental discovery was received on March 27, 2025.

Laying out these facts is necessary due to the Court's statement that Defendant was indicted over two years ago (Page ID.831). While this is true, the ~~ma~~ majority of the delay is attributable to the government. Moreover, Mr. Kuhl was arraigned less than 60 days ago and has been able to file motions only one month ago, and has yet to be provided discovery he is entitled to.

## II. Legal Standard



When deciding on whether to grant a motion for continuance, the Court should look to a number of factors in exercising its discretion, including (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose of the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the moving party might suffer as a result of the court's denial of the continuance. See U.S. v. West, 828 F.2d 1468, 1470 (10th Cir. 1987) Indeed, the fourth factor is "by far the most important factor to consider." Id. at 1471.

Although pro se, Mr. Kuhl still has the right to effectively represent himself as an attorney does his client. Factors to consider in deciding whether defense counsel had sufficient time to effectively represent his client are: (1) the time afforded for investigation and preparation; (2) the experience of counsel; (3) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel. U.S. v. Golub, 694 F.2d 207, 215 (10th Cir. 1982).

18 U.S.C. §3161 (h)(7)(A) allows any judge to grant a continuance on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The factors to consider in determining whether to grant such a

continuance are: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; (ii) Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section; and (iii) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 USC §3161(h)(7)(B).

## III. COURT APPLIED WRONG STANDARD/ MADE UNREASONABLE APPLICATION

The Court analyzed Mr. Kuhl's objection to the pretrial motion deadline under the "good cause" standard for an untimely filed pretrial motion in accordance with Fed. R. Crim. P. 12(c)(2). However, such analysis under this standard is inconsistent with the facts and circumstances of this case. Moreover, such application of this standard will result in a miscarriage of justice and prejudice to the defendant.

As noted previously, and in the Court's Opinion and Order (Page ID.

826-27), the pretrial motion deadline was set for March 5, 2025. As Mr. Kuhl's Faretta hearing to proceed pro se was scheduled for March 6, 2025, despite the Court knowing that Mr. Kuhl's pretrial motion deadline was set for March 5, 2025. Thus, under this timeline Mr. Kuhl's right to file any motions was being forfeited. Immediately upon learning the date of the Faretta hearing, Mr. Kuhl filed a motion requesting to advance the Faretta hearing. However this pleading was rejected by the Court (ECF No. 94).

In this motion Mr. Kuhl attempted to file, he addressed the concern about the pretrial motion deadline being set a day before his Faretta hearing, the lack in necessary discovery to adequately prepare pretrial motions and defend himself, the fact the schedule for the Faretta hearing and pretrial motion deadline is stripping him of his right to defend himself, and that Mr. Graham refuses to do anything about these issues despite Mr. Kuhl's consistent requests that he do so. (Ex. 1)

Accordingly, Mr. Kuhl attempted to file a timely pretrial motion to extend the pretrial motion deadline and explain his inability to meet this deadline due to lack of time, discovery, and the Faretta hearing being set for after the pretrial motion deadline. Unfortunately, Mr. Kuhl does not have his objection to the pretrial motion deadline (ECF No. 116) to refer to. The Court references Mr. Graham's refusal to file Defendant's pretrial motion. However, there were numerous motions Mr. Graham did not file for Mr. Kuhl so Mr. Kuhl is not certain which motion the Court is referring to. Moreover, Mr. Graham also took Mr. Kuhl's only copy of a

motion to dismiss based on speedy trial, due process, and IDRA violations, as well as the abstention doctrine, federalism, Tenth Amendment, and Fed. R. Crim. P. 48(b). Thus, not only did Mr. Graham not file a motion, he actually disabled Mr. Kuhl the ability to file the motion himself. The Court cites the unpublished decision of United States v. Gulley, 780 F. Appx. 275 (6th Cir. 2019) to support that Mr. Graham's refusal to file Mr. Kuhl's pretrial motion is not a proper basis for extending the deadline.

Firstly, while the quote of Gulley is on point, the context, facts, and circumstances are inapposite to this case here. Gulley initially raised a motion to suppress evidence obtained from his wife's home while he was present. This ~~warrant~~ motion was raised approximately six weeks after Gulley had been arraigned and attacked the affidavit' sufficiency in that it lacked probable cause. The suppression motion briefly stated that the officers "attempted to look inside of" the residence without the consent of Gulley or his wife but did not elaborate further on this issue. It focused on the informant's tips stated in the affidavit not being corroborated or the locations where Gulley sold drugs to the informant, and the information in the affidavit was stale. In the midst of the litigation concerning the suppression motion the Court allowed Gulley's counsel to file a sur-reply briefing, in which Gulley stated he did not request an evidentiary hearing on the motion but rather asked the court to focus on whether the affidavit established probable cause. Eventually, the motion was denied.

Gulley then became represented by new counsel because he couldn't

pay his attorney and Gulley was upset that counsel did not discuss defense strategies with him and failed to request a Franks hearing for the suppression motion. New counsel filed a second motion to suppress asking for a Franks hearing based on alleged falsehoods in the affidavit, and focusing on the officers' warrantless entry into the home. While the district court denied leave to file the untimely motion to suppress, the court also ruled that the motion did not show sufficient evidence to warrant a Franks hearing on the merits. Regardless, Gulley was presented with adequate discovery (affidavit and search warrant) to file a suppression motion. Moreover, Gulley was represented by counsel, his case was nowhere near as complex as Mr. Kuhl's, and a motion to suppress was actually filed on time. Gulley did not allege delay in discovery that caused him to be unable to file a motion to suppress.

Here, Mr. Kuhl's motion to extend/challenge the pretrial motion deadline was not filed before Mr. Kuhl even had the oppurtunity to file any motions. Mr. Graham also conceded that he needed to review the facts of the case due to the complexity and multiple confusing sources of evidence, numerous search warrants amongst multiple law enforcement agencies, and the span of the timeframe alleged in the indictment. Mr. Graham stated specifically that no one was ready for trial and he was focusing on the search warrants and affidavits. It is now April 7, 2025 and Mr. Kuhl still hasn't received the January 25, 2023 search warrant and supporting affidavit the government contends yielded significant inculpatory evidence. Mr. Graham must have intended to file a motion to extend the

pretrial motion deadline if he truly planned on thoroughly reviewing the search warrants, affidavits, evidence, and facts of the case to make an effective motion to suppress. To not do so would have been suicide for Mr. Kuhl.

Thus, Mr. Kuhl's motion is not untimely because the court knew as of the arraignment date on February 12, 2025 that Mr. Kuhl intended to proceed pro se. Thus, they must allow Mr. Kuhl adequate time to obtain pro se capacity, just as if he were diligently moving to retain counsel of choice. If Mr. Kuhl had retained counsel on March 6, 2025, the court surely would have allowed an extension of the pretrial motion deadline. Accordingly, had Mr. Graham requested an extension the Court would have granted it. All of the motions filed by Mr. Kuhl attack the face of the indictment and the lack of discovery, as far as those filed on the day of the Faretta hearing. These motions do not require the discovery materials being withheld, but a motion to suppress does. Mr. Kuhl raised several issues contained in the later filing such as speedy trial, due process, Fed. R. Crim. P. 48(b), Tenth Amendment, IDRA, and abstention orally in Court.

The Court goes on to state that Defendant's lack of motions he prepared on prior occasions, his desire to have more time to research and prepare motions, the jail's mail policy, or Defendant's legal strategy of sending documents to other courts without retaining copies, are not, under the circumstances of this case, a proper basis for extending the deadline (PageID. 828).

The Court then quotes from Fowler v. Collins, 253 F.3d 244, 249 (6th Cir. 2001) However, such quote assumes that Mr. Kuhl's representation by counsel ~~benefited~~ negated the issues of Mr. Kuhl's lack of motions he prepared on prior occasions, his desire to have more time to research and prepare motions, the jail's mail policy, and Defendant's legal strategy of sending documents to other courts without retaining copies. All of these issues occurred while Mr. Kuhl was represented by counsel, and/or because of counsel's actions.

Again, Mr. Kuhl does not have his objection to the pretrial motion deadline (ECF No. 116), but is certain one motion he mentions lacking is the motion mentioned previously that Mr. Graham asked to take and review, promising to make a copy to return to Mr. Kuhl but never did. Thus, this issue was created by created by counsel and is now negated because Mr. Kuhl does not have to rely on, or trust, the empty promises of counsel in his pro se capacity.

All of the research and motion preparation done by Kuhl was done by himself. Indeed, Mr. Graham was not preparing motions or helping Defendant research any legal materials. Honestly, Mr. VerHey, Mr. Graham, and Magistrate Ray Kent were not even aware it is a statutory and constitutional right for a defendant to be present at a competency hearing (ECF No. 72 PageID. 271-72). Regardless, its not like Mr. Kuhl could ask Mr. Graham about defense tactics such as Franks hearings or challenging the face of an indictment. Mr. Graham barely spoke to Mr. Kuhl let alone discussed any legal research or motion preparation. Indeed, Mr.

Kuhl asked Mr. Graham's secretary to get a police report related to this case and a law review on Federalism that is cited in Bond v. United States, 572 U.S. 844 (2014), but Mr. Graham nor his ~~counsel~~ secretary got either. Instead, Mr. Kuhl has been forced to request everything needed to further investigate this case and prepare his defense over recorded lines with his uncle. This has revealed search warrants and affidavits, supplement reports, and evidence and property logs related to this case but the government has not provided. For example, two MSP reports were disclosed by the government but were literally missing entire supplements consisting of multiple pages and search warrants that Defendant only obtained by his own investigation. Defendant will honestly say that while counsel refused to get any of this additional necessary information, Mr. Graham's secretary was willing to mail me such materials provided to her because of the jail's mail policy.

As far as Mr. Kuhl sending documents to other courts without retaining copies, this also was because Mr. Graham won't make copies for Defendant, and darn sure won't file any motions Mr. Kuhl requests. Indeed the motions filed as ECF Nos. 100, 101, 102, 97, and 98 were all provided to Mr. Graham before February 12, 2025, the date of Defendant's arraignment. The motion referenced in Mr. Kuhl's objection (ECF No. 116) is the habeas corpus petition he spent a significant amount of time preparing and was mailed to the Supreme Court in an attempt to get someone to review and decide Mr. Kuhl's meritorious arguments that Mr. Graham continuously refused

to raise, or incorrectly stated should be raised later on. Thus, choosing to go pro se did not create these issues and representation by Mr. Graham will not defeat these issues. Ironically, such representation would actually act as a catalyst to such issues.

The court also cites United States v. Kincaide, 145 F. 3d 771, 778 (6th Cir. 1998) to provide more support that pro se defendants waive the "benefits" of being represented by counsel because pro se defendants are not entitled to access to a law library (PageID. 828). This case is over two decades ago for one. For two, the Sixth Circuit still found that "the District Court went out of its way to ensure that [the defendant] had adequate access to a law library to research his pretrial motions." Regardless, the issue here is that the Court is exhibiting "an unreason[able] and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983). Mr. Kuhl was granted pro se status the day after the pretrial motion deadline, but moved to proceed pro se at arraignment and before. Defendant has not even been provided the requisite discovery in this overwhelmingly complex case, let alone been afforded the adequate time and resources to conduct his own investigation into the facts and evidence of this case. This is not due to a lack of diligence or pursuance of frivolous issues. Indeed, over 50 phones, obtained by law enforcement agencies, contended to be associated with Defendant, could have been the source of the government's evidence in this case. Thus, Mr. Kuhl needed to ascertain exactly which phones, and when and where they

were seized, are the basis for this indictment. This information was just revealed to Mr. Kuhl by the government's response to his motion for discovery (ECF. No. 123), which Mr. Kuhl just received on the 31st of March. Further, Mr. Kuhl needs to fact check this information due to inconsistencies amongst reports relating to dates phones were transfered between law enforcement agencies, whether phones were broken or had SIM cards in them, dates that phones were searched, and other issues. This fact checking takes time and obtaining information from multiple law enforcement agencies, and cell phone companies.

Further the Court quotes Faretta v. California, 422 U.S. 806, 834 n. 46 (1975) (Page ID. 829) to imply Mr. Kuhl is seeking unfettered freedom to disobey relevant rules of law. This is not the case at all, Mr. Kuhl only asks he be allowed to effectively represent himself and be provided, a fair amount of time to do so, and the requisite discovery he is entitled to and is necessary to prepare effective and fully informed pretrial motions. And quite frankly, the circumstances of this entire case and judicial proceeding don't provide much room to speak of rules of procedural and substantive law.

Next the Court addresses Mr. Kuhl's concerns about his lack of access to discovery and concludes that if discovery yields evidence that affords Mr. Kuhl a non-frivolous basis for a pretrial motion, Defendant may file a motion for leave to file an "untimely" pretrial motion. While Mr. Kuhl appreciates the Court's acknowledgement that

an issue worth challenging may present itself, and the Court is willing to possibly consider such a challenge, this decision is still prejudicial to Mr. Kuhl. This is because Mr. Kuhl desires to raise a speedy trial claim under the Speedy Trial Act and the Sixth Amendment as well as a due process, IDRA, and abstention doctrine violation claim. These issues Mr. Kuhl has repeatedly attempted to raise and recently filed a habeas petition addressing such issues with the Court as a Motion to dismiss, and these issues will not substantiated by resolving the discovery issues. Moreover, a motion to suppress or any "untimely" motion considered by this Court is still not preserved for appeal. See U.S. v. Obiukwu, 17 F.3d 816, 819 (6th Cir. 1994); U.S. v. Sachs, 801 F.2d 839, 847 (6th Cir. 1986). Additionally, it is Mr. Kuhl's intention to raise other challenges that will not be substantially affected by receiving and reviewing discovery materials he is entitled to but have not been provided yet.

Lastly, in the third section of the Opinion and Order - "Request to Extend Pretrial Motion Deadline" - the Court addresses the fact that the scheduling of Defendant's pretrial motion deadline was scheduled before his Faretta hearing (PageID.829). The Court states that by waiving the deadline as to the motions filed in person at the Faretta hearing and shortly thereafter, it has reasonably resolved this issue. The Faretta hearing was on a Thursday and the Court accepted the motions turned in that day, which were not docketed on the record until the following Monday, and two motions Mr. Kuhl sent out in the Jail's mail system before the end of Sunday. This allowed Mr. Kuhl 3-4 days to review

discovery, research adequate law, investigate the facts and evidence of the discovery, and prepare all motions he intended to file in his pro se capacity. Mr. Kuhl urges the Court to allow a reasonable and sufficient period of time for him to adequately and diligently prepare pretrial motions in his defense.

Section Four of the Opinion and Order basically reiterates that the Court waiving the deadline as to motions prepared within 3-4 days, without adequate discovery, is the proper remedy, referring to U.S. v. Walden, 625 F.3d 961 (6th Cir. 2010) for support (PageID. 829). The Court infers that the issues/motions filed inevitably after the deadline could have been raised by counsel before the deadline. Walden dealth with a defendant who was originally granted a ten day extension to the pretrial motion deadline and then pled guilty on the new deadline date. However, the court appointed new counsel to Walden and set the pretrial motion deadline for a month after the newly appointed counsel was assigned to the case. Mr. Kuhl notified the Court that he wished to proceed pro se at the first possible date, February 12, 2025, and before. Yet the Court stuck to the same strict guideline set for Mr. Graham, who supposedly was in trials in January and February, and told Mr. Kuhl that he had barely began viewing the insufficient discovery. Thus, Mr. Graham was prohibited from essentially any motion in Mr. Kuhl's case. Moreover, Walden did not face lack of discovery issues nor did his case involve multiple law-enforcement agencies and search warrants/affidavits and the defendant was not pro se. While Mr. Graham made a conscious

decision as to filing a motion to challenge this case on due process, and speedy trial grounds before or at the competency hearing, he consistently held that such issues would be made after. Once Mr. Kuhl moved to proceed pro se and informed the court of his intention to do so, Mr. Graham abandoned his role as counsel pending the decision of whether or not Mr. Kuhl would be granted pro se status. Furthermore, Mr. Graham stated that interstate commerce challenges must be made due to the serious consideration amongst the Courts to do away with the current interstate commerce standard. Additionally, as mentioned above, Mr. Graham consistently held, that in due time, he would be trying to challenge the search warrants and needed to research and understand all of the complex facts of this case to do so. Almost all of the motions Mr. Kuhl ~~have~~ has filed have to do with issues of the indictment's validity, lack of discovery, misconduct by the prosecution, and constitutional challenges to the statutes. These motions do not require the review, understanding, and investigation into the complexity of this case. Indeed, this review, understanding, and investigation has not been able to adequately be conducted due to the withholding of discovery by the government. Which is why these motions were all filed within 30 days of Mr. Kuhl's Faretta hearing on March 6, 2025.

The fifth section addresses Mr. Kuhl's motions the Court is refusing to hear due to being untimely and requests Mr. Kuhl resubmit them if he so chooses with a motion for leave to file an untimely motion. The Court mandates that, "good cause" for filing a late motion be established in order

for the motions to be decided on the merits. It is also stated that, a party's counsel's decision not to file a motion prior to the deadline, a party's lack of access to legal research, a party's strategy decisions (i.e., sending documents to other courts without retaining copies, and delays in receiving discovery that a party subsequently received as grounds for "good cause" "will all be greatly disfavored." (Page ID.830-831).

As noted above Mr. Graham was swamped in trials supposedly, had not been able to effectively review and study the case, and abandoned his role as counsel once Mr. Kuhl notified the Court of his intent to proceed pro se. So Counsel really was never prepared to file any pretrial motion prior to the deadline.

While Mr. Kuhl does have issues accessing certain resources to obtain sufficient legal knowledge he still filed all of his motions as diligently as feasibly possible and within 30 days of being granted pro se status. Mr. Kuhl did not wait until after the pretrial motion deadline to proceed pro se but did so immediately and as soon as possible. Moreover, Mr. Kuhl has repeatedly raised concern about not receiving discovery and attempted to plea in abatement to deal with challenges to the indictment specifically. However, Mr. Graham did not plea in abatement when Mr. Kuhl demanded he do so. Had Mr. Kuhl been allowed to plea in abatement, the motions challenging the indictment would have been decided before the setting of the pretrial motion deadline. Accordingly, Mr. Kuhl would've been allowed a separate, and hopefully adequate time frame, to file the pretrial motions to dismiss for speedy trial, due process, IDRA, Fed R.

Crim. P. 48(b), abstention doctrine, federalism, Tenth Amendment, and separation of powers violations, as well as motions to suppress evidence.

For these reasons, Mr. Kuhl prays for the relief of the Court to reconsider its decision and extend the pretrial motion deadline, or grant an ends-of justice continuance. Mr. Kuhl has the right to counsel of choice, which is himself, he has the right to effectively defend himself which requires adequate time to review the facts and evidence of this case, research and utilize proper legal challenges, and present those legal challenges in pretrial motions. This cannot be done under the circumstances here with the delay in discovery, ~~de~~ Defendant's pro se status, and the very short and impossible schedule proposed by the Court. Accordingly, Mr. Kuhl pleads that this motion be granted and the deadline be extended no less than 90 days and/or an ends-of-justice continuance be granted. This is in large part due to the lack of discovery and Mr. Kuhl's need to investigate the facts and evidence underlying this case which requires him to utilize resources and avenues that take time to obtain such as FOIA requests, cell phone company records, and expert digital forensics review, as well as other means.

Respectfully submitted,

S. Kuhl April 7, 2025

S. Kuhl 61189510
1035 James P.O. Box 845
White Cloud, MI 49349

Samuel Alexander Kuhl #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

CLERK O

U.S. DIST. COU

399 Fed. Bldg.

110 Michigan NW

Grand Rapids, MI

LEGAL MAIL




COURT

RT

49503