FILED - GR
April 17, 2025 11:34 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 4-17

UNITED STATES OF AMERICA,
Plaintiff,

Case No. 1:23-cr-44
Hon. Jane M. Beckering

v.

SAMUEL ALEXANDER KUHL,
Defendant.

ORAL ARGUMENT REQUESTED

# DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS (ECF No. 133)

The Government realizes its mistakes in the current indictment and now plan to confer with those truly in charge to supersede Mr. Kuhl's indictment. Defendant assumed this would be the case due to the clear fatal defects of the current indictment, and Mr. Kuhl's refusal to "roll over" and let the government do him any way they please. This is a vindictive and arbitrary retaliation against Mr. Kuhl because he is choosing to defend this case to the best of his abilities.

Moreover, the Government has delayed and hindered Mr. Kuhl's ability to fight this case. This has occurred by their intentional delay in bringing this indictment, the delay in bringing Defendant before a Federal Judge, the delay in holding competency hearings, the delay in transporting Mr. Kuhl to a competency restoration ~~hearing~~ facility, the delay in transporting Mr. Kuhl back to the Western District of Michigan from that facility, the delay in providing discovery, the withholding of discovery, and the delay in bringing a

superseding indictment. Now that Mr. Kuhl has successfully challenged the indictment, "Government" must go back to the drawing board.

## GENERAL ISSUES WITH INDICTMENT

Firstly, Count 1 charges a timeframe ~~of May~~ between May and October 2021. During this timeframe the government now states Mr. Kuhl knowingly "induced" (or in the other statutorily listed ways somehow caused) a fifteen-year-old girl to engage in sexually explicit conduct for the purpose of visual depictions of that conduct within the Western District of Michigan (Page ID. 911).

Take note the government avoids the word "used" and ~~insted~~ instead uses the term "induced". Specifically, Mr. Kuhl's Motions to Dismiss addresses the improper application of the term "used" within the indictment (ECF No. 100, PAGEID. 378; ECF No. 103, PageID. 435-40). Accordingly, the Government's response at issue here does not state much as to the sufficiency of Count 1 as it does Count 2 (PageID. 911-12).

Second, the government applies the term "induced" instead of "used", as to what Mr. Kuhl did to get the "15-year-old" girl" to engage in sexually explicit conduct for the purpose of visual depictions of that conduct," (PageID. 911). The government completely omits the word "producing" after purpose.

This is because, as stated in Defendant's Motion To Dismiss, "induce," "persuade," "entice," and "coerce" are terms applied to conduct by the

accused that take place before the minor actually engages in sexually explicit conduct to convince the minor to engage in such conduct (Page ID. 437). These terms are applicable to the narrative alleged in Count 1 that Mr. Kuhl "received and stored photographs." However, the term "used" does not apply to conduct executed remotely, but instead applies when the accused is "actively and directly involved in producing" the sexually explicit depiction (Page ID. 437, quoting Ortiz-Graula v. U.S., 756 F.3d 12, 19 (1st Cir. 2014)). Accordingly, Count 1's lack of specificity, ambiguity, and improper application of the statutory verb "used" renders this charge fatally defective, because by "receiving and storing" photographs, Mr. Kuhl was not "actively and directly involved" in producing said photographs.

Third, Count 1 does not specify the number of "photographs" Mr. Kuhl allegedly received, nor how they display the broadly defined phrase "sexually explicit conduct." Thus, Mr. Kuhl is not aware which "photographs" were presented to the grand jury and cannot claim double jeopardy if he is prosecuted in the future for the same "photographs."

The Government's response repeatedly refers to the discovery to try and justify the lack of specificity and insufficiencies in the indictment. However, a bill of particulars or discovery cannot save a defective indictment. United States v. ~~Panzavect~~ Panzavecchia, 421 F.2d 440, 442 (5th Cir. 1970); see also U.S. v. Salisbury, 983 F.2d 1369, 1376 (6th Cir. 1993) ("A bill of particulars cannot be used to save an otherwise invalid indictment.") (citing Russell v. U.S. 369 U.S. at 769-770, 82 S. Ct. at 1050 (1962)).

Indeed, the discovery does describe at least four visual depictions of the minor, however, the only "photograph," allegedly depicts the minor's buttocks while she is wearing a thong. Moreover, this single "photograph" is alleged to have been sent to Mr. Kuhl on 5/27/2022 which is not in the timeframe charged by the indictment. Further, this single "photograph" is not "hard core" sexually explicit conduct. See Defendant's Motion To Dismiss Coun 1 (ECF No. 100) citing multiple Supreme Court cases holding that the terms "sexual conduct" and "sexually explicit conduct," with respect to child pornography, must show "hard core" sexual conduct (Page ID.382). Accordingly, only one visual depiction is described in discovery ~~and it~~ that Mr. Kuhl allegedly received in the timeframe charged in the indictment, and it is a video, not a "photograph."

Thus, the discovery only provides more ambiguity, confusion, and a lack of certainty as what "photographs" Count 1 is based on and were presented to the grand jury. Therefore, Mr. Kuhl is not properly notified by the indictment of the nature and cause of the charge in Count 1. Nor is Mr. Kuhl able to claim double jeopardy for a prosecution based on these same mysterious "photographs" in the future.

Fourth, Count 1 does not specifically allege what materials were used to produce any visual depiction or who allegedly produced them. Count 1's first statement only tracks a certain portion of 18 U.S.C. §2251 (a)'s text concerning the interstate commerce nexus that is required for a federal court to have jurisdiction. This portion is that which

alleges the "depictions were produced using materials that had" travelled in interstate or foreign commerce. However, the second sentence that, according to the government (PageID. 912), provides a factual summary of how §2251(a) was violated, does not state what materials (if any) were used to produce the "photographs" Mr. Kuhl allegedly "received." Thus, Count 1 is again fatally defective in that it fails to establish the requisite interstate commerce nexus, and fails to clearly notify what Mr. Kuhl allegedly did that constitutes a violation of §2251(a).

Fifth, the failure to provide a consistent identification of the alleged minor victim between Counts 1 and 2 fails to apprise Kuhl of who or how many minors are allegedly involved. Count 1 refers to a "15-year-old girl," the same as Count 2 does, however, Count 2 identifies this alleged victim as "Minor 1" while Count 1 omits this pseudonym.

Count 2 charges two offenses in a single count: Attempted Coercion and Enticement and Coercion and ~~Ent~~ Enticement in violation of 18 U.S.C. §2422(b). Because the first sentence ~~alleges~~ tracks the languge of the indictment, according to the government (PageID. 912), by using the term "attempted" the second statement does not fit the statute's language to constitute an offense. This is because the second statement omits the term "attempted" and alleges Mr. Kuhl actually did convince a 15-year-old girl to have sexual intercourse with him. Thus, Mr. Kuhl is not able to tell if the first sentence is referring to the same minor as the second sentence, nor if it is referring to the same "illegal sexual

activity." Therefore, Mr. Kuhl is not notified of the nature and cause of the charge against him, and cannot ascertain what conduct the grand jury was presented and believed there was probable cause that Mr. Kuhl executed, to constitute a violation of §2422(b).

Indeed, the first sentence states that Mr. Kuhl did "attempt to knowingly persuade, induce, entice, and coerce" an individual under the age of 18. Meanwhile, the second statement omits the words "attempt," "knowingly," and "coerce." (Page ID. 2). As with 18 USC §2251(a), each term of actus reus, "persuade," "induce," "entice," and "coerce" not only constitute a separate and distinct act, they potentially constitute separate offenses. Thus, the indictment fails to notify Mr. Kuhl what specifically it is that he is called to defend himself against.

Moreover, Count 2 does not allege or otherwise state what (if any) overt act constituting a substantial step towards commission of the proscribed criminal activity Mr. Kuhl committed. This is an essential element to any attempted offense. See U.S. v. Williams, 704 F.2d 315, 321 (6th Cir. 1983). Thus, Count 2 does not "fully, directly, and expressly" give all the elements of an attempt offense. Hamling v. U.S., 418 U.S. 87, 117 (1974) (quoting U.S. v. Carll, 105 U.S. 611, 612 (1881)). While Mr. Kuhl may not be entitled to know precisely how the government intends to prove its case, he is entitled to be informed of all the elements of the offense and a "statement of the essential facts" that constitute his conduct established meeting those elements of "the offense charged." Fed R. Crim. P. 7(c).

Again, the government states that the "discovery provided to the defense makes plain the fact that the minor involved in Counts 1 and 2 is the same person," but this is not an adequate resolution for an insufficient indictment (PageID. 912). Moreover, the government's statement the discovery provides "the text messages" between Mr. Kuhl and the minor is false. No text messages between May and October, 2021 have been disclosed to Defendant. The government also states that Defendant "is put on notice that this conduct occurred between May and August 2021" (PageID. 912). This statement refers to the allegation that "Kuhl used cellular telephones and Facebook Messenger to communicate with a 15-year-old female... to have sexual intercourse with him" (Count 2). However, Count 2 alleges this took place between May and October, 2021 or maybe that is only the "attempt" offense, while the actual offense alleged in the second sentence of Count 2 took place only between May and August, 2021.

Additionally, the charging of attempt and a completed offense is not stating the crime was committed by several means; that is charging two offenses. Indeed, a duplicit count has been deemed fixable by proper jury instructions at trial, U.S. v. Savoires, 430 F.3d 376, 380 (6th Cir. 2005), but it leaves uncertain as to which specific offense the grand jury found probable cause to believe was committed. Because the indictment charges a broad time span and alleges multiple means of ~~offenses~~ communication, the duplicity here cannot be cured by a proper jury instruction because it is highly probable the grand jury did not

find probable cause on the same single offense. Thus, Count 2 is not in line with the Fifth Amendment's guarantee that Mr. Kuhl "only be prosecuted for offenses that a grand jury has actually passed upon." U.S. v. Hillie, 227 F.Supp. 3d 57, 70 (D.D.C. 2017). In U.S v. Gomez, CR 23-00732 TUC-JGZ (JR) (D. Ariz. July 19, 2023), the district court ordered the government to ~~provied~~ provide the grand jury transcript for in-camera review to determine whether a count's duplicity was fatal.

The government claims that Defendant's reliance on Hillie to deem the indictment's lack of specificity as misplaced (PageID. 915). Indeed, it is the government that is mistaken. The district court Judge, now Justice, KETANJI BROWN JACKSON, did not grant Hillie a bill of particulars in Hillie 227 F.Supp. (D.D.C. 2017), she dismissed the indictment. Mr. Kuhl urges the Court to read the Hillie decision cited to decide if Mr. Kuhl's reliance is misplaced.

Section 3 of the government's response states "Kuhl may not understand how the charges differ." (PageID. 917) The government goes on to state that Count 1 clearly alleges Mr. Kuhl somehow persuaded a minor. Mr. Kuhl disagrees, due to the fact the second sentence of Count 1 specifically alleges Mr. Kuhl only "used" a minor, which Mr. Kuhl has clearly shown by citing several circuit court cases, that this application of the term "used" is improper in the context of "receiving and storing photograhs." See ECF No. 103, PageID. 435-40.

The government then states that Count 2 alleges Mr. Kuhl affected commerce when he communicated with a minor to somehow persuade him

or her to engage in sexual intercourse with Mr. Kuhl under circumstances constituting a state crime (Page ID. 917). However, Count 2 does not allege Mr. Kuhl affected commerce by communicating with a minor. Perhaps it is necessary to inform the government of the three categories of activity the Supreme Court has incorrectly found Congress can "regulate" under the commerce clause. These three categories are (1) the channels of interstate commerce; (2) the instrumentalities of interstate commerce; and (3) activities that substantially affect interstate commerce. U.S. v. Lopez, 514 U.S. 549, 558-59 (1995). Count 2 does not allege that Mr. Kuhl's conduct affected commerce, it alleges he used facilities of interstate commerce, which has incorrectly been deemed can be criminally punished by Congress. The Founders never foresaw the technological advances of private communications no way related to trade or "commerce" would be criminalized under the Commerce Clause. Mr. Kuhl urges the Court and government to read Mr. Kuhl's motion challenging jurisdiction in this matter under the Commerce Clause.

According to the government, Count 1 requires an effort by the defendant to obtain visual depictions of a minor engaged in sexually explicit conduct in a manner affecting interstate commerce. Mr. Kuhl disagrees, 18 U.S.C. §2251(a) does not criminalize trying to obtain such visual depictions. It criminalizes trying to convince a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct and somehow meets the interstate commerce nexus. §2251(a) also prohibits such visual depiction production without

convincing the minor ("use" term). Efforts to "obtain" child pornography are more consistent with 18 USC §2252A(a)(2)(A) and (B); §2252A(a)(3)(B) violations.

The government also misunderstands what 18 USC §2422(b) prohibits. Accordingly, the government states that Count 2 requires interstate communications with a minor for the purpose of engaging in illegal sexual activity. (Page ID. 917) However, Count 2 does not allege such and this is not what is required. The communications can be between neighbors, so long as such communications are by phone or internet service. Further, those communications must amount to persuasion, inducement, enticement, or coercion, simply agreeing to engage in illegal sexual activity is not enough. Indeed, Count 2 does not allege any interstate communication took place. Moreover, the government states "[u]nder Section 2422, a defendant must have engaged in criminal chargeable sexual activity or prostitution." (Page ID. 917)

This substantial misunderstanding by the government of the statutes Mr. Kuhl is ~~violating~~ charged with violating only causes more serious concern as to whether the grand jurors were properly instructed, and what narrative and evidence was presented to, and passed upon, by them. Indeed, as Mr. Kuhl shows by citing numerous cases in his Motion To Dismiss Count Two Based on Cruel and Unusual Punishment (ECF No. 111), a conviction under §2422(b) does not require proof that the accused even intended to engage in illegal sexual activity with a minor, let alone actually did engage in such. The

crime is to achieve a mindstate of assent in the minor, or attempt to do so, to engage in sexual activity that is illegal. Thus, §2422(b) criminalizes persuasion according to the courts. See ECF No. 111 PageID. 590-91.

Regardless, the defective indictment does not allege what "sexually explicit conduct" was specifically depicted in the "photographs" Mr. Kuhl allegedly received and stored. Indeed, the sexual intercourse alleged to have taken place in Count 2 meets the statutory definition for the phrase "sexually explicit conduct" of Count 1. Thus, the same conduct definitely can and does constitute a violation of § ~~22422~~ 2422(b) and §2251(a).

The Government then seems to misinterpret Mr. Kuhl's challenge to Count One, which seems was intentional. This occurs in section 5 of the Government's response at issue (PageID. 920). The issue Mr. Kuhl raised as to Count One, as mentioned above, the "photographs" are not identified as to what types of "sexually explicit conduct" they depict, nor how many there are. Thus, he cannot protect himself from double jeopardy if later charged for one of the same "photographs" in the future. Moreover, he cannot ascertain what it is he is called to defend against.

In section 6, the government addresses Mr. Kuhl's motion to dismiss Count 2 due to its punishment being cruel and unusual (ECF No. 111). Mr. Kuhl concedes the bar is high to deem a sentence unreasonable, which is all the government argues. It does not

address that every state within the U.S. does not punish statutory rape as harshly as §2422(b) punishes the persuasion of a minor to assent to any "sexual activity" that can be charged as a misdemeanor or felony, regardless if the persuader ever truly intended to engage in the activity.

Moreover, the Government does not address the fact that sex offenders have almost the lowest recidivism rate, nor how many federal judges have stated reluctance to impose the statutory mandatory minimum of ten years in certain cases. Neither, is the fact addressed that the alleged victim lied that she was 17 years old multiple times for months in this case. Also, the Government does not address the fact Mr. Kuhl was already being prosecuted under Michigan law which the Government has completely interrupted and preempted. Nor is it addressed that every state, including Michigan, has penalties and statutes violating this same conduct and Mr. Kuhl's crime is not a commercial crime and does not affect commerce.

Moreover, the Government does not touch on the massive disparity between 18 U.S.C. §2243, which punishes actual physical sexual activity, and §2422(b) which punishes persuasion. The Government also does not address why §2251(a) has a higher statutory minimum, but a lesser maximum than §2422(b). This is most likely because they have no reasonable explanation and also do not honor these common sense severe issues because of

the almost impossible burden of invalidating a statute or sentence due to the penalty being cruel and unusual. Still, this does not negate from the severe disparities in sentencing for §2422 and state crimes of a more severe nature. Nor does it negate from the fact that the disparities between the federal statutes referenced above is a cause for serious concern. Attached is an article from the "Sentencing Project" discussing the reasons why the severe terms of imprisonment and subsequent requirements to register as a sex offender is not the appropriate resolution. It also discusses key statistics and other valuable information that Mr. Kuhl deeply urges the Court to spend some of its valuable time to review.

For these reasons, Mr. Kuhl prays for the relief that the indictment be dismissed if a superseding indictment is not returned. The grounds are the insufficiency of the indictment in that it fails to state an offense, violates the guarantees of the Fifth and Sixth Amendment, and is fatally duplicitous and multiplicitous. Further, Count Two is unconstitutional due to its cruel and unusual punishment and its punishment's disparity from the above-referenced federal statutes.

Respectfully Submitted,

S. Kuhl ~~April~~ April. 11, 2025

S. Kuhl 61189510
1035 James P.O. Box 845
White Cloud, MI 49349

S. Kuhl 611895IO
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI
49599 #10 AM
MON 14 APR 2025

Clerk of Court
U.S. Dist. Court
399 Fed. Bldg.
110 Michigan [illegible]. NW
Grand Rapids, MI 49503

LEGAL MAIL