UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

aintiff, Case No. 1:23-cr-44

v. Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.

FILED - GR
May 5, 2025 12:31 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: KB 5/5

# Motion Requesting Discovery And Clarification

Defendant brings this request for discovery materials and clarification in good faith and in accordance with this Court's Standing Order Regarding Discovery In Criminal Cases. The materials requested under discovery are as follows:

1. Inventory of seized items under the January 25, 2023 Search Warrant, and the exact date such search occurred.

2. Inventory of seized items under the February 8, 2023 Search Warrant, and the exact date such search was executed.

3. A clear description from the government as to the number of VIDEOS the government intends to produce at trial, as well as a description of the nature of sexually explicit

conduct each video depicts. (Masturbation, lascivious exhibition of the genitalia, etc.)

4. The date and time each depiction (video) was produced, as well as the date and time Defendant allegedly received such videos. (Referenced in no. 3 above)

5. The materials used to produce such videos and the location of where such materials were manufactured.

6. Evidence and records logs as to the two phones searched under the January 25, 2023 search warrant. This request concerns the phones' locations they were held since being sent to FBI SA Brent Johnson on or about December 6, 2022, as well as all extractions taken from those two phones, the dates such extractions occurred, who made those extractions, when such extractions were accessed, who they were accessed by and for how long. Further, a description of any copies made of such extraction as to the date, number, and purpose.

7. Evidence and record logs as to any phone(s) turned over to the FBI from MSP, ~~sep~~ specifically from the Wyoming

traffic stop and arrest. This includes any extractions from such phones which may have also been turned over to FBI from MSP. This also includes the date, location, and time such phones and/or extractions were taken into FBI custody and who performed such taking. Where were these phones and extractions kept, when were they accessed and for how long, who accessed them, and what copies were made of such extractions and the purpose of those copies.

8. Inventory of items seized under March 8, 2022 Facebook Search Warrant and the date such search was executed.

9. Inventory of items seized under June 29, 2022 cell phones Search Warrant and the date such search was executed.

Reasons For Requested Materials

1. This matter was only briefly discussed ~~under~~ during the April 29th hearing on ECF Nos. 145 and 159. The Court basically told the Government to look into it. Thus, Mr. Kuhl seeks an affirmative order that the government disclose these materials/information, as Defendant has received the Search Warrant and supporting application. However, there is no

exact date and time the Search Warrant was executed as required under Fed. Rule Crim. P. 41(f)(1)(A). Nor was an inventory prepared and verified as required under Fed. Rule Crim. P. 41(f)(1)(B), at least one was not provided to Mr. Kuhl. A failure to return such material violates Fed R. Crim. P. 41(f)(1)(D). This information was also required to be forwarded to the Court clerk pursuant to Fed R. Crim. P. 41(i).

2. Same reasons as number 1 above.

3. The indictment alleges Mr. Kuhl specifically received and stored "videos" in Count 1 (Superseding Indictment). However, speaking to Mr. Graham it seems that he was shown at least 3 still photos and 2 videos. The Discovery describes only 1 still photo and 3 videos.

4. Because the limited context test only permitting evidence directly related to the production of the depictions is to be applied, this information is required to compare to the message transcripts around such information to adequately defend against the allegation Defendant caused the production of the depictions.

5. Count 1 alleges that the materials used to produce these depictions were transported in or affecting interstate or foreign commerce. However, there is no mention as to what materials were used to produce any depiction or who produced such depictions.

6. Due to the deficiencies in properly executing the searches and seizures of the warrants described in nos. 1, 2, 8, and 9 of the requested materials, Mr. Kuhl requests this information to analyze whether federal law enforcement followed the law and departmental policies and procedures when handling evidence in this case. This evidence is not only possible Brady material, Mr. Kuhl has a right to disclosure of chain of custody ~~informat~~ information. On top of this, Mr. Kuhl has located several inconsistencies, falsities, and misconduct, which will briefly be laid out in bulletins below.

* CSC and use of a computer to commit a crime being described as the criminal activity that the Wyoming PD Search Warrant sought evidence of. (See Ex. 1 page 3 of affidavit)
* Discrepancies within MSP reports: 1) Pages 2-4 of Original Incident Report FIT-00087-22 state MSP Trooper Gensterblum received CCU Report #2980-2022-0002, Kuhl's Blu/Grn Samsung Galaxy S21, and 16GB Lexar Flash Drive containing the Samsung's extraction on 10/31/22, however, the date of the report is 10/30/22;

2) Page 2 of Supplemental Incident Report 001 of FIT-0000087-22 describes the interview with Minor 1 that occurred on 11/09/22 but this Supplemental Incident Report 001 is dated 11/03/22; 3) Page 1 of the Original Incident Report FIT-0000091-22 contradicts FIT-0000087-22 by stating that Gensterblum received the cell phone extraction on 10/28/22 instead of 10/31/22; 4) Gensterblum's affidavit for search warrant of the cell phone extraction received from Wyoming PD states in Paragraph 2 that Gensterblum began investigating fraud on 10/26/22 after Wyoming PD secured a search warrant for Mr. Kuhl's phone for information related to drug trafficking, and statement 3 of the affidavit states this is when Gensterblum "came across" the text conversation between Defendant and Minor 1 - this 10/26/22 is inconsistent with the 10/28/22 and 10/31/22 dates; 5) Page 1 of Original Incident Report FIT-0000091-22 states that Gensterblum came across CSAM after analyzing the cell phone extraction and Page 1 of Supplemental Incident Report 001 FIT-0000087-22 states that an initial examination of the extraction from Defendant's phone revealed images of possible CSAM, however, Genderblum states in his affidavit seeking a warrant to examine the phone extraction, that he initially came across a conversation which seemed sexual in nature after reading further between Minor 1 and Defendant, this is also

what MSP told Mr. Kuhl during an interview in the Kalamazoo County Jail and the narrative the government is seeming to adapt (ECF No 123, PageID. 773); 6) The Original Incident Report FIT-0000091-22 is dated 11/07/22, but describes an interview of Minor 1 that took place on 11/09/22; 7) Supplemental Incident Report 001 FIT-0000091-22 displays that it was journaled on 11-22-22, but the supplementary date is 11/29/22 with no reference as to who made the supplement or when it was journaled.

* These are only some inconsistencies, there are also more within the Wyoming PD report and supporting chain of custody report as well as failures to follow departmental policies. The same is for the Incident Property Report of the MSP.

7. Same as no. 6 above.

8. Same as no. 1 of this section.

9. Same as no. 1 of this section.

FURTHER MATERIALS REQUESTED UNDER DISCOVERY

1. Policy and ~~prod~~ procedure manual as to the maintaining and reviewing of evidence for the FBI.

2. Any relevant evidence of a criminal conviction of Minor 1 according to Fed. R. Evidence 609 (a) and/or (d). Also, is possible exculpatory evidence requiring disclosure under Brady Doctrine.

## Reasons For Further Discovery Materials

1. Will allow Mr. Kuhl to ascertain whether SA Buttery, SA Brent Johnson, TFO John Stolsonburg, or any other federal law enforcement officer properly maintained and reviewed evidence in this case. This ~~includ~~ includes policy and procedure to follow when using mobile device forensic tools to produce and examine extractions.

2. This information may be used to discredit the witness at trial as well as disprove claim of vulnerability or innocence by the witness (Minor 1). Whether or not deemed admissible should be decided by this Court after disclosure to allow both parties to provide reasons for or against admissibility.

These requests for discovery materials complies with the

time prescribed by this Court's Standing Order Regarding Discovery In Criminal Cases. It should go without saying that any possible exculpatory evidence as to Minor 1's conduct or character must be disclosed under Brady as well. Such evidence includes, but is not limited to, any such Brady material obtained by the records seized from Minor 1's Facebook by MSP Trooper Gensterblum pursuant to the January 11, 2023 execution of the Facebook search warrant.

## Manners That Need Clarification

1. Are the motions filed prior to the superseding indictment but after the deadline still applicable, or must they be refiled? This includes those dismissed as untimely.

2. Defendant's Motion To Compel (ECF No. 145) specifically sought the disclosure of the materials therein, only if the Court determined that sanctions or dismissal for delay and withholding of disclosure was not appropriate. Has the Court decided that sanctions or disclosure is inappropriate?

3. Mr. Kuhl requests an ends of justice continuance, but still maintains his right to a speedy trial once such a continuance,

if granted, ends. The reasons for this continuance are as follows.

1. Allow Defendant to review the voluminous texts and Facebook Messenger Transcripts once they are received.

2. Enable Defendant to confer with Forensics expert to decide on what evidence may be challenged after his initial examination of the Government's extractions and the cell phones involved in this case. Further investigation including the expert examining the extractions using the same devices used by law enforcement in the investigation leading to this indictment to essentially replay exactly how each review of the extractions was executed. This will hopefully reveal exactly how Gensterblum supposedly "came across" this evidence of criminal activity sexual in nature.

4. Allow Defendant to adequately reveal the materials, if granted, requested by this motion and study and raise any valuable arguments accordingly. Such arguments may consist of mishandling of evidence, chain of custody violation, tampering or altering of evidence, improper/unlawful search and seizure, and more.

Cases laying ground to support such arguments described in no. 4 above are: U.S. v. Bennett, 363 F.3d 947 (9th Cir. 2004);

Harbor Healthcare Sys., LP v. U.S., 5 F.4th 593 (5th Cir. 2021); U.S. v. Aviles, 623 F.2d 1192 (7th Cir. 1980). Indeed, Mr. Kuhl can substantial evidence of foul play in multiple instances, but one that is probably most prominent is CSC being listed as the crime suspected in the Wyoming PD affidavit that was prepared supposedly before any sexual criminal evidence was discovered. Further, the blatant lie that a SIM card was taped to the back of the Samsung seized by Wyoming PD. Mr. Kuhl will gladly submit to a polygraph test on this SIM card matter as further support of altering / tampering of evidence and foul play.

## Conclusion

Wherefore, Mr. Kuhl submits this motion in good faith and full respect. He prays simply for the relief requested to be afforded an oppurtunity to adequately investigate this case and all its evidence and effectively defend himself against the pending charges.

Respectfully Submitted,

S. Kuhl April 30, 2025

S. Kuhl 61189510

SAMUEL ALEXANDER KUHL #61189-510
NEWAYGO COUNTY JAIL
P.O. BOX 845
WHITE CLOUD, MI 49349

2.90

FOREVER USA

FOREVER USA

FOREVER USA

FOREVER / USA

U.S. District Court
399 Fed. Building
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL