UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
May 8, 2025 12:06 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: KB/5/8

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

*Oral Argument Requested*

# EXPEDITED
# MOTION TO DISMISS INDICTMENT

Defendant now comes before the Honorable Court proceeding pro se, respectfully requesting dismissal of Counts 1 and 2 of the Superseding Indictment. Defendant brings this motion pursuant to Fed. R. Crim. P. 12 and the Fifth and Sixth Amendments to the U.S. Constitution.

## BACKGROUND

April 25, 2023 Defendant was indicted in this federal district on two felony counts. Count 1 charged a violation of 18 U.S.C. §2251(a) (Sexual Exploitation of a Minor) and attempted violation of 18 U.S.C. §2251(a),(e). Count 2 charged a violation of 18 U.S.C. §2422(b) (Enticement and Coercion of a Minor) and attempted violation of 18 U.S.C. §2422(b). (ECF No. 1)

After an almost 2-year delay, Defendant was arraigned on

February 12, 2025. Mr. Kuhl moved to proceed pro se and was granted that status at a hearing on March 6, 2025. That same day, Mr. Kuhl submitted four motions seeking dismissal of at least one or both Counts of the indictment (ECF. No. 100-103). The motions were based on duplicity, multiplicity, ambiguity/lack of specificity, failure to state an offense, and unconstitutional under the Fifth and Sixth Amendments. In other words, the motions challenged the indictment's validity on its face.

On April 3, 2025, the Government filed a response to Defendant's dispositive motions claiming the indictment was sufficient in it's entirety. However, in this response (ECF No. 133), the Government made it clear it intended to seek a superseding indictment and for this reason the Court may wish to defer deciding these matters (Page ID. 911).

Accordingly, a superseding indictment was filed on April 15, 2025 (ECF No. 147). Ironically, only the language of both counts and the timeframe charged were amended in the superseding indictment. Mr. Kuhl asserts that this superseding indictment also is fatally defective. Defendant will do his best to briefly, but adequately state why.

## I. DUPLICITY

Legal Standard

Under Federal Rule of Criminal Procedure ~~12(b)(3)(A)(i)~~ 12(b)(3)(B)(i), a Defendant may file a motion to dismiss counts of an indictment based on duplicity. "The familiar rule prohibiting duplicitous pleading... is that

an indictment may not join in a single count two or more ~~separate~~ distinct ~~offense~~ and separate offenses." United States v. Saleh, 875 F.2d 535, 537 (6th Cir. 1989). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense[.]" U.S. v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981) (quoting U.S. v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir. 1976)); see also U.S. v. Savoires, 430 F.3d 376, 377-81 (6th Cir. 2005) (finding plain error and vacating conviction where indictment charged two separate and distinct crimes in same count).

"An attempt to commit a crime is, as a general rule, an indictable offense, which is separate and distinct from the crime itself." 22 C.J.S. Criminal Law: Substantive Principles § 150; see also 21 Am. Jur. 2d Criminal Law §149 ("An attempt to commit a crime, when punishable, is an offense that is separate and distinct from the crime that was attempted.") Indeed, the offense of attempt has separate and different elements from the completed offense which is alleged to have been the target of the attempt. In U.S. v. Williams, 704 F.2d 315 (6th Cir. 1983), the Sixth Circuit generally defined the two requisite elements of an attempt as: "(1) an intent to engage in criminal conduct and (2) the performance of one or more overt acts which constitute a substantial step towards the commission of the substantive offense." Id. at 321; see also U.S. v. Pennyman, 889 F.2d 104, 106 (6th Cir. 1989) ("The government must establish two essential

elements: (1) the intent to engage in the proscribed criminal activity, and (2) the commission of an overt act which constitutes a substantial step towards the commission of the proscribed activity")).

Accordingly, an indictment that charges both a completed offense and attempt in the same count is duplicitous. For example, in U.S. v. Varela, CR-21-00955-TUC-JCH (EJM), 2022 WL 2187746 (D. Ariz. June 17, 2022), the defendant was charged in part, in a single count, with assault by strangling, as well as by attempting to strangle, each in violation of 18 U.S.C. §§ 1153 and 113(a)(8). Id. at 1. The court found this count to be duplicitous because it charged two separate offenses - the offense of completed conduct and the offense of attempted conduct - in one count. Id. at 8, report and recommendation adopted, 2022 WL 4537062 (D. Ariz. Sep. 28, 2022). As the court explained: "The vices of duplicity arise from breaches of the defendant's Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count. A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted." Id. at 2; see also U.S. v. Romero-Coriche, 840 Fed. Appx. 138, 140 (9th Cir. 2020) (finding plain error and vacating convictions on counts 2 through 11 of indictment because each improperly charged both a completed transportation and harboring of undocumented immigrants offense and

the corresponding attempt offense); U.S. v. Ramirez-Martinez, 273 F.3d 903, 914 (9th Cir. 2001) (reversing convictions on duplicity grounds where indictment charged separate and distinct offenses of attempted transportation and transportation of undocumented aliens in same count), overruled on other grounds by U.S. v. Lopez, 484 F.3d 1186 (9th Cir. 2007); U.S. v. Watkins, 2022 WL 3139381, at 5 (S.D. Ohio Aug. 5, 2022) (recognizing counts 2 through 8 of indictment were "duplicitous and would have been dismissable on a motion prior to trial" because they charged both distributing and attempting to distribute controlled substances, but denying habeas relief on other grounds).

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Federal Rule of Criminal Procedure 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." U.S. v. Fofanah, 24 Cr. 85-2, at 4 (AT) (S.D. N.Y. Apr. 18, 2025) (quoting U.S. v. Sturdivant, 244 F.3d 71, 75 (2nd Cir. 2001)).

Citing U.S. v. Kandic, 23-7146, 2025 WL 1085208, at 3-4 (2nd Cir. April 11, 2025), the Fofanah court recognized three possible sources of prejudice. 1) Whether the indictment deprives a defendant of his right to a unanimous verdict, thereby raising Sixth Amendment concerns and undermining the basis for appropriate sentencing; 2) whether the indictment implicates the Double Jeopardy Clause of the Const. by creating the possibility that a defendant could be prosecuted a second time for the same offense; and 3) whether the indictment

implicates a defendant's right to notice of the charge against him by failing to properly alert him to what charges the government seeks to prove.

Argument - Count 1

a. Attempt and Completed Offenses Charged in a Single Count

Count 1 charges a timespan of almost 16 months between May 8, 2021, and August 31, 2022. The original indictment also charged a broad and vague timespan, but only between May 13, 2021, and October 31, 2021. Due to this even broader timespan and the language alleging that Mr. Kuhl "persuaded, enticed, and used a 15-year-old girl (Minor 1) to engage in sexually explicit conduct and received and stored videos of that conduct using his Samsung and iPhone cellular phones, both of which were manufactured outside of the United States," it seems it is the Government's contention that Defendant received at least two videos of Minor 1 engaged in sexually explicit conduct. It does not seem that Mr. Kuhl attempted to receive these videos, but actually did so.

However, the first statement, which only tracks a portion of the statutory language, states that Mr. Kuhl "knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, and attempted to do so, which depictions were produced using materials that had been mailed, shipped, or transported in or affecting

interstate or foreign commerce by any means, including by computer."

Accordingly, the "attempted to do so" language renders Count 1 duplicit in that it charges an attempt to violate 18 U.S.C. §2251(a), as well as a completed violation. The overwhelmingly broad timeframe of Count 1 surely creates a possibility that Mr. Kuhl did violate 18 U.S.C. §2251(a) and also attempted to do so, but there is no specific description of the alleged attempt offense. Sepecifically, the second statement of Count 1 one does not specify any overt acts, if any, Mr. Kuhl performed that constitute a substantial step toward the completed offense of Sexual Exploitation. Neither is any specific date as to when a "video" was produced, nor any specific date as to when Mr. Kuhl allegedly received these ~~photo~~ "videos" and stored them, let alone attempted to do so.

Defendant previously filed a motion to dismiss the original indictment on grounds that both Counts were duplicitous and multiplicitous. (ECF No. 102). Attached as Exhibit 1 to that motion is the original indictment returned against Charles Hillie in the U.S. District Court for the District of Columbia. (ECF 102-1 Page ID. 410-423) Hillie had secretly planted cameras throughout his home to secretly record his two minor step daughters. The Government contended some of the surreptitous recordings depicted sexually explicit conduct of one or both of Hillie's step daughters, but some of the secret recordings did not. Accordingly, the Government charged Hillie with Production of Child Pornography in violation of 18 U.S.C. § 2251(a) in Counts 1, and 2 (ECF No. 102-1 PageID. 410 and 411), and

Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e) in Counts 4-7 (ECF No. 102-1 PageID. 412-415).

The original indictment was deemed defective essentially because it did not contain a statement describing Hillie's specific conduct, but only tracked the language of the statute. Point being, the indictment in Hillie did not charge an attempt and completed offense in the same count. In U.S. v. Elam, 1:24-cr-172 (W.D. Mich), the indictment does not charge an attempt and completed offense of §2251(a) and (e), but instead charges completed offenses in stricter timeframes, as well as provides a description of the nature of the sexually explicit conduct that was depicted.

To prove a completed offense under §2251(a) as alleged by the Government in Count 1 of Mr. Kuhl's indictment, 3 essential elements must be established: 1) the victim was less than 18 years old; 2) that the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take place in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and 3) that the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce. See U.S. v. Malloy, 568 F.3d 166, 169 (4th Cir. 2009). Thus, a completed offense requires proof a depiction was actually produced, while an attempted offense does not.

Accordingly, Count One only describes that Mr. Kuhl actually

received "videos" that were produced, but does not described how he persuaded, enticed, and used a minor to attempt to produce any depictions, nor what depictions were attempted to be produced. For this reason, Mr. Kuhl cannot ascertain what offense the grand jury found probable cause Mr. Kuhl committed as to Count 1. Indeed, the Government misunderstands the prohibited conduct of §2251(a). Specifically, in the Government's response to Defendants' motions to dismiss (ECF No. 133), "Section 2251 is not aimed at the act of receipt or collection of child pornography, it is aimed at the persuasion," is the Government's claim. While it says "persuade" is a stand in for all other methods of inducing a minor to engage in sexually explicit conduct, not all of the verbs of §2251(a) require inducement or persuasion. (Page ID. 921) That is why the verb "use" is present in §2251(a)'s language, it is specifically aimed at "production" of child pornography, regardless of how the minor was involved, and legislative history supports this.

With that being said, a completed offense in violation of §2251(a) requires proof a depiction of sexually explicit conduct was produced, whether that be by testimony that is credible, or presence of the actual depiction. However, an attempted offense does not. Either, one can attempt by trying to persuade a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction and fail, or a person can produce a depiction for the purpose of capturing a minor engaged in sexually explicit conduct but the depiction does not satisfy the statutory definition of sexually explicit conduct

under 18 U.S.C. § 2256. These are two examples of attempted production of child pornography.

Count 1 states specifically that Mr. Kuhl persuaded, enticed, and used Minor 1 to engage in sexually explicit conduct and received and stored "videos" of that conduct. While Count 1 does not state an offense in violation §2251(a), it does clearly allege that a minor engaged in sexually explicit conduct due to Mr. Kuhl persuading, enticing, and using her, and that he received "videos" of that conduct. Thus, only a completed offense could possibly be wrongly stated by Count 1 because sexually explicit conduct involving a minor is depicted. There is no ~~completed~~ attempted offense stated other than that, Mr. Kuhl "attempted to do so." Accordingly, Count 1 is duplicitous because the "and attempted to do so" language, and therefore, it should be dismissed. Also, due to the excessively broad timespan of 16 months, Mr. Kuhl does not know what he has to defend against and (Cannot claim double jeopardy) if later a separate charge for attempted or completed production of child pornography in this same time span involving this same minor. Also, the grand jury seems to have found probable cause Mr. Kuhl committed production and attempted production, but the government will be permitted to prove only one or the other for a conviction, and thus not prove what the grand jury actually charged.

b. Count 1 States Mr. Kuhl Received and Stored Videos in the Plural

The original indictment stated that Mr. Kuhl allegedly received

and stored "photographs," but the superceding indictment says "videos." Mr. Kuhl originally challenged this issue and the Government responded to this issue in its response to Defendant's motions to dismiss (ECF No. 133).

The Government cited U.S. v. Sibley, 681 Fed. Appx 457 (6th Cir. 2017) in its response (Page ID. 920), implying that charging multiple depictions in one count cannot be prejudicial. Sibley's charge was based on a ten-day period during which he personally took pictures of a 17-year-old girl engaged in sexually explicit conduct. Sibley argued that some jurors in his trial might have thought he took some photos while other jurors may have thought he took others and thus, convicted him without reaching a unanimous verdict as to any one photo. Because Sibley did not raise this issue in the district court, the Sixth Circuit reviewed it only for plain error. Accordingly, the Court held that because the victim testified that Sibley took all 9 photos at issue, and Sibley points to nothing in the record that would allow a juror to infer that he had taken some of the photos but not others, his substantial rights were not affected.

Firstly, the Government does not allege Mr. Kuhl personally produced any depictions of Minor 1, but that he received and stored videos of her engaged in sexually explicit conduct. As addressed previously in Defendant's Motions to Dismiss the original indictment, the verb "used" in the context of §2251(a) refers to direct personal involvement in the production. Thus, the verb "used" does not fit

the narrative Mr. Kuhl received and stored "videos." Additionally, the Government seems to misunderstand §2251(a), in that it believes the statute is aimed at the persuasion of a minor (Page ID.721). Not only does this create a high probability that the grand jury was improperly instructed and thus misled, it greatens the prejudice to Mr. Kuhl under the duplicitous Count 1.

This is because some grand jurors may have thought Mr. Kuhl's alleged persuasion to receive a ~~picture~~ video constituted production even if that video was not "produced" by his persuasion. Further, some videos may have been assumed to be sent by Mr. Kuhl's persuasion while others were not, and thus the multiple videos were not each agreed upon by the grand jurors. Moreover, some "videos" the grand jury may not have believed were sexually explicit but were still sent due to Mr. Kuhl's persuasion and thus he violated §2251(a).

Additionally, some videos may have been sexually explicit in the eyes of the grand jurors and even though Mr. Kuhl did not persuade the minor or seek the videos in any way, he still violated §2251(a) in that he "used" the minor. However, simply receiving sexually explicit videos of a minor is not a violation of §2251(a). The word "used" applied to the allegation Mr. Kuhl "received and stored videos" does not make sense. Especially alongside "persuade" and "entice" which apply to conduct performed before the production and can be done remotely while "use" cannot. See Defendant's previous Motion to Dismiss the original indictment (ECF No. 103, Page ID. 435-441).

Just as these duplicity issues question the probable cause finding of the grand jury, they threaten the possibility that the petit jury will convict Mr. Kuhl without a unanimous verdict to any one "video."

Argument - Count 2

a. Attempted and Completed Offenses in a Single Count

According to the Government, "[u]nder Section 2422, a defendant must have engaged in criminal chargeable sexual activity or prostitution." (ECF No. 133, Page ID. 917) Thus, an attempt to violate §2422(b) under this logic cannot be one of several means to commit the completed offense under 2422(b) as the Government seems to suggest (ECF No. 133 PageID. 918), citing United States v. Aracri, 968 F.2d 1512, 1518 (2nd Cir. 1992). Clearly, the second statement of Count 2 alleges Mr. Kuhl did engage in sexual intercourse with Minor 1, not that he attempted to do so. Accordingly, the language "and attempted to do so" renders Count 2 duplicit in that it charges two separate and distinct crimes.

The fact that the Government seems to prohibit the persuasion to engage in sexual activity that is illegal, and that a completed offense requires the illegal sexual activity to occur, just provides further support that §2422 is unconstitutionally vague. This is due to a common sense reading by the Government, however §2422(b) has been inconsistently applied in different contexts to the point no ordinary person can know what it truly prohibits. Regardless, the

attempted and completed offenses charged in a single count is duplicity and Count 2 is defective.

The contention that adequate jury instructions can ~~complete~~ mitigate any risk of jury confusion and alleviate doubt of a nonunanimous verdict as to the same offense cannot suffice. It goes beyond the petit jury; there is no telling what the grand jury passed upon. Was it a completed or attempted offense or both? Count 2's language seems to say both offenses were passed upon. Due to the broad ~~language~~ time frame charged it is a chance multiple instances of sexual intercourse is alleged to have occurred in this case, as well as attempts to do so. However, what Mr. Kuhl attempted to persuade the minor to engage in that was illegal sexual activity is not specified. Accordingly, Mr. Kuhl could be charged with a separate instance of conduct at a later date even though the conduct occurred in the same time frame as Count 2.

For there reasons, Count 2 is duplicitous and must be dismissed. No "proper jury instruction" can save this broad vague charge from its duplicity.

## II. MULTIPLICITY

### Legal Standard

Under Fed. R. Crim. P. 12(b)(3)(B)(ii), a defendant may file a pretrial motion to challenge an indictment for charging the same offense

in more than one count (multiplicity). It is impermissible to fractionate a single, continuous offense growing out of one transaction and involving one period of time into several parts and to denominate each part as a separate offense. In re Snow, 120 U.S. 274, 7 S. Ct. 556 (1887). A multiplicitous indictment charges a single offense in more than one count. United States v. Swafford, 512 F.3d 833, 844 (6th Cir. 2008). Multiplicity may result in multiple sentences for a single offense, risking violating a defendant's Fifth Amendment right to not be put in double jeopardy. United States v. Whaley, 3:10-CR-169, 2012 WL 1193352 at 18 (E.D. Tenn. Mar. 5, 2012), report and recommendation adopted, 2012 WL 1220582 (E.D. Tenn. Apr. 9, 2012). It is also highly prejudicial because it "may falsely suggest to a jury that a defendant has committed not one but several crimes." United States v. Duncan, 850 F. 2d 1104, 1108 n.4 (6th Cir. 1988).

As explained by one court, "Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue. Compromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system." See United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992).

Argument - Counts 1 and 2

a. Due to the Indictment's deficiencies and Languge Both Counts Charge

the Same Offense

Count 1 specifically alleges that Mr. Kuhl persuaded, enticed, and used Minor 1 to engage in sexually explicit conduct and received and stored videos of that conduct (PageID. 1053). The issues are 1) the broad time frame "between on or about May 8, 2021, and August 31, 2022 is the ~~xact~~ exact same timeframe specified in Count 2 (Page ID. 1054); 2) the "sexually explicit conduct" is not even briefly described, and the sexual intercourse of Count 2 is defined as "sexually explicit conduct" under 18 U.S.C. §2256; 3) Count 1 and 2 allege that Mr. Kuhl persuaded and enticed Minor 1; and 4) the alleged victim is the same for both counts.

Because the timeframes overlap it is clear that these alleged crimes occurred during the same broad timeframe. There is no distinction within the indictment as to when Count 1 and Count 2 took place, nor where they took place. This is one factor that supports these counts are multiplicitous of one another. It is imperative to note that any evidence outside of the indictment cannot be considered when assessing the indictment's sufficiency. See United States v. Sampson, 371 U.S. 75, 78-79 (1962). Indeed, "[a] motion to dismiss is limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the government." United States v. Scott, 10-20235, at 2 (E.D. Mich. Mar. 13, 2013).

Sexual intercourse is sexually explicit conduct, and Mr. Kuhl is alleged to have persuaded the minor to engage in sexually explicit conduct in Count 1

with no description as to the nature of that conduct. Meanwhile, Count 2 alleges Mr. Kuhl persuaded Minor 1 to engage in sexual intercourse with him. There is nothing within the four corners of the indictment to differentiate between the conduct allegedly depicted in Count 1 from the sexual intercourse described in Count 2, both of which allegedly resulted from Mr. Kuhl's persuasion.

It can reasonably be inferred from the indictment's face that Mr. Kuhl persuaded Minor 1 to engage in sexual intercourse and depictions of that intercourse were produced. By splitting this single ~~single~~ offense into separate parts to charge two crimes is multiplicitous. If the purpose of the alleged sexual intercourse was to produce depictions, the only charge should be 18 U.S.C. §2251(a) or §2422(b), not both. Indeed, §2251(a) applies to the illegal sexual activity of §2422(b) under §2427. Thus, due to the lack of detail and overlap in time and conduct between the 2 counts, the indictment is multiplicitous on its face and the Government has violated Mr. Kuhl's right to be free from the vices multiplicity implicates.

## III. FAILURE TO STATE AN OFFENSE

Legal Standard

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to file a pretrial motion challenging the sufficiency of an indictment on the grounds that it fails to state an offense. In order to assure that the Constitutional rights of criminal defendants are

protected, an indictment must, inter alia, contain a "written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).

It is well established that, in addition to incorporating language from the statute to set forth "the general description of an offense," the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Hess, 124 U.S. 483, 487 (1888).

## Argument - Count 1

To begin with, the general description in the Superseding Indictment, just like the original, only tracks a portion of the statutory language of §2251(a) to create the required interstate commerce nexus. Specifically, Count 1 alleges that the visual depictions of a minor engaged in sexually explicit conduct were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce. (PageID. 1053) The other two means, knowing or having reason to know that such depictions will be transported or transmitted using any means or facility of interstate ~~commerce~~ or foreign commerce or in or affecting interstate or foreign commerce or mailed, and if such depiction has actually been transported or transmitted in such manner, are omitted from Count 1's general description.

Accordingly, the statement of the facts and circumstances under the

general description, ~~does not~~ does not state the materials the government contends made/produced the visual depictions. Indeed, it only states that Mr. Kuhl received and stored videos on cell phones created outside the United States. Thus, Count 1 fails to state the depictions were produced using materials that had been transported in or affecting interstate or foreign commerce and therefore fails to state an offense.

Moreover, simply receiving content on a phone without specifying how that conduct was received is not adequate enough to establish the phantasm of §2251(a)'s interstate commerce nexus. Count 1 does not state Mr. Kuhl received these alleged videos via the internet or telecommunications services. Even if it had, this would not suffice because the general description only contains the "depictions were produced using materials" that have been transported in or affecting interstate or foreign commerce, and not the "means or facility" jurisdictional hook to charge a federal crime under §2251(a). Indeed, indictments within this district have omitted the "produced using materials" language of §2251(a) in similar circumstances, and instead employed the "means and facility" language to charge a violation of 18 U.S.C. §2251(a). Additionally, they specify the means of how the depictions were sent and received. (See Ex 1)

For these reasons, Count 1 fails to state a violation of 18 USC §2251(a) on its face and the Court will hopefully agree with this meritorious claim and dismiss Count 1.

Count 1 also alleges an attempt offense, but gives no statement

of the facts and circumstances so as to inform Mr. Kuhl what, at all if anything, he did to attempt to violate §2251(a). Because Count 1 charges a completed offense and attempted offense, yet has no statement even trying to set forth the facts and circumstances of the attempt, Count 1 again fails to state an offense.

Argument-Count 2

While Defendant has challenged the statute in previous motions and stands by those arguments which are still undecided, he concedes that Count 2 does come closer to stating an offense, assuming §2422(b) is a valid statute. With that being said, Count 2 stills fails to state an offense.

Count 2 alleges and charges two crimes just as Count 1. However, just as Count 1, there is no statement of facts and circumstances to inform Mr. Kuhl what specifically, ore even vaguely did, to constitute an attempted violation of §2422(b). Due to this deficiency, Count 2 fails to state the offenses charged and should be dismissed.

Additionally, Count 2 charges a span of ~~over~~ almost 16 months, however, Minor 1 is 15 years old and therefore would have had to turn 16 years old at some point during this year plus span. The underlying criminal sexual activity of Count 2 is Third Degree Criminal Sexual Conduct (CSC) MCL 750.520d. In order to violate MCL 750.520d in the circumstances presented here, Minor 1 must be at least 13

but less than 16 years of age. Because the indictment charges a time frame exceeding one year, and states that Minor 1 is 15, it is impossible that §2422(b) was violated during the entirety of this timeframe based on CSC 3rd Degree being the underlying illegal sexual activity. Accordingly, Count 2 fails to state an offense in accordance with the timeframe charged.

## IV. LACK OF SPECIFICITY

### Legal Standard

Under Fed. R. Crim. P. 12(b)(3)(B)(iii), a defendant may challenge an indictment for lack of specificity via a pretrial motion. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" United States v. Martinez, 764 F. Supp. 2d 166, 170 (D.D.C. 2011) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).

### Argument - Count 1

a. Count 1 Only Generally Describes One Portion of the "Jurisdictional Hooks" but Does not Contain A Statement of Facts and Circumstances Establish That Element

Alot of the issues already described are intertwined into the fact that Count 1 lacks ~~specifito~~ specificity so egregious it is fatally defective. One issue issue is the general description of the offense only tracks the language of one of three possible jurisdictional hooks to establish a federal crime under 18 U.S.C. §2251(a). This is the "visual depictions were produced using materials that have been" transported in interstate or foreign commerce.

However, the statement alleging the specific facts and circumstances under the general description mentions nothing about the materials used to produce the photos. Nor does it state that Mr. Kuhl played in any part in the production, or anyone who actually produced the videos at all. Indeed, it only states that Mr. Kuhl persuaded, enticed, and used a minor to engage in sexually explicit conduct and received and stored ~~photos~~ videos of that conduct using phones that were manufactured outside the country. There is no specification who sent the videos to Mr. Kuhl allegedly or that they were sent at his direction. Simply persuading a minor to engage in sexually explicit conduct is not enough to violate 18 U.S.C. §2251(a). Nor is receiving and storing visual depictions of sexually explicit conduct involving a minor. Mr. Kuhl urges the Court to look at Exhibit 1 as an example of how to almost properly word a violation of 18 U.S.C. §2251(a), assuming the statute is valid. There is still a minor issue with the face of Exhibit 1 that deems it fatally defective possibly, but that is not at issue here. For the sake of this

argument and the language and circumstances of the offense charged in Count 1 of Mr. Kuhl's Superseding indictment, Exhibit 1 displays the significant deficiencies within Count 1 of the indictment at issue.

b. Count 1 Does Not Describe the Nature of Sexually Explicit Conduct Depicted in the Videos Nor Any Facts and Circumstances as to the Context Directly Related To the Videos Being Received.

There is no description as to the sexually explicit conduct depicted in the videos referenced in Count 1. Sexually explicit conduct has several definitions under 18 U.S.C. § 2256. Because of the broad timeframe of almost 16 months and the allegation that Mr. Kuhl received videos, in the plural, this lack of description as to the nature of the sexually explicit conduct is unconstitutional. It does not notify Mr. Kuhl what the grand jury deemed was sexually explicit conduct and also what the charge is based upon. Its not narrowed to any specific time frame or incident, it is not even described how Mr. Kuhl allegedly received these photos whether it was device to device transfer by cable connection, text message, email, bluetooth, some messaging app, etc. The number of videos is not even specified. Accordingly, Mr. Kuhl is not notified of what he is called to defend against, nor can he claim Double Jeopardy in the case of a future prosecution based on one or more of the videos underlying Count 1. While an indictment need not lay out the who, what, when, and where, in

this case, the broad timeframe, multiple depictions with no description of the sexually explicit conduct or a specific number, no mention of who sent the videos or by what means, the indictment as to Count 1 cannot pass constitutional muster. Again, see Exhibit 1, as well as the indictment of United States v. Elam, 1:24-cr-172 (W.D. Mich.) which both are more specific.

c. Due to Count 1 Containing the "Attempted to do so" Phrase Creates Uncertainty and Ambiguity

Count 1 charges a complete and attempted violation of §2251(a), but no description of any facts and circumstances setting forth an attempt by Mr. Kuhl to do anything exists in the Count's languge. This creates uncertainty as to what it is that he allegedly did to be charged under 18 USC §2251(a). It also creates ambiguity as to what offense is actually being charged and prejudices Mr. Kuhl because he essentially has to blindly attempt to defend against two distinct offenses. Once again, see Exhibit 1 and the indictment of United States v. Elam, 1:24-cr-172 (W.D. Mich.), both of which do not contain "and attempted to do so" phrase in Sexual Exploitation charges.

d. The Actus Reus Verb "Used" Does not Fit the Facts and Circumstances

As noted previously in this motion and incorporating the analysis of

the term "used" for §2251(a) violations from Defendant's previous Motion to Dismiss (ECF No. 103, PageID. 435-441), "used" does not fit the facts and circumstances that Mr. Kuhl received and stored videos. Indeed, this creates uncertainty and ambiguity as to what it is that Count 1 is based on, and what Mr. Kuhl must defend against.

Argument - Count 2

a. There is no Description as to When the Alleged Sexual Intercourse Occurred

Due to Count Two's broad timespan, Mr. Kuhl cannot know what specific incident he must defend against. Because §2422(b) is so vague in itself as to what it truly proscribes, Mr. Kuhl does not know what instance of sexual intercourse he is called to defend against if any. Indeed, as mentioned above, the Government contends that "[u]nder Section 2422, a defendant must have engaged in criminal[ly] chargeable sexual activity or prostitution." (PageID. 917) The timeframe is so long, is it the narrative of Count 2 that Mr. Kuhl persuaded Minor 1 for over 15 months and then finally had sexual intercourse with her?

Further, the lack of any specifics as to when and where the sexual intercourse allegedly took place also raises concern that Defendant could be prosecuted for communications and intercourse of a specific incident involving Minor 1 in this same broad timeframe at a future date. Accordingly, Count 2 does not adequately apprise Defendant of the Facts and

circumstances leading to this charge to allow him protection from Double Jeopardy.

b. There is no Statement of Facts and Circumstances Establishing an Attempt Offense, Yet Count 2 Charges Both

Count 2 creates uncertainty and ambiguity because of the "attempted to do so" language. There is no statement of facts and circumstances notifying Mr. Kuhl of anything he attempted to do. Indeed, Count 2 specifically alleges that Mr. Kuhl did persuade Minor 1 to have sexual intercourse, it says nothing about attempting to do so. Is it that Count 2 attempted to persuade Minor 1 for over 15 months to engage in sexual intercourse, but the intercourse never occurred? Is sexual intercourse the underlying illegal sexual activity for the attempt offense? Is Minor 1 also the one Mr. Kuhl attempted to entice?

All of these questions are raised by the indictment, but none of them are answered. Indeed, Count 2 leaves one clueless as to what the grand jury based their finding of probable cause upon and what is the offense and conduct constituting that offense, that Mr. Kuhl is called to defend against?

Accordingly, Count 2 should be dismissed for lack of specificity so substantial that it creates ambiguity and uncertainty as to what offense is actually being charged and why.

# V. CONCLUSION & REVIEW



Mr. Kuhl urges the Court to review the attached Exhibits. Due to Mr. Kuhl just receiving Exhibits 2,3, and 4, as well as the need to summarize his positions, Defendant will briefly state why these exhibits clearly display that the indictment sub judice is fatally defective. Then Mr. Kuhl will state the relief prayed for and why such relief should be granted.

Exhibit 1 - Sorensen Indictment

1. Unlike Mr. Kuhl's indictment, Sorensen's indictment does not state that Sorensen exploited a minor "and attempted to do so" in either Count 1 or Count 2 which both charge completed offenses in violation of 18 U.S.C. §2251(a).
2. Unlike Mr. Kuhl's indictment, Sorensen's indictment specifies a far more specific timeframe of no more than 2 months for both counts. Mr. Kuhl's indictment charges a timeframe of over 15 months as well as a complete and attempt offense in one count.
3. Unlike Mr. Kuhl's indictment, Sorensen's indictment omits the jurisdictional hook of §2251(a) referencing that the visual depictions were produced ~~used~~ using materials that have been transported in or affecting interstate commerce, and instead tracks the statutory language of §2251(a) for the other 2 possible alternatives to establish federal jurisdiction. Indeed, the facts and circumstances statement coming under the

general description statement of Sorensen's indictment seems to mirror the allegations of Count 1 in Mr. Kuhl's indictment that the depictions at issue were received by the accused and the accused did not actually produce the depictions personally.

4. Unlike Mr. Kuhl's indictment, Sorensen's indictment provides a description of the nature of the sexually explicit conduct depicted in both Counts. Indeed, Count 1 specifically describes masturbation and lascivious exhibition of a minor as the conduct depicted, and Count 2 describes lascivious exhibition of the genitals and pubic area as the conduct depicted.

5. Unlike Mr. Kuhl's indictment, Sorensen's indictment specifies how Sorensen allegedly received the depictions described. Indeed, Counts 1 and 2 of Sorensen's indictment specifically states that he was sent the depictions "via the Internet, through an online messaging platform called Discord."

6. Unlike Mr. Kuhl's indictment, Sorensen's indictment omits the statutory verbs "employed" and "used" from the general description statement because these verbs do not fit the narrative of receiving and storing depictions, exactly what both Sorensen and Mr. Kuhl are accused of.

7. Unlike Mr. Kuhl's indictment, Sorensen's indictment specifically states that the minor victim produced the depictions and sent the depictions to Sorensen. [redacted]

8. Unlike Mr. Kuhl's indictment, Sorensen's indictment specifically

states that Sorensen "directed Minor Victim 1 to record Minor Victim 1 engaging in sexually explicit conduct." It is the same for Count of Sorensen's indictment but instead references Minor Victim 2. However, Mr. Kuhl's indictment only specifically alleges that Mr. Kuhl "persuaded, enticed, and used" Minor 1 "to engage in sexually explicit conduct," not that Mr. Kuhl persuaded, enticed, and used Minor 1 to depict herself engaged in such conduct.

Exhibit 2 - Creekmore, Jr. Indictment

1. Unlike Mr. Kuhl's Indictment, Creekmore's indictment only contains the verb "used" from the actus reus terms of §2251(a). Accordingly, Creekmore's indictment states that he personally produced the depictions in all 3 Counts charging violations of §2251(a). Moreover, sadly Mr. Creekmore's victim seem to be an infant who was at first one year old and turned two years old during the abuse. Or it is possible Creekmore's indictment references two infants, one of which was one year old and the other was 2. Point being, these babies were so young they were unaware of their participation and were not capable of being convinced or persuaded because their minds had not reached the intellectual capacity to do so. This all is support and proof that the term "used" is inapplicable to the narrative specifically alleged in Mr. Kuhl's indictment as to Count 1.
2. Unlike Mr. Kuhl's indictment, Creekmore's indictment does not contain the "attempted to do so" phrase in any of the 3 counts.

Accordingly, each count of Creekmore's indictment charges a completed offense and specifically describes a completed offense. Indeed, although insufficiently, Count 1 of Mr. Kuhl's indictment specifies only facts and circumstances which could possibly establish some type of completed offense, but no such specification is present so as to establish an attempted offense.

3. Unlike Mr. Kuhl's indictment, Creekmore's indictment specifies an exact date when the crimes occurred, not a broad 15 month-plus span.
4. Unlike Mr. Kuhl's indictment, all 3 counts of Creekmore's indictment describe the nature of the sexually explicit conduct depicted.
5. Unlike Mr. Kuhl's indictment, all 3 counts of Creekmore's indictment contain the jurisdictional hook language of §2251(a) that the depictions were produced using materials that had been transported in interstate commerce and describe the materials that were actually used to create the depictions.
6. Unlike Mr. Kuhl's indictment, all 3 counts of Creekmore's indictment specifically state who produced the depictions, that "who" being Creekmore.

Exhibit 3 - Elam's Indictment

1. Unlike Mr. Kuhl's indictment, all 7 counts of Elam's indictment specify a specific date that the offenses occurred.

2. Looking to Elam's indictment provides more support that the application of the verb "used" to describe the manner in which the accused involved the minor in depicting sexually explicit conduct is inappropriate as to the narrative that the accused received the photos and was not directly and personally involved in the production. Counts 1 and 2 of Elam's indictment allege that Elam produced depictions of himself having sexual intercourse with Minor 1 and thus, the term "used" is included in the verbs listed as how Elam involved the minor. Indeed, Mr. Kuhl stated that "used" would fit such a narrative that the accused engaged in sexual intercourse with the minor and recorded it (ECF No. 103, PageID. 435). Although Mr. Kuhl posed this narrative in the context of an accused secretly recording themself having sexual intercourse with a minor for the purpose of applying "used," he concedes that it would not necessarily need to be a surreptitious manner of recording/photographing in every instance. Accordingly, Counts 3-7 of Elam's indictment allege that Elam received depictions of sexually explicit conduct by convincing minor to depict themselves engaged in such conduct and send him those depictions. Counts 3 and 4, which apply to Minor ~~Victims~~ Victims 2 and 3, omit the verb "used" from the general description of the offense. Indeed, Counts 5-7 do include the term "used" but refers to Minor Victim 4, and although Mr. Kuhl does not the specific facts underlying Counts 5-7 of Elam's indictment, he presumes that Elam was more directly involved in

the depiction production as to these counts. Point being, the term "used" being applied in the narrative alleged in Count 1 of Mr. Kuhl's indictment creates ambiguity and uncertainty, and does so even more when considering the additional lack of specificity. Accordingly, it is reasonable to assume that Count 1 could reference the sexual intercourse of Count 2 and would render the counts multiplicitous, as well as deficient in the other ways described within this motion.

3. Unlike Mr. Kuhl's indictment, Elam's indictment does not contain the phrase "and attempted to do so." Indeed, all 7 Counts of Elam's indictment describe completed offenses, and no specific facts and circumstances are stated to establish an attempt offense.

4. Unlike Mr. Kuhl's indictment, all 7 counts of Elam's indictment provides a description of the nature of the sexually explicit conduct depicted.

5. Unlike Mr. Kuhl's indictment, all 7 counts of Elam's indictment state either the materials used to produce the depictions, and/or the way such pictures were sent and received. Indeed, Counts 1 and 2 of Elam's indictment specifically state that Elam used a Blink camera, which was manufactured outside the U.S., to produce the depictions. Moreover, Counts 3-7 state specifically that the minors produced the depictions and sent them to Elam via SnapChat, an internet application. Accordingly, Counts 1 and 2 of Elam's indictment track the jurisdictional hook language of §2251(a) that the depictions were produced and transmitted using materials that

have been transported in and affecting interstate commerce, but omit the other two alternatives to establish an interstate commerce nexus. Furthermore, Counts 3-7 track both the "produced and transmitted using materials," and "depictions were actually transmitted using any means and facility" jurisdictional hook alternatives.

Relief Prayed For

Mr. Kuhl was just arraigned for the second time in this case, exactly 2 years after the original indictment was returned on April 25, 2023, on April 25, ~~2023~~ 2025. All of the insufficiencies of the original indictment were presented to the government in Mr. Kuhl's Motions to Dismiss (ECF Nos. 100-103). The Government claims that Mr. Kuhl was wrong (ECF No. 133), yet still superseded the indictment on April 15, 2025 and fixed some of the issues that Mr. Kuhl addressed in his Motions to Dismiss. For instance, the time frame for the crime was broadened to fit the evidence that was improperly presented to the grand jury, Count 1 specified that the 15-year-old girl referenced in Count 1 was also Minor 1 referenced in Count 2, and the statutory verbs of persuaded and enticed were added to Count 1. Also, the attempted languge in Count 2 was placed in a different part of the first statement so that the general description described a general completed and attempt offense.

However, the Government in arrogance and possibly shame did not heed to the numerous deficiencies presented by Mr. Kuhl and refused to fix their mistakes. This was done by the Government to flex its muscle, so to say, and refuse to respect Mr. Kuhl's meritorious arguments because of his criminal history and pro se capacity. Not only did the government refuse to remove "used" and "employed" from the general description of Count 1, they also added the "and attempted to do so" phrase compounding Count 1's duplicity. With all due respect, the Government did this as a slap in the face to Mr. Kuhl due to him arguing that subsection (e) of §2251 should not have been referenced in Count 1 because that subsection applies to attempt or conspiracy violations only, and states the penalty as to any offense under §2251, but it is not "violated" for completed offenses. Moreover, the Government refused to remove "used" from the statement of facts and circumstances coming under the general description of Count 1. This occurred despite Mr. Kuhl's clear and lawfully supported argument that "used" was not properly applied in the context of the narrative alleged in Count 1 that Mr. Kuhl received and stored depictions. Furthermore, the Government changed "photographs" to "videos" in the second statement of Count 1, but still refused to provide a description of what sexually explicit conduct was depicted. A description is necessary due to the broad timeframe and multiple depictions ("videos") allegedly received by Mr. Kuhl. The Government

refused to describe how Mr. Kuhl allegedly received the depictions, and refused to state the requisite jurisdictional hook alternatives of §2251(a) to establish the interstate commerce nexus as to the narrative specifically alleged by Count 1.

While most of this section has been dedicated to Count 1, the Government also refused fix clear errors in Count 2 as well. Specifically, they refused to remove the attempted offense from Count 2 and instead placed it in a different location. This clearly constitutes duplicity, but the Government refused to fix this issue. Moreover, the Government still included all of the actus reus verbs. (persuade, entice, etc.), despite Mr. Kuhl showing that each verb describes distinct conduct and possibly separate offenses, especially "coerce."

This has prejudiced Mr. Kuhl substantially. There is the obvious oppression and anxiety of being incarcerated with unresolved severe criminal charges hanging over his head, but that is not all. Mr. Kuhl's rights to due process have been violated by the Government's misconduct in the original grand jury proceeding by presenting evidence outside of the time charged in the indictment, as well as alleging Mr. Kuhl received and stored "photos" when clearly videos were presented. Because of the severe deficiencies of Mr. Kuhl's indictment, there must have not been proper instructions given to the grand jury. Mr. Kuhl's speedy trial right under the STA and the Sixth Amendment have been violated by the Government's

delays in this case. Moreover, Mr. Kuhl is prejudiced because he's had to restrategize and assert new arguments against the superseding indictment imposing a financial and mental burden on him and his Uncle Tom. The broadening of the timeframe alleged in the indictment increases the amount of evidence Mr. Kuhl must review and challenge singlehandedly while incarcerated. Further, the Government has delayed in providing discovery and has not disclosed full materials that it has provided. This includes but is not limited to the 2 MSP reports which Mr. Kuhl had to get via FOIA requests by his Uncle Tom who is 68 years old with health problems. Every request to Wyoming PD, MSP, and other relevant agencies has been extended 10 business days beyond the initial 10 business days, so it takes essentially 1 month to get the information. Then upon reviewing the information, you realize certain things that weren't provided such as pictures of evidence, affidavits, search warrant inventories, etc, and thus have to submit another request. All of this is taxing and causes Mr. Kuhl to have to rewrite motions which costs money because of paper and is literrally physically painful. Indeed, Mr. Kuhl has two large painful calluses on his right hand from writing so much. Mr. Kuhl is also prejudiced due to potentially helpful witnesses growing apart from Mr. Kuhl due to being incarcerated for so long. As they say, out of sight out of mind. These witnesses include people who can attest to Mr. Kuhl's character in that while he is far from a saint, he is also not a

child predator. Also, a witness who can help establish that the Wyoming PD arrest of Kuhl was made unlawfully and based on malice and retaliation not probable cause. Additionally, some of Mr. Kuhl's memory has faded over time as to certain situations, facts, and circumstances essential to his defense.

Mr. Kuhl apologizes for being verbose and circuitous, but only wishes to fully present all his arguments and concerns to the best of his abilities. And, while it is the Court's discretion, Mr. Kuhl requests oral argument on this matter to be able to clarify any matter to the court due to his lack of eloquency and writing skills. Wherefore, Mr. Kuhl prays for the relief of DISMISSAL WITH PREJUDICE to be granted by this Honorable Court.

Respectfully,

S. Kuhl May 3, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349




GRAND RAPIDS MI
49599 #10 AM
MON 05 MAY 2025

Court

Court

ling

W

MI ~~49549~~
49503

Samuel Alexander Kuhl #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

Clerk of C
U.S. District
399 Fed. Buil
110 Michigan N
Grand Rapids