Exhibit 1

i. Property that may be seized for a violation of the Controlled Substances Article is listed under MCL 333.7521. It includes real and personal property, controlled substances, other illegal drugs and related materials, equipment, containers, records, research, vehicles, money, and "anything of value". MCL 333.7521 also requires that specific circumstances must be met depending on the type of property at issue.

ii. Marihuana-Related Seizures

1. Members shall exercise sound judgement in light of the protections of legally possessed marihuana under the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 to MCL 333.27967, and the Michigan Medical Marihuana Act, MCL 333.26421 to MCL333.26430.

a) Before seizing marihuana for a violation of the Public Health Code or under MCL 333.27965 of MRTMA, enforcement members shall have consulted with the local prosecutor or otherwise act consistent with the local prosecutor's guidance.

b) Marihuana in a vehicle or otherwise possessed on one's person may not alone establish probable cause that marihuana is evidence of a crime or contraband subject to seizure and shall not be seized under the plain view doctrine without additional facts.

c) When making an arrest unrelated to marihuana, an enforcement member shall avoid seizing marihuana possessed by the arrestee unless there is no readily available alternative to seizing the marihuana.

d) Subject to a change in legal authority, if marihuana is seized, it may not be returned to the individual or any other person.

iii. Vehicle-Related Seizures

1. The following vehicles (or aircrafts and vessels) shall not be seized for forfeiture:

a) Common carrier unless the owner/person in charge of the common carrier appears to be a consenting party to the violation.

b) A vehicle owner who did not have knowledge or consent to the violation. In such cases, charging an administrative fee or "selling back" the vehicle to the owner is not permissible.

c) A vehicle cannot be forfeited for a violation of MCL 333.4103(2)(c) or (d) for the possession of marihuana, LSD, peyote, or schedule 5 controlled substances; for a violation of MCL 333.4104 for the unauthorized use of a controlled substance; or for a violation of MCL 333.7341(4) for the unauthorized use or possession of imitation controlled substances.

d) A vehicle forfeiture is limited by any bona fide security interests of a secured party who did not have knowledge of or consent to the violation.

The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.

iv. Seizure of Money

1. Money found in "close proximity" to property listed under MCL 333.7521 is presumed to be subject to forfeiture. Despite this presumption, enforcement members shall not presume that it is proper to seize money simply because the money is in close proximity to property listed under MCL 333.7521.

2. An example of an improper action is the seizing of cash from a driver and passengers in a vehicle simply because a small amount of an illegally possessed controlled substance was found in the vehicle (basing the seizure only on close proximity).

3. Enforcement members shall indicate in the incident report the information that led to the conclusion that the money was properly seized under the circumstance described above.

4. The lack of what the investigation enforcement member believes is a credible reason explaining the existence of the money is not a sufficient reason to seize it. There must be some evidence or information supporting the seizure such as:

   a) Investigative activity linking the money to trafficking.

   b) Statements from witnesses, suspects, or other subjects supporting the seizure.

   c) Documented intelligence information

5. Section 1.7 addresses procedures for handling seized money.

v. Seizing Real Property

1. Real property generally may be considered for forfeiture under the following circumstances:

   a) Real property utilized in the commercial distribution of controlled substances. A pattern of distribution will be required before the prosecutor will authorize forfeiture action.

   b) Real property utilized for the storage of commercial amounts of controlled substances.

   c) Real property utilized in the manufacture of controlled substances (i.e., large-scale marijuana grows or clandestine methamphetamine labs).

   d) Real property purchased from proceeds to take upon seizing real property.

   e) Section 1.7 addresses procedures to take upon seizing real property.

vi. Innocent Owners and Parties with Property Interests

1. Generally, property is not subject to forfeiture under the Controlled Substances Article if the party claiming ownership or an interest did not have knowledge of or consent to the violation or crime.