**NOT RECOMMENDED FOR PUBLICATION**

No. 25-1236

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 12, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| SAMUEL ALEXANDER KUHL, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before: NORRIS, MOORE, and BLOOMEKATZ, Circuit Judges.

This matter is before the court upon initial consideration of appellate jurisdiction.

Samuel Alexander Kuhl was indicted on charges of sexual exploitation and enticement of a minor. Kuhl's counsel moved for a competency evaluation, and the district court granted the motion. Following the evaluation, the district court held a hearing and determined that Kuhl was competent to stand trial. Kuhl has filed a notice of appeal from the court's competency determination.

In general, an appellate court may entertain appeals only from "final decisions." *See* 28 U.S.C. § 1291. In the context of a criminal action, the final judgment is the conviction and imposition of sentence, *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)), which has not yet occurred in this case. Certain types of interlocutory orders, however, may be immediately appealable under the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 546 (1949). To be immediately appealable under that doctrine, an order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the

action," and (3) "be effectively unreviewable on appeal from a final judgment." *United States v. Davis*, 873 F.2d 900, 908 (6th Cir. 1989) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

Although an order of commitment for psychiatric treatment "easily satisfies the requirements of the collateral order doctrine," *United States v. Davis*, 93 F.3d 1286, 1289 (6th Cir. 1996), a competency determination is not appealable as a collateral order, *United States v. Mandycz*, 351 F.3d 222, 225 (6th Cir. 2003). This is because a competency determination is "fully reviewable following the final judgment of the district court." *Id.*

Accordingly, this appeal is **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 05/12/2025.

**Case Name:** USA v. Samuel Kuhl
**Case Number:** 25-1236

**Docket Text:**
ORDER filed: This appeal is DISMISSED for lack of jurisdiction, decision not for publication. No mandate to issue. Alan E. Norris, Circuit Judge; Karen Nelson Moore, Circuit Judge and Rachel Bloomekatz, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Samuel Alexander Kuhl
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349-0000

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins
Mr. Timothy P. VerHey