# REPLY BRIEF

## I. Statement of Facts

The Federal Government has been investigating Kuhl alongside KDPS since at least early 2021 regarding fraud. All of the evidence within the Government's possession has been there for over 2 years. Seemingly, alot of the fraudulent activity the Government alleges the property Kuhl seeks return of contains evidence of Covid-era fraud. Indeed, the statute of limitations has ~~exceeded~~ expired on bringing criminal charges for these allegations. Moreover, the investigations into Kuhl for such fraudulent activity, regardless of the statute of limitations have been closed for over a year, as can be seen in the supplement notes of KDPS Incident/Investigation Report Case No. 22-016407 (ECF No. 98-2 at PageID. 361). Since bringing the instant sex offense charges against Mr. Kuhl, the Federal Government has abandoned its fraud investigations.

## II. Legal Support

"A district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." United States v. Bowker, 372 F. 3d 365, 387 (6th Cir. 2004) (quoting United States v. Hess, 982 F. 2d 181, 187 (6th Cir. 1992).
"District courts have jurisdiction to consider true 41(g) motions

regardless of whether a criminal prosecution is presaged, pending, or perfected." United States v. Rowland, 23-1821 (3rd Cir. July 1, 2024). "A criminal defendant is presumed to have the right to return of his property once it is no longer needed as evidence." United States v. Martinson, 809 F. 2d 1364, 1369 (9th Cir. 1987).

In Matta v. United states, 1:23-MC-02909 (OEM) (E.D. N.Y. Sep. 11, 2024), the district court ordered the government to return Matta's electronic devices and delete all copies of digital data after government did not pursue criminal charges after lengthy investigation.

In United States v. Collins, 11-CR-00471-DLJ (PSG) (N.D. Cal. Mar. 16, 2012), the district court held that "the government is precluded from keeping seized documents that are outside the scope of the warrant, citing United States v. Tamura, 694 F. 2d 591, 595 (9th Cir. 1982) and United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1170-77 (9th Cir. 2010). In doing so, the district court ordered the government to return all data outside the scope of the warrants.

Just recently, the Western District of Michigan U.S. District Court ordered return of an electronic device unrelated to the ongoing prosecution. See United States v. Scott-Ware, 1:25-cr-58. In United States v. Stathas, 22-cr-0104-bhl (E.D. Wis. Apr. 18, 2025), the district court ordered the government to wipe devices and return them to defendant. In United States v. Blake, 868 F. 3d 960, 973-74

(11th Cir. 2017), the Eleventh Circuit noted that an application for a person's entire Facebook account would unnecessarily disclose to the government "virtually every kind of data."

While the initial seizure pursuant to a valid search warrant does not violate substantive due process, Ostipow v. Federspiel, 22-1414 (6th Cir. Sep. 29, 2023) suggests that if the continued retention of property was arbitrary and capricious, a substantive due process claim could lie. See Estate of Moore v. City of Warren, 21-12267 (E.D. Mich. Jan. 29, 2024). (Kuhl does not concede that any of the property he seeks return of was lawfully seized)

## III. ARGUMENT

Here, the Government is not contemplating an investigation involving the Samsung Galaxy S21 referenced in Defendant's Motion to Return Property (ECF No. 170 at PageID. 1174 and ECF No. 178 at PageID. 1371). Indeed, the Government has had possession of this phone for over 3.5 years and has closed its investigation involving any data on this phone over a year ago. Thus, its continued retention is arbitrary and violative of Kuhl's due process rights under the Fifth Amendment, his right to be free from unreasonable searches and seizures under the Fourth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment.

Although Defendant's argument that the continued retention is violative of the Fourth Amendment may seem to conflict with the Sixth Circuit precedent under Fox v. Oosterum, 176 F.3d 342, 351 (6th Cir. 1999), Kuhl urges the Court to look to Asinor v. Dist. of Columbia, 111 F.4th 1249 (D.C. Cir. 2024), before disposing of this argument. Additionally, this is not the only argument upon which Kuhl's request relies.

Indeed, just as the Samsung phone mentioned above, the entirety of Facebook account 100069953831672's data has been in the Government's possession for over 3 years, and any investigation related to such data has been closed over a year. Moreover, the majority, if not all, of the data is not evidence of any criminal activity and is in no way related to this prosecution at all. No reference to this Facebook is anywhere in the Government's case but there is nothing on this Facebook related to this matter. The Government cannot justify retaining the vast amount of private personal data on either the above-referenced Samsung phone or Facebook due to Kuhl's concerns as to the integrity of evidence seized in this case, because none of the Government's evidence in this case came from either items.

Neither can the Government claim that they have the right to retain the Samsung phone or Facebook data because the case against Kuhl has not been concluded (PageID, at 1691).

Again, these two items bear no relevance to this case and the Government does not claim that they do. Accordingly, this Samsung Galaxy S21, IMEI 350121678576521, and Facebook Account 100069953831672, should be returned to Kuhl and all data from them be completely deleted from the Government's possession. Indeed, these items are private and personally intertwined with Kuhl's life, and further the Galaxy cellphone is worth a decent amount of money which can be used to obtain minor legal assistance or pay off debt to the phone company.

As for the Facebook Account 100009165769099, which the Government intends to use one conservation thread as evidence in this case, will not affect Defendant's concern with integrity of the evidence seized in this case. Indeed, Kuhl's concern is with the original device the federal government has stored the data of the Facebook account on. Specifically, if it was accessed lawfully between multiple warrants, which Kuhl hopes the Forensics expert, Adam Kelly, will be able to ascertain. If deletion of the excess data that is not the single Messenger thread at issue in this case, Kuhl agrees that such deletion is premature and contrary to his concern. Thus, as to this specific account, Kuhl requests the Court hold off on deciding Kuhl's request, only as to this account, until Mr. Kelly is able to conduct his examination.

Seeing as the iPhone referenced in the Forfeiture Allegation,

as well as the Samsung Galaxy S22 therein, are both at issue in this case, as well as the devices containing the original extractions of those phones, and due to Kuhl's concern as to the integrity of the Government's obtaining of evidence, he concedes that return and/or destruction of excess data is premature and should be at least examined by Adam Kelly before this matter is decided to those specific items.

Indeed, it is cruel and unusual for the Government to look through the entirety of data completely unrelated to this case at free will. It is arbitrary, oppressive, invasive, and embarrasing. Such conduct should not be allowed and thus, the ~~Go~~ Court should at least immediately order the deletion of all data in the Government's possession of the first referenced Facebook account and Samsung Galaxy S21 of this reply brief.

Wherefore, Kuhl respectfully requests the Court grant him the relief sought within this reply and referenced motions for return of property.

Respectfully,
S. Kuhl 5/29/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349