UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 4, 2025 12:36 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: JW /6-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

    Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

## *EXPEDITED CONSIDERATION REQUESTED*
## MOTION TO RETURN PROPERTY 41(g)

    Defendant now comes before this Honorable Court seeking return of property, the retention of which aggrieves Defendant, as well as his uncle Thomas Kuhl. Seeing as Kuhl has become aware of the fact that the FBI and Kalamazoo Department of Public Safety have terminated their joint investigation into Mr. Kuhl, he seeks return of the property seized and held by the federal Government in relation to that closed investigation. Indeed, the Federal Government has possessed the property at issue for over 2.5 years and have closed any investigations related to such over one year ago.

    The specific items that Defendant seeks return of are:

1) Cyber Power PC tower (ET9412-1451) model C series, as well as the monitor and keyboard connected to this tower;
2) Yellow Gucci Bag;
3) Alienware-I-7 Laptop Model P45E002 with charging cord

and cooling platform;
4) Alienware Backpack; and
5) 8,462 dollars US Currency.

    Defendant has never received a forfeiture notice for any of the above described property, nor have any criminal charges been brought relating to such property. As mentioned above, any criminal investigation related to such property has been closed. The above described property is valued at approximately $15,000 including the actual US Currency. $7,000 of that currency was loaned to Defendant, the morning it was seized by law enforcement, from his ~~uct~~ uncle Thomas Kuhl who earned the money from his employment at Cornerstone Assisted Living. Thomas is an innocent third party who unconditionally supports Defendant financially and helps him substantially with legal research and assistance pertaining to this case.

    The deprivation of this property hinders Kuhl and his uncle in that they are financially struggling in life and with this legal matter. Returning such property can be used toward the hiring of counsel, obtaining records via FOIA requests, hiring any possible experts, or other means necessary to defending against this case, as well as aid Thomas in everyday living expenses.

    As can be seen in Exhibit 2 of Defendant's Expedited Motion for Discovery (ECF No. 98-2), the FBI and KDPS were operating together on behalf of a federal fraud investigation, and at least,

items no. 1 and 3 above, were turned over to FBI SA Jeff Buttery (PageID. 358). Accordingly, the Federal Government is the party responsible for returning such property.

## LEGAL SUPPORT

Under Federal Rule of Criminal Procedure 41(g), the general rule followed by district courts is "that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." Savoy v. United States, 604 F.3d 929, 932 (6th Cir. 2010) (quoting United States v. Hess, 982 F.2d 181, 186 (6th Cir. 1992)).

"Where the property in question is no longer needed for evidentiary purposes — because the trial is complete, or the defendant has pleaded guilty, or the government has abandoned its investigation — the defendant is presumed to have a right to the return of the property, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." United States v. Soto, 13-cr-00253-PJH (N.D. Cal. Oct. 13, 2016) (citing United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987); United States v. Kriesel, 720 F.3d 1137, 1144 (9th Cir. 2013)).

Where state law enforcement authorities are acting under federal authorization, Rule 41(g) confers jurisdiction to the appropriate federal district court to order return of property seized

by such state law enforcement officers. See <u>United States v. Solis</u>, <u>108 F.3d 722, 723 (7th Cir. 1997)</u>; see also <u>United States v. Huffhines</u>, <u>986 F.2d 306, 308-09 (9th Cir. 1993)</u>. Here, FBI Task Force Officer John Stolsonburg and Special Agent Jeff Buttery executed seizure of the above described property, utilizing KDPS to help them do so.

"A district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." <u>United States v. Bowker, 372 F.3d 365 (6th Cir. 2004)</u>. Accordingly, Defendant asks for return of the above described items on behalf of himself and his uncle Thomas, and asks that such property be released to Thomas Kuhl immediately.

## CONCLUSION

Wherefore, Kuhl states that he is the owner of the Gucci Bag, Alienware Backpack, Alienware Laptop, Cyber Power PC tower and connected keyboard and monitor, and $1,462. Further, Kuhl states that the $7,000 seized from his person was given to him by his uncle Thomas Kuhl, who was in no way involved in any illegal activities, and that Thomas gave Defendant this money approximately 15 minutes before Defendant was arrested and the money seized.

Accordingly, Kuhl prays for the relief requested within this

pleading be granted.

Respectfully,
J. Kuhl 5/30/25
S. Kuhl 61189510
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 6489510
1035 James
P.O. Box 845
White Cloud, MI 49349



Clerk of Court
U.S. District Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399