UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 11, 2025 1:09 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 6-11

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

*EXPEDITED CONSIDERATION REQUESTED*

MOTION FOR LEAVE TO FILE
UNTIMELY

Now comes Defendant Samuel Kuhl, proceeding pro se, before the Court respectfully requesting leave to file the attached motion beyond the pretrial motion deadline. The reason for the untimely filing is due to the fact Defendant just recently became aware of some of the facts underlying this motion on 6/5/25 after coming back to Newaygo County Jail from the hearing and receiving his mail. Further, Kuhl was expecting the Government to disclose any exculpatory and impeachment evidence under Brady and Giglio pursuant to the Court's Order (ECF No. 82).

However, it is now less than 3 weeks before trial and the Government has not disclosed favorable evidence that exists, is material to Kuhl's guilt or punishment, and within the Government's possession. Due to the fact Defendant just became aware of some of these matters, and because an earlier motion

based on such argument most likely would've been ruled as premature, the Court should grant Kuhl leave to file the untimely motion. Additionally, due to the rushed nature of the 6/5/25 hearing and Magistrate Kent's continued reliance on the prosecution's claim that it had provided all necessary discovery subject to disclosure, Kuhl was unable to fully review the Government's response (ECF No. 219). Moreover, all matters regarding discovery were not disclosed and all requests in Kuhl's motions for discovery were not addressed at the 6/5/25 hearing.

Specifically, Defendant's Motion for Discovery and Clarification (ECF No. 171), requests that "Any relevant evidence of a criminal conviction of Minor 1 according to Fed. R. Evidence 609(a) and/or (d)," be disclosed. Kuhl went on to state that such evidence may be exculpatory and therefore, requiring disclosure under Brady Doctrine. The Government did not address this request in its response (ECF No. 219), nor did the Court during the 6/5/25 hearing. Due to the rushed and unfair nature of the hearing, Defendant was not able to clearly present this error. Seeing as this occurred just yesterday at the 6/5/25 hearing, this is further support to allow Defendant leave to file the untimely motion.

Lastly, Kuhl just received and viewed the MSP interview of him at the Kalamazoo County Jail. During this interview, MSP discusses their interview of Minor 1 and states that Minor 1

makes exculpatory statements about her relationship with Defendant. For instance, that she loved Defendant and they had a dating consensual relationship. This supports that Defendant did not persuade or coerce Minor 1 to do anything and further Minor 1 states she deliberately snuck out sometimes to see Defendant showing acts of dishonesty. Defendant has asked to view the recording, transcript, and notes of this interview multiple times. Because of finally viewing his MSP interview on 5/3/25, Defendant now knows the interview contains some exculpatory evidence.

Wherefore, Defendant respectfully requests leave to file the attached motion.

Under the case of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) and its progeny, the prosecution is required to disclose evidence that is favorable to the accused. Furthermore, evidence subject to disclosure is not governed by its admissibility. Such evidence is to be disclosed and then its admissibility is to be argued before the Court via motions in limine and other appropriate avenues.

As can be seen in the attached ~~motion~~ exhibit to Kuhl's contemporaneously filed motion, the Government has possessed Facebook messages clearly displaying that Minor 1 has a criminal history. Thus, such information should have been disclosed as it may be exculpatory and impeachment evidence under Brady and Giglio. Additionally, such information is possibly material under FRE 608 and 609. Defendant specifically requested such information in his Motion Requesting Discovery and Clarification (ECF No. 171 at PageID. 1186).

Defendant also further requested "any possible exculpatory evidence as to Minor 1's conduct or character," and stated "such evidence includes, but is not limited to, any such Brady material obtained by the records seized from Minor 1's Facebook by MSP Gensterblum." (ECF No. 171 at PageID. 1187) Indeed, such conduct or character evidence is that which shows Minor 1 being dishonest, which differs from Kuhl's request for evidence that shows Minor 1's "propensity to engage in conduct or conversation of a sexual nature." (ECF No. 191 at PageID. 1683)

The Government asserts that "even if such evidence exists, it would be prohibited from use at trial" under FRE 412, as to Kuhl's request for evidence of Minor 1's prior sexual history and alleged sexual predisposition (PageID. 1837). However, the Government's position is not entirely correct, and the information sought is not prior, but within the timeframe charged in Kuhl's superseding indictment. Thus, the evidence can be used to prove that Minor 1 depicts herself in sexually explicit context of her own volition and likes to send such depictions of her own volition. Accordingly, such evidence is material as to Count 1, in so much it helps prove Kuhl's innocence because simply receiving sexually explicit depictions is not enough to violate §2251(a). Therefore, any such evidence should have at least ~~be~~ been provided to the Court and/or standby counsel for in camera review.

This investigation has been put together by evidence obtained by state and federal authorities. Thus, the federal government is aware or could've easily become aware of Minor 1's involvement in the creation and/or Distribution of CSAM described in the Van Buren County Sheriff Department's Incident Report # V346049 attached to Kuhl's contemporaneously filed motion. Because such information is material and will substantially affect the outcome of the trial as to Count 1, the Court should dismiss Count 1. Trial is less than 3 weeks away and Kuhl now has to try and gain information about this report, interview involved parties which requires locating

them, move to get certain portions of the report unredacted, and then analyze such information and determine how to utilize it properly. The Government had easy access to such material by simply checking Minor 1's probation record which it was clearly aware of due to the Facebook messages.

Because trial is so near, Kuhl does not have the oppurtunity to investigate and review this information, let alone determine its proper utilization at trial. Accordingly, the proper sanction is dismissal of Count 1. In the alternative, no testimony from Minor 1 that may try to lay the foundation that Kuhl asked for or told her to send any sexually explicit depictions should be allowed.

Also, the Government has disclosed messages that are not between Defendant and Minor 1, or any female for that matter and discusses nothing sexual in nature. These messages are beyond the motion in limine date as they were provided to standby counsel on June 3, 2025. These messages carry little to no probative value, are cumulative, irrelevant and will only confuse the issues and mislead the jury. For this reason, these messages should not be allowed to be introduced at trial. ~~The messages are attached as Exhibit 1.~~

Along with these messages seems to be messages displaying someone trying to meet up with a person and pay for their time and is seemingly possible prostitution. However, no minor is involved, indeed not Minor 1 and is irrelevant, inflammatory, and cumulative. This string of messages was also not disclosed

until June 3, 2025 and should not be introduced at trial. They will only inflame the jury and confuse the issues. These texts are attached as Exhibit 1.

In so much as the Government claims it does not have to disclose the exact number of videos it intends to introduce at trial, this is clearly incorrect. Under Fed. R. Crim. P. 16(a)(1)(E), such physical materials must be disclosed upon a defendant's request. Indeed, the videos are alleged to have been obtained from Kuhl, and are intended to be used by the government in its case-in-chief at trial. Mr. VerHey has been a federal prosecutor for over 10 years and knows the federal rules governing discovery, yet intentionally makes the meritless claim that Kuhl's request is premature because this information will be provided on June 10, 2025 via exhibits (ECF No. 219 at PageID. 1836). Because of this intentional withholding of this information, that is material to Kuhl preparing his defense, and is ~~done~~ done in bad faith, no depictions should be allowed to be introduced at trial. This sanction is further justified by the Government's inconsistent description of the handful of depictions at issue in this case. Inconsistency exists as to the type and amount of depictions, as well as what they actually depict. Please see the restricted access exhibit to ECF No. 182 which shows standby counsel's description of the depictions, and compare with the initial indictment (ECF No. 1), the superseding indictment (ECF No. 147),

the government's descriptions of videos in ECF No. 123 at PageID. 773-774, and page 5 of 8 MSP report FIT-0000091-22.

Accordingly, in the event that dismissal is not granted, Defendants seeks exclusion of any testimony, or prior statement, made by Minor 1 that infers she sent sexually explicit depictions at Kuhl's request or direction, as well as exclusion of all depictions and thus dismissal of Count 1. Additionally, Kuhl should be allowed a broad range of cross-examination into Minor 1's sexual predisposition as a minor. Furthermore, the attached texts, as well as two other conversations should be excluded from being introduced at trial. The other two conversations discuss plumbing, marijuana, lawn care, and home care and thus, bear no relevance to the charged crimes.

Respectfully,

S. Kuhl 6/6/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

Samuel Alexander Kuhl
#61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349




Clerk of Court
U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL