UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIG

FILED - GR
June 11, 2025 1:09 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 6-11

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

*EXPEDITED CONSIDERATION REQUESTED*
MOTION FOR COURT ORDER AND/OR SUBPOENA

Now comes Defendant Samuel Kuhl, proceeding pro se, before the Court requesting that the Government be compelled to disclose the materials described within this pleading, and/or issue a subpoena to the appropriate parties. Defendant seeks such action by this Honorable Court to obtain the following information.

1. Arrest record as an adult and ~~Minor 1~~ juvenile, of Minor 1 from Van Buren County Sheriff's Office, South Haven Police Department, Bangor Police Department, Kalamazoo Department of Public Safety, Kalamazoo County Sheriff's Office, Michigan State Police, Van Buren County Juvenile Services, Allegan County Juvenile Services, and Kalamazoo County Juvenile Services.

2. Conviction record as an adult and juvenile of Minor 1 from the

same law enforcement agencies described above in paragraph 1.

3. Any and all persons ~~having~~ and agencies having or maintaining medical, psychological, social, and school records for the alleged victim Minor 1 from January 1, 2018 until present. If necessary, such material shall be provided to standby counsel for inspection and copying. Such persons and/or agencies will be Bangor Highschool and Middleschool, Van Buren County Juvenile Services, Van Buren County Sheriff's Office, Allegan County Juvenile Services, Intercare at 308 Charles St. Bangor, MI 49013, Bronson South Haven Hospital at 955 Bailey Ave. South Haven, MI 49090, among others. This includes reports by probation officers displaying Minor 1 being dishonest, running away from home, being sexually active, or engaging in drug use and criminal activity.

4. Facebook Account of Minor 1 seized by MSP Detective Gensterblum for communications between Minor 1 and men from 1/1/~~20~~ 22 until the date of seizure by MSP. Also, any communications displaying sexually oriented conversations and any depictions of Minor 1 nude or engaged in sexually explicit conduct. (For standby counsel and/or in camera Court review)

## LEGAL SUPPORT/ARGUMENT

As to paragraph 1, such information may be admissible under

FRE 608 and 609. While Defendant seeks Minor 1's entire arrest record, whether or not charges were filed or prosecuted, and for any charges that were diverted, suspended, or otherwise disposed of, may not be admissible under FRE 609 as a conviction did not result, such record is admissible under FRE 608 possibly. Further, Defendant is not seeking the Court to rule on admissibility at this point, but only seeking the Government be required to provide such material as it will most likely be exculpatory and/or useful for impeachment purposes. Indeed, favorable evidence for Brady purposes includes both exculpatory and impeachment evidence. See Giglio v. United States, 405 U.S. 150, 154 (1972).

Accordingly, the arrest record of Minor 1 will provide essential cross examination material to the Defense. Such arrest record may alert Defendant to a specific act of dishonesty by Minor 1, which may be admissible in the form of cross-examination question, without the support of extrinsic evidence. Thus, this information does promise some assistance to Defendant in terms of impeachment preparation, and therefore establishes materiality. Evidence "is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." United States v. Lloyd, 992 F. 2d 348, 351 (D.C. Cir. 1993).

In the event that the prosecution does not possess such record, Defendant seeks to have the Court issue subpoenas duces tecum to

the entities described in paragraph 1. As can be seen by the attached excerpts from Facebook Messenger, Minor 1 clearly states she is on probation and violated multiple times, has been on house arrest, and was selling marijuana. (Ex. 1) Moreover, the Van Buren County Sheriff's Office Incident Reports attached to Defendant's contemporaneously filed motion displays Minor 1's persistent adverse encounters with law enforcement.

As to paragraph 2, such information is admissible under FRE 608 and 609 possibly. As mentioned above, and displayed by attached exhibits, Minor 1 does have multiple criminal convictions and is known to lie about matters pertaining to her involvement in activities she does not want certain people aware of. Indeed, as can be seen in the attached Facebook Messenger excerpts, Minor 1 states that she does not have her family or friends because she doesn't want them in her business. Indeed, the attached excerpt of text messages displays Minor 1 orchestrating a lie and then saying her mom believes her. (Ex. 2)

As to paragraph 3, Minor 1 has had counseling and has had issues for fighting and skipping school, as well as running away. As can be seen Minor 1 is on probation, or was, and violated multiple times. Due to the attachment to Kuhl's contemporaneously filed motion, it is highly probable that Minor 1 was involved in distributing CSAM depicting herself and/or other classmates in 2021 while attending

Bangor Highschool.

The appropriate parties to subpoena include, but are not limited to Bangor Highschool principal Steve Galvin, Van Buren County Mental Health Authority, Van Buren and Allegan County Juvenile Probation services, the agencies described in paragraphs no. 1 and 3 above, Van Buren County Sheriff Daniel Abbott, Tom Simpson the City Manager of Bangor, Bangor Highschool Counselors Mike DeRespino, Jill Kelly, Sharon Ayer, and Scott Clement, Bangor Chief of Police Justin Weber, and interim Police Chief of South Haven Adam DeBoer. Seeing as Minor 1 had gotten pregnant at a young age due to sexual abuse, there is certainly record of counseling sessions and Minor 1 continued counseling through 2021 and 2022. Accordingly, it is likely that Minor 1 mentioned interactions with other males during counseling sessions including Defendant. Because MSP Detective Gensterblum stated that Minor 1 persistently said that her relationship with Defendant was consensual and that she loved Defendant, such counseling interviews could be exculpatory and/or impeachment evidence.

Indeed, school and probation records and reports will likely disclose specific acts of dishonesty by Minor 1, which may be admissible in the form of cross-examination questioning, and will help corroborate possible witness testimony as to Minor 1's reputation of dishonesty. Likewise, the CPS will have files of reports and counseling sessions related to Minor 1 running away, having sexual relations, engaging

in criminal conduct, drug use, and fighting. Accordingly, there will be evidence of Minor 1's dishonesty and sexual activity which provide support Defendant did not persuade or entice Minor 1 to do anything of a sexual nature. See Love v. Johnson, 57 F.3d 1305 (4th Cir. 1995).

As to paragraph 4, the MSP obtained the entirety of Minor 1's Facebook data on 1/11/2023. The data requested may reveal Minor 1 sending other people sexually explicit photos, making false claims as to her age, and seeking out sexual relationships. This material will show that Minor 1 seeks out sexual relationships and takes sexually explicit depictions of her own volition. Indeed, as shown by the attached search warrant, the Government does constructively possess and/or can easily access such records (Ex. 3). MSP and the FBI worked together and on behalf of one another during this investigation sharing evidence and information. Indeed, it seems MSP searched the Facebook of Minor 1 that these messages in Defendant's discovery are from, and Minor 1 was involved in distribution of CSAM which Facebook played a part in, as can be seen by the Van Buren County Sheriff's Department Incident Report attached to Defendant's contemporaneously filed motion. Thus, it is likely Minor 1 may have continued sharing sexually explicit depictions and enaging in sexually related activities and conversations beyond those alleged in this case.

## CONCLUSION

Wherefore, Kuhl requests the Court to order the Government to disclose such evidence and/or issue subpoenas duces tecum to the appropriate parties. Defendant must be entitled to the oppurtunity to present a full and effective defense and refusal of this requested relief will infringe upon such rights under the Sixth Amendment's assistance of counsel, confrontation, and compulsory clauses, as well as Due Process and Equal Protection under the Fifth Amendment. Moreover, refusing such relief will violate Federal Rules of Evidence and the Brady and Giglio standards.

Respectfully,

S. Kuhl 6/6/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

**SPECIAL LEGAL MAIL**
MR SAMUEL ALEXANDER KUHL #61189-510
#202301785
NEWAYGO COUNTY JAIL
1035 E JAMES STREET
PO BOX 845
WHITE CLOUD MI 49349

"THIS MAIL HAS ORIGINATED
FROM THE NEWAYGO COUNTY JAI

FREEDOM FOREVER / USA
FREEDOM FOREVER / USA
FREEDOM FOREVER / USA

U.S. District Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL