UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 11, 2025 1:09 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 6-11

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 1:23-cr-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.

# *EXPEDITED CONSIDERATION REQUESTED*
# MOTION FOR SUBPOENA

Now comes Defendant Samuel Kuhl, proceeding pro se, respectfully requesting the Court to issue a subpoena in accordance with Federal Rule of Criminal Procedure 17(c)(3), and LCrR 17.1. Defendant's request is appropriate to ensure that his rights under the Due Process Clause of the Fifth Amendment and the Compulsory Clause of the Sixth Amendment are afforded him. Accordingly, Defendant's right to effectively assist in his defense, in his pro se capacity, which is guaranteed under the Sixth Amendment, supports issuance of the requested subpoena. Moreover, Kuhl's request is further justified under the doctrines of Brady and Giglio materials, as well as Federal Rules of Evidence 402; 412(b)(1)(A) and (c); 608(a) and (b); 803; and 807.

Attached to this pleading are two incident reports that Defendant obtained via a Freedom of Information Act ("FOIA") request to the Van Buren County Sheriff's Office of Michigan.

Due to the fact these materials are heavily redacted, Mr. Kuhl is unable to effectively evaluate and verify the entirety of the incident and the parties involved, including Minor 1. The evaluation of the incident and disclosure of certain identities is necessary to further investigate and possibly move to have some parties called as witnesses.

Specifically, the attached Van Buren County Sheriff's Office ("VBCSO") Incident Report for Incident # V346049 was returned by submitting a FOIA request to VBSCo for reports pertaining to the name of Minor 1's mother, and/or Minor 1's address. The report describes an incident of distributing CSAM. Accordingly, Defendant requests that the specifics of the incident be unredacted, as well as the names of anyone who is now an adult, including Minor 1, and anyone who may be able to testify about Minor 1's involvement in the incident, and/or Minor 1's propensity to take nude or sexually explicit depictions. Such disclosure and/or testimony will help support the defense that Mr. Kuhl did not persuade, entice, or use Minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. Indeed, any depictions of any sexual nature that the Government contends Kuhl received of Minor 1 were sent of Minor 1's own volition and under no direction of Defendant. Moreover, as will be supported by the second incident report attached, such disclosure and/or testimony

related to this Incident Report will most likely provide evidence of Minor 1's dishonesty. Thus, such material is possibly Giglio material and Brady material, as well as evidence to prove the depictions at issue in this case were the source of someone other than Defendant. Indeed, that someone else is Minor 1 herself and therefore, under FRE 412(b)(1)(A), such material is admissible, or at least merits an oppurtunity for Defendant to argue the admission of such.

The second attached VBCSO Incident Report for Incident # V301639, involves a minor female child whose mother is Minor 1's mother and resides at Minor 1's address. This report pertains to Minor 1 sneaking away with an older man and then, according to the officer, being misleading and dishonest about who the man was. Defendant seeks the unredaction of the entirety of this report to show that Minor 1 is the girl who ran away with an older man then lied about, as well as possibly call the other female referenced in the report who is David Pitcock's daughter. This disclosure and/or testimony will yield evidence of Minor 1's dishonesty and willingness to be involved secretly with older men. Indeed, such material is Giglio and Brady material, as well as FRE 402; 405(a) and (b); 412(b)(1)(B) and (C); and 608.

Wherefore, Defendant requests that the Court issue a subpoena for the corresponding unredacted reports of the attached VBCSO Incident Reports and any other information relating to Incident #

V301639 and case number 00917-18, as well as Incident # V346049 and case number 01252-21. Disclosure of the names of school staff involved in Incident # 346049 is needed to interview such individuals as to Minor 1's truthfulness and character. In order to fully disclose the requisite information as to Incident # V301639, Kuhl requests a subpoena be issued to Bangor Police Department as well.

Respectfully,

S. Kuhl 6/6/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

Clerk of Court
U.S. District Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL