UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 11, 2025 1:09 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 6-11

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

MOTION OBJECTING TO JOINT PROPOSED JURY INSTRUCTIONS

Defendant now comes before the Court to claim fraud upon the Court by the Government. Defendant did not agree to or submit the Joint Proposed Jury Instructions created by the Government. Defendant objects to portions of the Government's proposal and will lay out such objections and proposed amendments within this pleading.

Attached is the proposed amendments and reasoning to support the adoption of such amendments.

1. Objection and proposed amendment 1:

Subsection (3) of the 2.01 Introduction should be stricken or modified to state: * Everything there with the addition of "However, seeing as the crimes charged contain an element of control and orchestration, for which the Defendant bears the responsibility, you must consider whether ~~ang~~ any of the alleged conduct is a result of the alleged minor's own volition. * If you determine that the Defendant did not exercise control and orchestration of the alleged victim to specifically commit the charged crimes, you must find the Defendant not guilty."

Reasoning for objection 1

Due to the lack of evidence, specifically texts, showing Mr. Kuhl requesting or suggesting Minor 1 send any sexually explicit depictions, it is necessary to determine whether Minor simply sent such depictions of her own volition. Accordingly, this is not violating §2251(a) by Defendant because he allegedly recieved and possessed such pictures.

2. Objection and proposed amendment 2:

Provision (1)(B) of 16.01 setting forth the elements of

§2251(a), should remove "or transmitted" from its language. In the alternative, Provision (1)(A) of 16.01 should add the language "or for the purpose of transmitting a live visual depiction of that conduct" after the "producing a visual depiction of that conduct" language.

Accordingly, "transmitted" should be defined as "applying only to a live broadcast visually depicting such conduct, i.e., Facetime, Zoom, Skype, Google Duo, etc., not the mere transfer of a depiction already produced."

Reasoning for Objection 2

"Where Congress includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296 (1983).

Indeed, "transmitted" precedes "live" as to the visual depiction which shows that the term "transmitted"/"transmitting" applies to live performances and not simply "mailing, shipping, or transporting" depictions already produced. Indeed, the depictions already produced are covered under "mailed, shipped, or transported" language. Further support is provided by the omission of the term "transmitted" from 18 U.S.C. §§ 2252; 2252A. Both sections pertain

to digital visual depictions that "have been mailed, shipped, or transported using any means or facility of interstate or foreign commerce." "Transmitted" is omitted because it pertains only to live visual depictions being broadcast in real time.

Even if the Court deems that Kuhl's interpretation of the term "transmitted" is misplaced, the first proper remedy sought by Defendant is the exclusion of the "or transmitted" language from 16.01(1)(B). Indeed, such instruction will result in constructive amendment of Count 1. In United States v. Hartleroad, 73 F.4th 493 (7th Cir. 2023), the Seventh Circuit approached a similar issue between an indictment charging the defendant with violating §2251(a), and the language of the jury instructions. While refusing to reverse Hartleroad's conviction, the Court held that "the discrepancy between the jury instructions and the indictment... is indeed plainly erroneous." Id. at 501. Accordingly, allowing the "or transmitted" language in the Government's proposed jury instructions will result in constructive amendment of the indictment as to Count 1.

The rule of lenity should be resorted to in this instance and the application of the term "transmitted" be interpreted in favor of Defendant. Accordingly, "transmitted" applies specifically to live visual depictions as described above and the "or transmitted" language of 16.01(1)(B) should be excluded.

3. Objection and proposed amendment 3:

In the paragraph beneath the six factors (Dost factors) to be considered when determining whether an exhibition is lascivious, the second sentence should be amended. Accordingly, the second statement should read, "Instead, you must determine whether the visual depiction is lascivious by considering, among the six factors listed, only the contextual evidence directly related to the production of the depiction, as well as its overall ~~content~~ visual content."

The third and final sentence of this same paragraph should be amended to read, "It is of importance that the sixth factor should be given the least weight when making your decision."

Reasoning for objection 3:

In <u>United States v. Brown, 579 F.3d 672 (6th Cir. 2009)</u>, the Sixth Circuit engaged in a lengthy in-depth analysis of the sixth Dost factor and held that "it is appropriate to apply a 'limited context' test that permits consideration of the context in which the images were taken, but limits the consideration of contextual evidence to the circumstances directly related to the taking of the images." Indeed, several other courts have expressed concern over the Dost factors and the term "lascivious." See <u>United States v. Donoho, 76 F.4th 588, 601-02 (7th Cir. 2023)</u> (Judge Easterbrook

concurring); U.S. v. Perkins, 850 F.3d 1109 (9th Cir. 2017); United States v. Amirault, 173 F.3d 28, 34 (1st Cir. 1999).

Accordingly, the Court should not allow the jury to weigh any contextual evidence that is not directly related to the producing of the depictions at issue. In order to avoid this, the proposed amendment should be applied.

4. Objection and proposed amendment 4:

16.01(2)(E) should omit the "or data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format." language.

Reasoning for objection 4:

Due to the first description of "visual depiction" applies to the depictions at issue, it is sufficient. Because of the conflation of the term "transmitted", refusing to adopt this proposed amendment will confuse the issues and mislead the jury.

5. Objection and proposed amendment 5:

092.2 be replaced with the Sixth Circuit jury instruction 16.09.

Accordingly, this portion should read "(1) Count 2 of the indictment charges the defendant with persuading a minor to engage in unlawful sexual activity. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, That the defendant knowingly persuaded, induced, and enticed an individual under the age of 16 (Minor 1) to engage in unlawful sexual activity.

(B) Second: That the defendant used a means or facility of interstate commerce to do so.

(C) Third: That the ~~individual~~ defendant knew Minor 1 was under the age of 16.

(2) Now I will give you more detailed instructions on some of these terms.

(A) "Unlawful sexual activity" includes Criminal Sexual Conduct Third Degree under Michigan law pursuant to MCL 750.520d. Under MCL 750.520d (1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person who is at least 13 years of age and under 16 years of age.

(B) "Using a means or facility of interstate commerce" includes using the internet or the telephone.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.

If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge."

Reasoning for objection 5

Firstly, this Court is bound by the Sixth Circuit Rule of law unless abrogated by the U.S. Supreme Court. Accordingly, the Government's proposal for this Court to use Eleventh Circuit Pattern Instruction, modified slightly to partially conform to Sixth Circuit Pattern instructions, in a matter favorable to their case is inappropriate. It runs afoul of due process and the right to a fair trial, under the Fifth and Sixth Amendments, and is clearly cruel and unusual in violation of the Eighth Amendment.

The Government attempts to include all the terms of actus reus in the disjunctive which amends the indictment constructively, because Count 2 specifically alleges Kuhl persuaded, induced, and enticed Minor 1 in the conjunctive in the second sentence. Moreover, the term "coerce" is absent in Count 2's second facts and circumstances statement. While it is deemed constitutionally permissible for the Government to charge multiple means of committing an offense conjunctively, but only need prove at least one means at trial, allowing such leniency in this case is unconstitutional.

This is because earch verb has been interpreted to connote

different types of conduct depending on the circumstances in which the alleged offense took place, just as in child-pornography-production cases. See United States v. Hillie, 227 F. Supp. 3d 57, 75 (D.D.C. 2017). Thus, the charging in the conjuctive cannot be separated to the disjunctive in this instance, especially because of the expansive 16 month timeframe charged and the numerous texts involved in Count 2.

In the Government's proposed instructions they conflict the Sixth Circuit's clear instruction to substite the age reference of 18 to the age standard of the underlying sexual activity. Accordingly, CSC third degree under Michigan law has an age standard of 16. Thus, the age that must be applied in the instructions for Count 2 must be 16. Additionally, the Government attempts to circumvent a knowledge requirement as to the fact the accused is knowingly communicating to commit a sexual crime. This runs afoul of the Sixth Circuit's reliance on United States v. X-Citement Video, 513 U.S. 64, 78 (1994), in which the Supreme Court held that the scienter requirement of knowingly in §2252(a) extended both to the sexually explicit nature of the material and to the age of the performers.

While the Government attempts to incorporate Michigan's definition of statutory rape to remove such knowledge of age requirement, such incorporation to §2422(b) is also unconstitutional. It is not the physical sexual unlawful activity

that §2422(b) criminalizes. Indeed, it is the communication by remote means whose purpose is to achieve a mindstate of assent in the minor. Because statutory rape involves actually physical contact and thus, personal observance of the minor, it may be constitutional to make it a strict-liability crime. However, due to the prohibition of §2422 not being one of physical conduct, such scienter requirement cannot be waived. Indeed, the word "knowingly" applies to the age of the minor and the unlawful sexual activity in §2422(b) offenses.

Furthermore, such instruction goes beyond misstating the law, it also undermines part of Kuhl's defense because Minor 1 was not under 16 during the entire time charged in the superseding indictment. Indeed, Minor 1 originally stated multiple times that she was 17 and although she later revealed a younger age, that age was inconsistent and after a relationship had been ongoing for months. Accordingly, Defendant did not need to, nor did he, persuade, induce, entice, and/or coerce Minor 1 to engage in sexually illegal activity.

Another reason supporting Defendant's proposed amendment is the Government's prejudicial and unconstitutional proposed definition of the term "induce," which removes the entire element of persuasion or achievement of assenting mindstate in the alleged victim. This overly broad definition simply allows Kuhl to be convicted simply upon proof that he used the phone or

internet to meet Minor 1 for sexual intercourse without having to convince her in the slightest. This will result in an overreach of Congress's limited authority under the Tenth Amendment, separation-of-powers principle, federalism, comity, and other lawful authorities. Moreover, it will result in a violation of due process as Defendant will not have been sufficiently notified as to what conduct §2422(b) prohibits, as well as a violation of the Sixth Amendment because he is not put on notice as to what he is called to defend himself against. Indeed, the Sixth Circuit Pattern instruction and the terms' ordinary meanings to establish the actus reus element of §2422(b) is what Kuhl has relied upon in preparing his defense. To apply out of circuit jury instructions is unfair and prejudicial. Indeed, the rule of lenity requires that knowingly applies to the terms of actus reus and thus, it must be proved that Defendant knew he was influencing Minor 1, knew that she was under 16, and knew that the sexual activity sought by such influence was illegal. The broad definition of "induce" runs afoul of such knowledge requirement and unlawfully and unconstitutionally broadens §2422(b)'s actus reus element, as does the rest of the Government's 092.2 instruction.

If the Court allows the elements of actus reus to be relayed to the jury by stating the terms in the disjunctive, Kuhl requests a special unanimity instruction that requires the jury

to agree on the same actus reus term of conduct. This is only a last alternative as to this specific issue. The Court must use the Sixth Circuit Pattern as described in this pleading.

6. Objection and proposed amendment 6:

The entirety of 5.01 should be excluded and the Government ordered to elect as to both counts which charge to pursue: a completed offense or an attempted offense.

Reasoning for Objection 6:

"The spector of double jeopardy is raised by the jury's inability to find the defendant innocent of one of the charges in a duplicitous count." United States v. Hicks, 529 F.2d 841 (5th Cir. 1976).

Indeed, Defendant has continuously argued that both Counts of the initial and superseding indictments are duplicitous (ECF Nos. 102, 103, and 174). Counts 1 and 2 even more so as to the superseding indictment because of the substantial increase in the timeframe of the charges (ECF No. 174 at PageID. 1216-1224). Accordingly, Defendant challenged both counts of the initial indictment on duplicity grounds because of the broad timeframe, attempted and completed offenses in each count, multiple depictions as to Count 1 and multiple devices, as well as multiple means

of communication (Facebook Messenger and cell phones) and devices as to Count 2, and the conjunctive charging of the means of actus reus.

Indeed, any conviction upon either of these counts will be unconstitutional even without the attempted and completed offenses being charged in both counts. This is because of all the duplicit factors weighed together, there is no guarantee the jurors will unanimously agree on a distinct and particular instance of sexual exploitation or enticement and coercion of a minor.

Recently, the 11th Circuit addressed an essentially identical issue and vacated the conviction as to a violation of §2422(b) in United States v. Pulido, 22-10709 (11th Cir. Apr. 8, 2025). The Eleventh Circuit held: "It's true, as the Government asserts, that it can point to a pattern of activity to prove the commission of the enticement offense. But it's also true that such a pattern culminates in a discrete episode of enticement. In that moment, the instant when the minor has been enticed after days (or weeks, or months) of conduct by the defendant, the §2422(b) offense has occurred. So, as applied to this case, it may be that it took Pulido weeks or months to entice I.G. to engage in illicit sexual activity with him. But the moment that Pulido was able to move I.G.'s mental state from one of hesitation to one of agreement for the first time, he violated §2422(b). Subsequent episodes in

which he successfully moved her mind would constitute distinct acts of enticement, and thus independent violations of the statute. By failing to charge multiple enticement counts in a case that involved a 10-month relationship, numerous online conversations about sex, and multiple sexual encounters in both Croatia and Florida, the government produced an indictment that creates the risk that the jury may have convicted Pulido without unanimously agreeing on the same offense." Id. at 19-20.

Because Defendant's duplicity arguments have been denied this Honorable Court, he prays to salvage some fairness at trial by asking the Court to require the Government to elect between an attempted or completed offense, as to both Counts of the superseding indictment, and remove 5.01 from the jury instructions. Indeed, the analysis applied in Pulido as to §2422(b) extends to §2251(a).

Additional amendments and objections have been written in to the Government's proposed jury instructions, which are attached to this pleading. Defendant reserves his right to make oral objections and proposed amendments on 6/17/25 and 6/24/25.

Respectfully,

S. Kuhl 6/7/25

S. Kuhl 61189510

Samuel A. Kuhl #61189510
Newaygo County Jail
1035 James St.
White Cloud, MI 49349

"THIS MAIL HAS ORIGINATED
FROM THE NEWAYGO COUNTY JA[IL]

FREEDOM FOREVER/USA

U.S. District Court
399 Federal Building
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL