UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

    Defendant.
_____/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

# **MEMORANDUM OPINION AND ORDER**

Pending before the Court are multiple motions filed by Defendant Samuel Alexander Kuhl, who is proceeding *pro se* in this criminal case. In this Memorandum Opinion and Order, the Court addresses the following motions: (1) Defendant's motion (ECF No. 240) for leave to file a reply brief in support of his objections (ECF No. 169) to the Magistrate Judge's ruling (ECF No. 140) on Defendant's discovery motion (ECF No. 98); (2) Defendant's motion for leave to file a motion past the expiration of the pretrial motion deadline (ECF No. 245); (3) Defendant's objection (ECF No. 259) to the Magistrate Judge's ruling (ECF No. 234) on Defendant's motions regarding standby counsel (ECF Nos. 182); (4) Defendant's "motion claiming unconstitutional prejudice" (ECF No. 260); (5) Defendant's "motion to request correction and preservation of records" (ECF No. 261); and (6) Defendant's filing entitled "Subpoena" (ECF No. 262). The government has not responded to these filings. For the following reasons, they are all properly denied.

***ECF No. 240***. As to Defendant's motion for leave to file a reply brief, Defendant's proposed brief would not have assisted the Court in the disposition of the underlying motion, which

the Court decided prior to receiving Defendant's motion for leave to file a reply brief. Accordingly, this motion is properly denied.

**ECF No. 245**. As to Defendant's motion for leave to file an untimely motion, the proposed motion is a motion to dismiss this case or alternatively to sanction the government due to the government's alleged failure to disclose evidence. As the Court has previously stated, because the pretrial motion deadline expired on March 5, 2025, the parties must seek leave to file additional pretrial motions. *See e.g.*, Op. & Ord., ECF No. 125 at PageID.830; Op. & Ord., ECF No. 184 at PageID.1430. Defendant argues in his motion for leave that he has only recently learned of the facts that underlie his proposed motion.

Though the evidence that is the subject of Defendant's latest proposed motion is different than the evidence that was the subject of Defendant's prior discovery motions, Defendant has consistently raised, and the Magistrate Judge has consistently and properly rejected, *see, e.g.,* ECF Nos. 233, 234, iterations of Defendant's argument that the government has not discharged its discovery obligations in this case. The government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, having been advised of those obligations through the Court's standing order on discovery in criminal cases and during the recent discovery hearing before the Magistrate Judge (ECF No. 233). Under these circumstances and at this pre-trial juncture, when witnesses are yet to even be disclosed, Defendant does not have good cause to raise the arguments in the proposed motion. Accordingly, the motion for leave to file is properly denied.

**ECF No. 259**. Defendant objects "to the ruling of [the Magistrate Judge on June 5, 2025] that Defendant has no right to standby counsel" (ECF No. 259 at PageID.2261). Defendant has not identified any error committed by the Magistrate Judge. "A criminal defendant who elects to proceed pro se has no right to standby counsel or right to effective assistance by standby counsel."

2

*Moore v. Edwards*, 2024 WL 1636585, at *4 (6th Cir. April 1, 2024) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Wilson v. Parker*, 515 F.3d 682, 697 (6th Cir. 2008); and *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012). Accordingly, this motion is properly denied.

**ECF No. 260**. As to Defendant's motion requesting access to the Public Access to Court Electronic Records (PACER) system, Defendant acknowledges that the Court has already denied this request (ECF No. 260 at PageID.2265 (citing ECF No. 184 at PageID.1432)). Furthermore, the Court notes that Defendant receives docket entries via the mail. Defendant has filed dozens of motions in this case, indicating that his access to legal resources and records has been more than adequate.

**ECF No. 261**. As to Defendant's motion requesting to correct the transcript of a hearing before the Magistrate Judge, the Federal Rules of Evidence establish that the certified transcript is the official record to which the parties are entitled. FED. R. EVID. 753(b) ("No transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter.") Defendant's motion does not clearly articulate the errors he believes exist in the transcript nor does it cite authority supporting the proposition that he is entitled to substantive amendment of a certified transcript. Accordingly, this motion is properly denied.

**ECF No. 262**. Defendant filed a document which he entitled "Subpoena," in which he requests that the Court issue subpoenas to the individuals listed in the document. Trial is a week away. This document does not comport with Rule 16 of the Federal Rules of Criminal Procedure. It is not a sealed and signed subpoena, nor is it a request for a blank sealed and signed subpoena. *See* FED. R. CRIM. P. 16(a). Many of the names do not include addresses at which the individuals could be served. In addition, the document is not accompanied by an ex parte application showing the Defendant's inability to pay the witness's fees and the necessity of the witness's presence for

an adequate defense.  *See* FED. R. CRIM. P. 16(b).  This document, to the extent it is a motion for issuance of subpoenas, is properly denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motions appearing on the docket at ECF Nos. 240, 245, 259, 260, 261, and 262 are DENIED.

Dated:  June 17, 2025                                              /s/  Jane M. Beckering                  
                                                                                JANE M. BECKERING
                                                                                United States District Judge