UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES, ~~DISTRICT CO~~

Plaintiff,

Case No. 1:23-cr-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.

*EXPEDITED CONSIDERATION REQUESTED*

MOTION REQUESTING AUTHENTIC MESSAGES

Now comes Defendant before the Court respectfully requesting that he be provided and the jury be presented with the original messages containing emojis. Kuhl does not bring this motion in bad faith or any ill purpose, and only seeks to be able to present a full defense and provide the jury a more factual look at the communications in this case. These matters are ingrained in the right to a fair trial and Confrontation Clause of the Sixth Amendment, as well as the Due Process Clause of the ~~Sixth~~ Fifth Amendment. Additionally, the requested materials are appropriate under Fed. Rule of Crim. P. 16 and FRE 1002; 901(b)(4); and 902.

Seeing as the case at hand is dominantly predicated upon digital messages, it is imperative that such messages not be taken out of context or presented in a way that misleads the jury. Accordingly, the presence of emojis is necessary to present a complete narrative

in regards to certain communications. While some may feel that Kuhl's request is frivolous or insubstantial, people who are in touch with today's society understand the importance of emojis in modern messaging. The text of a message can be completely modified or transformed as to its meaning and interpretation based on the emojis associated with the word or words. For instance, an "okay" can be interpreted as a satisfactory agreement, whereas an "okay" with a sad face can be interpreted as a mere insincere or hesitated assention or understanding. Just as a "no" can simply mean "no," whereas a "no" followed by a wink or rolling eye emoji could be interpreted as a "yes."

Defendant urges the Court to allow for a review of messages in this case to be in their authentic and complete context, so that the jury be fully informed and not misled. Wherefore, Mr. Kuhl requests that screenshots of the entirety of messages at issue between S.D. and himself be disclosed with the presence of emojis. This can be done by printing the messages from the actual Cellebrite and Graykey or Axiom reader reports or extractions. Such material will enable Kuhl to negate accusations of persuasion, as well as paint a truer picture of the facts and circumstances of this case.

Respectfully,

S. Kuhl 6/18/25

S. Kuhl 61189510