# 1

# REPLY BRIEF

## CLARIFICATION AS TO PROCEDURAL BACKGROUND.

While it is true that Defendant has been appointed three attorneys, he did not necessarily express dissatisfaction with each. Britt Cobb submitted her own motion seeking to withdraw from the case almost immediately after being appointed.

Additionally, Public Defender Parker Douglas had relocated outside of this District before Defendant had even been arraigned. Accordingly, substitution of Parker was inevitable.

Furthermore, the grounds addressing dissatisfaction with both Mr. Douglas and Mr. Graham were substantial and appropriate. Parker never once spoke to Mr. Kuhl outside of the Courtroom and even hung up on Defendant. This hang up occurred when Kuhl tried to speak to Mr. Douglas when a fellow inmate, Jimmy Creekmore Jr., had Mr. Douglas on the phone already. As soon as Kuhl stated his name, Parker immediately hung up. This is only one of many grounds sustaining Defendant's dissatisfaction with Parker Douglas.

As to Scott Graham, Defendant has expressed multiple times

the issue of being able to communicate with Mr. Graham on a consistent basis. It is almost impossible to contact Mr. Graham personally.

Additionally, the tension and animosity between Defendant and Mr. Graham has created an impenetrable barrier in any effective communication. To put it lightly, it seems as if Mr. Graham and Mr. Kuhl are irritated simply by the sounds of each other's voice. They have literally ~~have~~ had to exchange profanities and express dislike for each other on multiple occasions.

Furthermore, Mr. Graham has specifically stated he will not discuss or entertain any claims of ineffective counsel that Kuhl may have.

SUPPORTING ARGUMENT TO GRANT RELIEF

The Government concedes that, while it is not typical to entertain claims of ineffective assistance on appeal, such claims can be entertained when there is a clearly established record on the issue (ECF No. 313 at PageID. 2670). Indeed, the Sixth Circuit has clearly established this exception to ineffective assistance of counsel claims. See United States v. Soto, 78 F.3d 689, 698 (6th Cir. 2015) and United States v. Angel, 355 F.3d 462, 469 (6th Cir. 2004).

Indeed, the Sixth Circuit has recognized the trial Court's authority to grant Rule 33 motions based on ineffective assistance of counsel claims. See United States v. Arny, 831 F.3d 725 (6th Cir. 2016).

While certain matters pertaining to Mr. Graham's partial representation at trial underlie Defendant's ineffective assistance claims, such claims are also based on Mr. Graham's pretrial representation. Specifically, Mr. Graham conceded that meritorious arguments needed to be raised concerning suppression, but Mr. Graham needed to review the facts of the case with more scrutiny. However, Mr. Graham never raised any suppression motion nor moved to extend the pretrial motion deadline. In fact, Mr. Graham essentially abandoned representation when Defendant expressed a desire to proceed pro se. Indeed, Mr. Graham told Mr. Kuhl at a meeting in the Courthouse conference room, that Mr. Graham just assumed the pretrial motion deadline would be extended, so that is why he never made a formal motion requesting such extension. Mr. Graham stated that he'd never seen the Court stick to the first deadline, but decided to do so when it could be used against Defendant.

This only lays a concrete foundation underlying the corrupt collusion between the Court, Government, and Mr. Graham to

prevent Mr. Kuhl from fully discovering and litigating the issues warranting disposition of this case. Defendant has been consumed with stress, anxiety, depression, frustration, and resentment behind Mr. Graham's participation in the corrupt conspiracy.

There are other issues concerning Mr. Graham's pretrial representation which Kuhl is hoping to discuss with, and have investigated by new counsel.

It is true that Defendant's concerns as to issues laying a basis for post-verdict motions can be addressed on appeal, but they have been raised timely and in good faith via post-verdict motion. Accordingly, it is in the interest of justice to afford Kuhl counsel to investigate all post-verdict concerns raised by Defendant before sentencing. Defendant is not going anywhere, the record will be better established, memories as to the matters at hand are fresh, and this Court has the means and authority to allow these matters to be fully addressed and decided.

Simply continuing to force Kuhl to proceed pro se is unconstitutional and unfair. Mr. Graham has clearly stated that he will not discuss or litigate any ineffective claims against himself and refuses to withdraw from the case. Because Kuhl's grounds for seeking post-conviction relief are partially based upon ineffective assistance

claims, it is imperative he be afforded new counsel. Additionally, Kuhl's repeated request to be represented by counsel and the issues presented as to the irreparable breakdown in the relationship between Kuhl and Mr. Graham establish good cause for new counsel to be appointed.

Not addressing these matters and refusing Kuhl representation by counsel will result in a miscarriage of justice. Upon sentencing, Defendant will be transported and lose the substantial research and legal materials he has gathered pertaining to this case. Further, Kuhl will be transported to MDOC Reception and Guidance Center to finish a state prison sentence. The Reception and Guidance Center (RGC) does not allow inmates to personally access the law library and does not have the operation nor resources of a general prison. You are locked down in a cell for two people except to go to the dining hall for meals, and 45 minutes of outside recreation 3 days a week. Typically inmates are kept at RGC for 12-16 weeks before being transferred to a general prison. This environment will severely hinder Defendant's appeal by way of communication with appellate counsel and access to the law library. Addressing these matters now to the full extent will better establish the record in case of appeal and prevent unnecessary hardship on Defendant who is actively involved in all aspects of his defense.

# CONCLUSION



Wherefore, Kuhl requests that the Court appoint new counsel and allow for an extension of the ~~14 da~~ deadline for post-verdict motions.

Respectfully,

S. Kuhl 8/8/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349