UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

    Defendant.
_____/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

In 2022, pro se Defendant Samuel Alexander Kuhl came under investigation by local law enforcement officials, and eventually the Federal Bureau of Investigation (FBI), for having a sexual relationship with a minor ("S.D."). On April 15, 2025, Defendant was indicted and charged in the Superseding Indictment with Sexual Exploitation of a Minor (Count 1) and Coercion and Enticement and Attempted Coercion and Enticement (Count 2). Following a four-day jury trial, Defendant was found guilty of both counts (ECF No. 286). The government seeks forfeiture under 18 U.S.C. §§ 2253 and 2428 of a Samsung cellphone and an iPhone.

On the third day of the jury trial, Defendant, through standby counsel, elected the Court to determine forfeiture (Tr. Vol. III, ECF No. 320 at PageID.3375). After the jury returned its verdict, on June 27, 2025, Defendant became agitated and disruptive, resulting in him being removed from the courtroom by the United States Marshals Service. On the following business day, the Court issued an Order setting a deadline of July 14, 2025 for the parties to request a hearing on forfeiture (ECF No. 288). The Court advised that, "in the event no request [was] made by the [] deadline, the Court will make a determination based on the evidence already in the record pursuant to" Rule

32.2(b)(1)(B) of the Federal Rules of Criminal Procedure (*id.*). No request for a hearing on forfeiture has been received.

### I.  LEGAL STANDARD

As to Count 1, Defendant was found guilty of violating 18 U.S.C. § 2251, which prohibits employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if that visual depiction was produced or transmitted using any means or facility of interstate or foreign commerce.  18 U.S.C. § 2251(a).  As to Count 2, Defendant was found guilty of violating 18 U.S.C. § 2422, which prohibits using any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual under the age of 18 to engage in any sexual activity for which any person can be charged with a criminal offense, and attempting to do so.  18 U.S.C. § 2422(b).

A person convicted of the offense charged in Count 1 shall forfeit property "used or intended to be used to commit or to promote the commission of such offense[.]" 18 U.S.C. § 2253. Likewise, a person convicted of the offense charged in Count 2 shall forfeit property "used or intended to be used to commit or to facilitate the commission" of the offense.  18 U.S.C. § 2428. Under Federal Rule of Criminal Procedure 32.2, "[a]s soon as practical after a verdict or finding of guilty" on any count in an indictment where criminal forfeiture is sought, the Court must determine "whether the government has established the requisite nexus between the property and the offense." FED. R. CRIM. P. 32.2(b)(1)(A); *United States v. Jones*, 502 F.3d 388, 391–92 (6th Cir. 2007). "The property must bear a 'sufficient nexus' or 'substantial connection' to the underlying offense." *United States v. Evers*, 669 F.3d 645, 660 (6th Cir. 2012) (citing *United States v. Ferguson*, 385 F. App'x 518, 529 (6th Cir. 2010) (quoting *United States v. Smith*, 966

F.2d 2045, 1055 (6th Cir. 1992))). The government must prove forfeiture by a preponderance of the evidence. *Id.* (citing *Jones*, 502 F.3d at 391).

## II. ANALYSIS

The forfeiture analysis in this case is straightforward. The evidence at trial established the following by a preponderance of the evidence:

In 2021, Defendant owned the iPhone with the serial number F2LFVK860D46 (*see* Tr. Vol. III, ECF No. 320 at PageID.3224, 3226, 3230 (testimony of Sergeant Scott Gilbert and admission of government's Exhibit 2); ECF No. 320 at PageID.3284, 3290 (testimony of Analyst Michael Fry); Government's Exhibit 3 (iPhone extraction summary); Government's Exhibit 50 (recording of a jail call in which Defendant tells his interlocutor that law enforcement knows the seized phones belong to him)).

Excerpts from a digital extraction of the iPhone appear on pages 52 through 117 of the Government's Exhibit 11 and Defendant's Exhibit 11A. S.D.'s testimony and the testimony of Special Agent Kimberly DiPierro establish that these are texts between Defendant (whose messages appear in blue) and S.D. (whose messages appear in grey). These text messages, in connection with the testimony of the government's witnesses, establish that Defendant used the iPhone to commit the offenses of which he was convicted by the jury. In particular, S.D.'s testimony (Tr. Vol. II, ECF No. 319 at PageID.3009–3144) revealed that Defendant communicated with her by sending text messages to her iPhone, which Defendant purchased for her (*id.* at PageID.3016). S.D. used her iPhone to send sexually explicit images that Defendant requested to Defendant's iPhone (and later, his Samsung, described *infra*) and she used her phone to send and receive messages to and from Defendant's iPhone (and later, his Samsung, described *infra*) about engaging in sexual intercourse. The Court also notes that, on page 67 of Exhibit 11, Defendant

texts S.D. from his iPhone to "get in the shower" and she responds with video of sexually explicit conduct, which was separately admitted into evidence as government's Exhibit 20. And, as one obvious example of Defendant using the iPhone to facilitate his violation of § 2422(b), on page 71 of Exhibit 11, Defendant pressures S.D. to engage in sexual intercourse with him and another individual.

After seizure of the iPhone on November 20, 2021 by law enforcement (*see* ECF No. 320 at PageID.3224–3226 (Gilbert testimony)), Defendant acquired the Samsung with factory number R3CT30LK50N (*see* Tr. Vol. I, ECF No. 318 at PageID.2892, 2896 (Detective Dylan Pfingsten trial testimony and admission of government's Exhibit 6); *id.* at PageID.2905 (Defendant conceding during dialogue with the Court that the purpose of his cross-examination of Pfingsten is "not so much whether or not it's my phone"); *id.* at PageID.2922, 2939 (Sergeant Robert Meredith testimony); government's Exhibit 7 (Samsung extraction summary); Government's Exhibit 50 (recording of a jail call in which Defendant tells his interlocutor that law enforcement knows the seized phones belong to him)).

Excerpts from the digital extraction of the Samsung cellphone appear on pages 118 through 143 of the government's Exhibit 11 and Defendant's Exhibit 11A. S.D.'s testimony and the testimony of Special Agent Kimberly DiPierro establish that these are texts between Defendant (whose messages appear in green) and S.D. (whose messages appear in grey). These text messages, in connection with the testimony of the government's witnesses, establish that Defendant used the Samsung to commit the offenses of which he was convicted by the jury. As noted, S.D.'s testimony reveals that Defendant used electronic communications to groom S.D. The Court also notes that on page 120 of Exhibit 11, Defendant pressures S.D. to engage in sexual intercourse with him and another individual. On page 121 of Exhibit 11, Defendant texts S.D. that

he is going to "jump in this shower" and S.D. subsequently sends Defendant a video of sexually explicit conduct, which was separately admitted into evidence as government's Exhibit 21.  On page 125 of Exhibit 11, S.D. sends Defendant a video of sexually explicit conduct that was separately admitted into evidence as government's Exhibit 22.  On page 143 of Exhibit 11, S.D. sends Defendant a video of sexually explicit conduct that was separately admitted into evidence as government's Exhibit 23 (*see also* ECF No. 320 at PageID.3239–3240 (Agent DiPierro testifying that  Defendant and S.D. spoke on the phone three minutes before the video was sent and 30 minutes after)).

In sum, the Court concludes by a preponderance of the evidence that the Samsung cellphone and the iPhone identified in the forfeiture allegations in the Superseding Indictment were used to commit and/or promote or facilitate the commission of the offenses of which Defendant was found guilty.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. §§ 2253 and 2428, because the government demonstrated by a preponderance of the evidence, through the evidence at trial, the requisite nexus between the Samsung cellphone and the iPhone described herein, this property shall be forfeited to the United States.

**IT IS FURTHER ORDERED** that the government shall submit, <u>no later than October 22, 2025</u>, a proposed preliminary order requiring forfeiture of the subject property.

Dated:  August 15, 2025                                                        /s/ Jane M. Beckering
                                                                                             JANE M. BECKERING
                                                                                             United States District Judge